Douglas Pahl, OR Bar No. 950476
DPahl@perkinscoie.com
Matthew Mertens, OR Bar No. 146288
MMertens@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Proposed Counsel for Debtor and Debtor-in-Possession
*15005 NW Cornell LLC*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 19-31883-dwh11 |
|---|---|
| 15005 NW CORNELL LLC, | **DEBTOR'S APPLICATION FOR ORDER TO EMPLOY PERKINS COIE LLP AS ATTORNEYS FOR DEBTOR** |
| Debtor. | |

Debtor and debtor-in-possession 15005 NW Cornell LLC ("***Cornell***" or "***Debtor***"), hereby applies to the Court for an order approving the employment of Perkins Coie LLP ("***Perkins Coie***") as Chapter 11 counsel for Debtor. Debtor makes this Application pursuant to 11 USC § 327, and Federal Rule of Bankruptcy Procedure 2014, and respectfully represents as follows.

1. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1334 and 157. This matter is a core proceeding pursuant to 28 USC § 157(b)(2)(A) and (O). Venue of this proceeding is proper in this District pursuant to 28 USC §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 USC §§ 105(a) and 327.

2. On the date hereof (the "***Petition Date***"), Debtor filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

3.     Debtor continues to operate and manage its business as debtor-in-possession pursuant to 11 USC §§ 1107 and 1108 of the Code.  No trustee or examiner has been requested or appointed in Debtor's case.

4.     Debtor has provided notice of this Application to its 20 largest unsecured creditors, its secured creditor(s), and the Office of the United States Trustee.  No unsecured creditors' committee has been appointed in this case.  Because of the nature of the relief requested, Debtor respectfully submits that no further notice of the relief requested is necessary or required under the circumstances.

5.     Cornell is an Oregon limited liability company that owns as tenant-in-common a fifty-percent interest in approximately 38 acres of unimproved property located at 15005 NW Cornell Road, Beaverton, Oregon (the "Property").  Vahan Dinihanian is the managing member and majority owner of Cornell.  The minority owner is Sonja Dinihanian GST Trust DTS 1/1/11.

6.     The property is currently the subject of a partition action pending in Circuit Court of the State of Oregon for the County of Washington (*15005 NW Cornell, LLC vs Cornell Rd, LLC, et al*., Case No. 18CV17059), involving limited liability companies owned or controlled by Mr. Dinihanian's sister, Lilian Logan, and her children.  Evidence adduced in the partition action indicates the Property holds a value sufficient to pay all Cornell creditors in full.  Prior to the completion of the partition action, however, borrowing against or selling the Property is not feasible.

7.     The Property is also the subject of a nonjudicial foreclosure proceeding initiated by Mr. Dinihanian's former spouse, Tasha Teherani-Ami, pursuant to a deed of trust executed pursuant to the General Judgment of Dissolution of Marriage, dated February 1, 2016, in the Circuit Court of the State of Oregon for the County of Multnomah (*Dinihanian and Dinihanian*, Case No. 1208-68730).  Pursuant to a second deed of trust, Ms. Teherani-Ami initiated second nonjudicial foreclosure proceeding against Mr. Dinihanian's personal residence, resulting in his personal chapter 11 filing.  The deeds of trust were executed to secure a payment by Mr. Diniahanian to Ms. Teherani-Ami in the principal amount of $2.25 million due January 6, 2019.

PAGE  2-    DEBTOR'S APPLICATION FOR ORDER TO EMPLOY PERKINS COIE LLP AS ATTORNEYS FOR DEBTOR

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1    8.    Debtor desires to retain and employ Perkins Coie as counsel in this Chapter 11 Case,

2    pursuant to Section 327 of the Code, to represent Debtor in all aspects of its reorganization, on the terms

3    and subject to the conditions described below.

4    9.    Debtor believes Perkins Coie is well suited for this representation.  Perkins Coie has

5    experience in all aspects of the law that may arise in this Chapter 11 case.  In particular, Perkins Coie has

6    substantial bankruptcy and restructuring, land use, finance, litigation, real estate, and regulatory expertise.

7    10.    Debtor has asked Perkins Coie to advise it on debt restructuring and to render general legal

8    services as needed throughout the course of this Chapter 11 case, including providing bankruptcy and

9    restructuring, finance, land use, litigation, real estate and regulatory advice.  Debtor is informed that

10   Douglas Pahl, the attorney at Perkins Coie primarily involved in this Chapter 11 case, is admitted to

11   practice before the Court and that he has read Local Bankruptcy Rule 2016.

12   11.    The services to be performed by Perkins Coie are necessary for Debtor to perform its duties

13   as debtor-in-possession.  Subject to the control of and further order of the Court, Perkins Coie intends to

14   render the following services to Debtor:

15        a.    Advise Debtor of its rights, powers and duties as debtor and debtor-in-possession

16   continuing to operate and manage its businesses and property under Chapter 11 of the Bankruptcy Code;

17        b.    Take all actions necessary to protect and preserve Debtor's bankruptcy estate,

18   including the prosecution of actions on Debtor's behalf, the defense of any action commenced against

19   Debtor, negotiations concerning all litigation in which Debtor is involved, objections to claims filed

20   against Debtor in this bankruptcy case, and the compromise or settlement of claims;

21        c.    Advise Debtor concerning, and prepare on behalf of Debtor, all necessary

22   applications, motions, memoranda, responses, complaints, answers, orders, notices, reports and other

23   papers, and review all financial and other reports required from Debtor as debtor-in-possession in the

24   administration of this Chapter 11 case;

25        d.    Advise Debtor with respect to, and assist in the negotiation and documentation of,

26   financing agreements, debt and cash collateral orders, and related transactions;

PAGE  3-   DEBTOR'S APPLICATION FOR ORDER TO
           EMPLOY PERKINS COIE LLP AS ATTORNEYS
           FOR DEBTOR
           134541-0001/144465513.4

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1       e.    Review the nature and validity of any liens asserted against Debtor's properties and

2   advise Debtor concerning the enforceability of such liens;

3       f.    Advise Debtor regarding (i) its ability to initiate actions to collect and recover

4   property for the benefit of its estate; (ii) any potential property dispositions; and (iii) executory contract

5   and unexpired lease assumptions, assignments and rejections, and lease restructuring and

6   recharacterizations;

7       g.    Negotiate with creditors concerning a plan of reorganization; prepare the plan of

8   reorganization, disclosure statement and related documents; take the steps necessary to confirm and

9   implement the plan of reorganization, including, if needed, negotiations for financing the plan; and

10      h.    Provide such other legal advice or services as may be required in this Chapter 11

11  case or the general operation and management of Debtor's business.

12      12.    Subject to Court approval, Debtor has agreed to compensate Perkins Coie on an hourly

13  basis in accordance with Perkins Coie's ordinary and customary hourly rates in effect on the date services

14  are rendered. The Perkins Coie professionals who will be primarily responsible for providing these

15  services, their status and their billing rates are as follows:

16

| Attorney Name | Status | Hourly Rate |
|---|---|---|
| Douglas Pahl | Partner | $550 |
| Matthew Mertens | Associate | $430 |
| Kimberly McClure | Paralegal | $270 |

20      13.    From time to time, other Perkins Coie attorneys, paralegals and legal assistants may also

21  render services to Debtor to take advantage of specialized skills or expertise, to meet the demands of the

22  case schedule or for other appropriate reasons. Debtor has agreed that Perkins Coie will also be

23  compensated for the services of these professionals at their usual and customary hourly rates.

24      14.    Perkins Coie will maintain detailed, contemporaneous time records of expenses incurred

25  with the rendering of legal services described above by category and nature of services rendered.

26

PAGE  4-    DEBTOR'S APPLICATION FOR ORDER TO
    EMPLOY PERKINS COIE LLP AS ATTORNEYS
    FOR DEBTOR

134541-0001/144465513.4

Case 19-31883-dwh11   Doc 5   Filed 05/22/19

15. Prior to the petition date, Perkins Coie received from insider Eagle Holdings LLC, for the benefit of Debtor, one retainer payment in the amount of $15,000. Substantially contemporaneously with the filing of the bankruptcy petition, Perkins Coie applied this retainer for prepetition services rendered prior to the Petition Date and the Chapter 11 filing fee, as disclosed on the attached Rule 2014 Verified Statement for Proposed Professional.

16. Within the 12-month period preceding the Petition Date, Perkins Coie provided legal services to the Debtor. The total cost of legal services prior to the filing of the Petition, and payments for those services, are disclosed on the attached Rule 2014 Verified Statement for Proposed Professional.

17. Debtor agrees and understands that Perkins Coie has reserved the right to withdraw as counsel to Debtor, and Debtor hereby consents to such a withdrawal, in the event it becomes apparent Perkins Coie will not be paid for its services. Debtor also recognizes that professional fees and costs incurred by Perkins Coie are subject to approval by the Court after review of fee applications filed by Perkins Coie. In particular, the Perkins Coie engagement letter and the incorporated "Information for Clients," attached hereto as Exhibit 1, contain provisions that although applicable and appropriate outside of a bankruptcy proceeding, may be inconsistent with the Bankruptcy Code and Rules, as well as the local rules and forms of this Court. Debtor recognizes that to the extent terms contained in the Perkins Coie engagement are at odds with the Bankruptcy Code and Rules or the local rules and forms of the Court, or with the determinations of this Court, such provisions will yield.

18. To the best of Debtor's knowledge, the partners and associates of Perkins Coie do not have any connection with the Debtor, its creditors, any other party in interest, or their respective attorneys or accountants, except as stated in the Rule 2014 Verified Statement of Proposed Professional.

19. A proposed Order Authorizing Employment of Perkins Coie LLP as Attorneys for Debtor is attached as Exhibit 2.

For the reasons stated in this Application, Debtor requests the Court enter an order authorizing it to employ Perkins Coie to represent the Debtor in this Chapter 11 case as its attorneys to render legal services as described above, with compensation and reimbursement of expenses to be paid as an

1  administrative expense in such amounts as may be allowed by this Court after notice and hearing pursuant

2  to Section 330 of the Bankruptcy Code or as otherwise provided by Court order.

3  Dated: May 22, 2019

15005 NW CORNELL LLC

4  By: _____

5  Vahan Megar Dinihanian, Jr.

6  Presented by:

7  Dated: May 22, 2019

**PERKINS COIE LLP**

8

9  By: */s/ Douglas R. Pahl*
   Douglas R. Pahl, OSB No. 950476
   DPahl@perkinscoie.com
10  Matthew J. Mertens, OSB No. 146288
   MMertens@perkinscoie.com
11  PERKINS COIE LLP
   1120 N.W. Couch Street, Tenth Floor
12  Portland, OR 97209-4128
   Telephone: 503.727.2000
13  Facsimile: 503.727.2222

14  Proposed Counsel for Debtor and Debtor-in-Possession
15  *15005 NW Cornell LLC*

16

17

18

19

20

21

22

23

24

25

26

PAGE 6-  DEBTOR'S APPLICATION FOR ORDER TO
         EMPLOY PERKINS COIE LLP AS ATTORNEYS
         FOR DEBTOR
         134541-0001/144465513.4

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

# Exhibit 1

Perkins Coie
Engagement Letter and
"Information for
Clients"

**PERKINS**coie

1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

**T** +1.503.727.2000
**F** +1.503.727.2222
PerkinsCoie.com

May 20, 2019

**Douglas R. Pahl**
DPahl@perkinscoie.com
D.  +503.727.2087
F.  +503.346.2087

**VIA E-MAIL**

Mr. Vahan Megar Dinihanian, Jr.
15005 NW Cornell LLC
Vahan Dinihanian, Jr.
237 NW Skyline Blvd.
Portland, OR 97210
vahan237@gmail.com

**Re:     Legal Representation**

Dear Mr. Dinihanian:

We are delighted that 15005 NW Cornell LLC ("Cornell," "you" or "your") has selected
Perkins Coie LLP as legal counsel in connection with restructuring and bankruptcy issues.  This
letter describes the scope and terms of our engagement.  Although this letter addresses the
formalities of our engagement, we want you to know how honored we are that you have placed
your trust in us.

Perkins Coie will represent you in connection with Cornell's restructuring, including its
bankruptcy proceedings.  This letter, as well as the orders and rules of the U.S. Bankruptcy Court
(the Court"), will apply to our continued representation of you before the Court and any
additional matters that we undertake at your request, unless otherwise specified in a separate
engagement letter addressing that matter.

Unless other arrangements are made, the principal factors in determining our fees will be the
time and effort devoted to the matter and the hourly rates of the lawyers and paralegals involved,
subject to the review and approval of the Court.  I will have primary oversight for Perkins Coie's
representation of Cornell, but we assign other firm lawyers and paralegals when necessary,
beneficial or cost-effective and when desirable to meet the time constraints of the matter.  My
current hourly rate for this initial matter is $550.00.  Our hourly rates range from $855.00 per
hour for our most experienced partners to $295.00 for our most junior associates and $160.00 to
$285.00 for paralegals, depending on their experience levels.  These rates are adjusted at least
annually, usually on January 1.  Services performed after the effective date of the new rates will
be charged at the new applicable rates.  We normally issue invoices for our fees and
disbursements on a monthly basis, although payment will be subject to review and approval by
the Court.  These invoices include detail that most of our clients find sufficient, but please let me
know at any time if more detailed information is needed on our invoices.  Please also refer to the

enclosed Information for Clients for specifics regarding fees, disbursements, billing, payment, and termination of our representation should payment not be made or other circumstances warrant.  These requirements will yield to the extent they conflict with any applicable rules and practices of the Court.

You paid us a retainer of $15,000 on May 14, 2019, to secure initial payment of our bills.  This money will be put into a trust account and held until just prior to the filing of the bankruptcy petition, at which time it will be drawn down to cover outstanding fees and costs incurred by that time.  If our relationship concludes, we will return the excess funds from the retainer to you after payment of all charges.  Following the bankruptcy filing, our compensation will be subject to the review and approval of the bankruptcy court and Office of the United States Trustee and the rules applicable to such proceedings.

As I am sure you understand, the restructuring proceedings in which you ask us to represent Cornell are unpredictable and involve the risk of adverse consequences for you.  We cannot guarantee the outcome of any proceeding.  We may, however, express opinions or beliefs reflecting our professional judgment concerning the proceedings or various courses of action and the results that might be anticipated.  Because a substantial number of variables (principally, the approach of your opponents) can drive the cost of your legal representation, it is impossible to estimate with any certainty what the total charges may come to for any proceeding we undertake on your behalf.  Your obligation to pay our fees and costs is not contingent on the outcome of the matter.

To enable us to represent you effectively, you agree to cooperate fully with us in all matters related to your case and to fully and accurately disclose to us all facts and documents that may be relevant to the matter or that we may otherwise request.  You will also make yourself reasonably available to attend meetings, discovery proceedings and conferences, hearings and other proceedings.

We understand that you have authorized us to take all actions that we think necessary or advisable on your behalf in connection with any matter you have asked us to handle.  We will not, however, either make or accept any settlement proposals on your behalf without first discussing the matter with you and receiving specific authority from you.

Our representation of Cornell does not include acting as counsel for any entity in which Cornell holds equity or any subsidiary, affiliate, equity-holder, employee, family member or other person (collectively, "Affiliates"), unless such additional representation is separately and clearly undertaken by us.  If in the future we and Cornell mutually agree to expand our representation of Cornell to include any of Cornell's Affiliates, it is agreed that the terms, conditions and consents contained herein will apply to such representation(s).

Perkins Coie represents many other companies, individuals and government agencies ("clients"). During the time we are representing Cornell we may be asked to represent:

>     (1)     other present or future clients in transactions, litigation or other disputes directly adverse to Cornell that are not substantially related to our representation of Cornell; and/or

>     (2)     parties who are considered directly adverse parties in matters we handle for Cornell.  Our work for these directly adverse parties would be in matters that are not substantially related to our work for Cornell; and/or

>     (3)     Cornell in future transactions, litigation or other disputes directly adverse to other firm clients in matters not substantially related to our work for the other firm clients.

We request Cornell's consent to allow Perkins Coie to undertake such future representations without the need to obtain any further or separate approval from Cornell, as long as those representations described in (1) and (2) above are not substantially related to work Perkins Coie has done, or is doing, for Cornell.  Your signature below constitutes Cornell's consent to such representations.  Continuation of this waiver may be subject to subsequent approval by the Court. We agree not to use any proprietary or other confidential nonpublic information concerning Cornell acquired by us as a result of our representation of Cornell in connection with any litigation or other matter in which we represent a party directly adverse to Cornell.

Perkins Coie may need to consult with or secure consent from its other current or prospective clients who are or may become adverse to you in order to clear or address actual or potential conflicts of interest.  You agree and consent that to the extent it is reasonably necessary in such communications, Perkins Coie may disclose to each such current or prospective client the fact that Perkins Coie has or has had an attorney-client relationship with you.

During our representation of Cornell, there may be issues that raise questions about our duties under the rules of professional conduct that apply to lawyers.  These might include, e.g., conflict of interest issues, and could even include issues raised because of a dispute between us and a client over the handling of a matter.  Normally when such issues arise we would seek the advice of our Professional Standards Counsel, Loss Prevention partners or Professional Standards Conflicts Attorneys who are experts in such matters.  Consistent with the rulings of courts in many jurisdictions, we consider such consultations to be attorney-client privileged conversations between firm personnel and counsel for the firm.  However, such issues may involve a duty to disclose to the Court.  There have also been judicial decisions indicating that under some circumstances such conversations involve a conflict of interest between the client and Perkins Coie and that our consultation with Perkins Coie's counsel may not be privileged, unless

we either withdraw from the representation of the client or obtain the client's consent to consult on a privileged basis with Perkins Coie's counsel.

We believe that it is in our clients' interests, as well as ours, that in the event legal ethics or professional responsibility issues arise during a representation, we receive expert analysis. Accordingly, as part of our agreement concerning our representation of Cornell, you agree that if we determine in our own discretion during the representation that it is appropriate to consult with our firm counsel (either Perkins Coie's internal counsel or, if we choose, outside counsel) we have your consent to do so on a privileged basis despite any alleged conflict of interest, subject of course to any disclosure obligations we may have to the Court. You further agree that our continuing to represent you at the time of such consultation shall not thereby waive or otherwise limit any attorney-client privilege that Perkins Coie has regarding the confidentiality of our communications with our own in-firm or outside counsel. The costs associated with such legal counsel for Perkins Coie will be paid solely by Perkins Coie and will not be charged to you in any way.

The Oregon Rules of Professional Conduct require us to recommend that you seek independent counsel in determining whether the consent described above should be given.

This letter, along with the enclosed Information for Clients, confirms the terms and conditions under which Perkins Coie LLP will provide legal services to you, subject to the rules and orders of the Court. Unless otherwise agreed in writing, the terms of this letter and the enclosed Information for Clients will also apply to any additional matters that we undertake at your request, also subject to the rules and orders of the Court. If you agree that this letter correctly describes the terms of our engagement, please sign and date a copy of this letter and return it to me. Should you have any questions about this letter, our services or fees, or if you have any other concerns, please call me at any time. We look forward to working with you and are gratified by your confidence in Perkins Coie.

Sincerely,

Douglas R. Pahl

DRP:nkl

Enclosures:     Information for Clients

Perkins Coie IRS Form W-9

Mr. Vahan Megar Dinihanian, Jr.
May 20, 2019
Page 5


ACCEPTED AND AGREED:

15005 NW CORNELL LLC

By: _Vahan M Dinihanian_

Print Name: _Vahan M Dinihanian Jr._

Its: _Member_

Date: _05/21/19_

134541-0001/LEGAL144417084.2
Perkins Coie LLP

# Information for Clients

Perkins Coie LLP is pleased to serve you. The following information explains the terms that apply to our engagements (except to the extent that you have reached a different written understanding with us about particular terms) for legal services provided by Perkins Coie LLP. No changes or additions to these terms will be binding unless confirmed in writing sent by us or signed by us. We encourage you to discuss this information with our lawyers at the inception of a matter and whenever you have questions during the course of that matter. Section headings are for convenience of reference only and not intended to affect the interpretation of the provisions of such sections.

**Personnel.** We generally assign one lawyer primary responsibility for seeing that your requests for legal services are met, but additional lawyers, paralegals and technology professionals may assist in rendering the most appropriate and efficient legal services. We attempt to assign personnel to each matter based on the nature and scope of the issues raised by the matter and our lawyers' experience and expertise.

**Basis for Fees.** We charge for legal services rendered by our firm at applicable hourly rates. Each attorney, paralegal, and other timekeeper records time at assigned billing rates. Because hourly rates vary among personnel, each statement typically reflects a composite of several hourly rates. Those rates are reviewed periodically and change at least annually (usually on January 1) based on economic factors and the changing experience levels of our personnel. Services performed after the effective date of the new rates will be charged at the new rates.

**Disbursements and Other Charges.** In the course of performing legal services for you, various services may be provided by third parties. Examples include messenger and courier charges, filing and recording fees, foreign agent fees, court reporters and transcript costs, expert and other witness fees, discovery vendor costs, charges for outside consultants and research services, and travel expenses. You are responsible for these third-party charges, and we reserve the right to forward their invoices directly to you for payment. For administrative ease, however, we may advance payment to the third-party provider and include the charge on our invoice to you, with no markup for handling. We will retain and not allocate to clients relatively insignificant discounts we receive for prompt payment or volume usage. For patent, trademark and other matters that may involve significant third-party payments, you may be required to maintain a minimum balance in a trust account to fund such payments. You will be advised of any such requirements, and we will not be obligated to request or pay for third-party services not fully covered by such deposits.

We will also charge you for certain internal services we provide in connection with our legal services. As noted below, because we both invest in specialized equipment and commit to long-term contracts with computer research vendors (such as Westlaw) and other vendors, we achieve savings in exchange for guaranteed payment, usage or other obligations undertaken at our risk. This allows us to charge our clients for certain services at rates discounted below standard rates. However, the payments we receive from clients for these services may exceed our total payments to the vendors. This excess is used to partially offset the costs we incur for related equipment and personnel and the risks we assume in entering these contracts.

We currently charge specific internal costs in the following manner:

      1.   **Photocopying, Printing, and Facsimile.** In our U.S. offices, clients are charged ten cents per page for photocopying. These charges are higher in our non-U.S. offices. We do not charge for facsimiles sent or received.

      2.   **Computer Research.** There is no extra charge to clients for our use of the firm's internal work product retrieval system. Clients are charged for computer-assisted research from outside services, other than many Westlaw Services, at the vendors' standard rates. For many services from Westlaw, our primary outside computer-research source, we are able to charge clients just 37% of Westlaw's standard rates as of 2016 because we committed to a long-term contract with monthly minimum payments. We may occasionally be able to pass along other discounted rates for computer-assisted research from outside sources when we can negotiate volume discounts.

Case 19-31883-dwh11    Doc 5    Filed 05/22/19

3. **Telecommunications.** We do not charge for local or long-distance calls or for any email communications. Credit card and cell phone calls necessitated by work on your matters are charged at our actual cost.

4. **Mail/Messengers.** In our larger offices, we may use firm messengers whenever appropriate to shorten delivery times and offer greater flexibility. Charges for such internal messengers are equal to or below rates charged by outside messengers for similar services. We do not charge for regular mail. Bulk mailings, packages, overnight deliveries, and special postal services are charged at our actual cost.

5. **Overtime.** Clients are charged for staff overtime, meals, and transportation only when (a) the client specifically requests after-hours effort or (b) the nature of the work necessitates overtime and such work could not have been done during normal work hours.

6. **Discovery Services and Database Hosting.** Certain matters, particularly large-scale litigation, may require certain discovery and ancillary support services such as data processing, data hosting and certain software solutions that you instruct us to use. In some instances we may be able to reduce costs by contracting with vendors, including discovery and data storage vendors on whose servers and other media your information may be stored, to purchase a quantity of service over time that is beyond the needs of a single client. Because these services require us to incur management and other overhead expenses, we may bill you at a reduced per-unit rate that does not fully reflect the quantity of discounts we ultimately obtain.

**Invoices and Payment.** We typically bill monthly, and payment is due upon receipt of the invoice. Payment of an invoice will reflect your agreement to the amount charged on that invoice, and you must bring any misbilling or other charge that you believe is inappropriate to our attention within 45 days of presentation of the invoice. To the fullest extent permitted by law, you agree that we have an attorneys' lien (including, without limitation, in the results of our services) to secure payment of the obligations owed us and that we may take steps to inform others of any attorneys' lien rights we might have. For accounts not paid within 30 days of the invoice date, we add a late payment charge of 1% per month (or such lower rate as required by applicable law) on unpaid balances from the invoice date. Unless otherwise agreed upon, we may apply payments first to our own attorneys' fees and costs of collection, second to our late charges, third to our invoiced fees, and finally to our invoiced disbursement charges. Our election not to exercise any rights or not to require punctual performance of each provision of this agreement will not be construed as a waiver or relinquishment of our rights. We do not and cannot guarantee the outcome of any matter or particular results, and payment of our fees and disbursements is not conditioned on any particular outcome. If we are required to bring an action or proceeding to collect fees or disbursements due us, we will also be entitled to recover certain fees and costs. These include, but are not limited to, our own outside attorneys' fees, expert witness fees, other costs of collection billed to us, and the value of legal services Perkins Coie's own attorneys perform in analyzing or prosecuting a collection action if such circumstances arise on your account. You consent to venue and jurisdiction wherever we have an office with attorneys who worked on your behalf. Also, if we are required to testify, produce documents, or respond to other requests in connection with litigation or other proceedings commenced by third parties that relate to our representation of you, you will pay us our reasonable fees and costs incurred in connection with such activities. For matters handled by our New York lawyers, the client may have a right to arbitrate fee disputes under Part 137 of the Rules of the Chief Administrator of the New York Supreme Court, Appellate Division.

**E-billing Set-Up.** We understand that our clients often use e-billing services. In many instances, those e-billing services electronically send our clients' Outside Counsel Guidelines as part of the procedure to set up the account. Acceptance of Outside Counsel Guidelines by our finance/billing personnel through e-billing services set-up is to facilitate invoicing. To the extent that there may be provisions within those guidelines that conflict with this engagement letter or the Information for Clients attachment, this engagement letter and attachment will control unless we otherwise mutually agree in writing.

**Insurance Coverage.** You may have insurance policies relating to a matter for which you engage us that might cover, among other things, reimbursement of attorneys' fees and costs. If coverage is potentially available, including coverage for our fees and costs, your appropriate insurance company must be notified as soon as possible. We can advise you on the availability of insurance coverage only if you expressly and timely request that we do so, we do

not have a conflict of interest, and we agree to undertake such additional work.  You would then need to furnish us copies of all relevant insurance policies and related documents.  Regardless whether, when, and to what the extent insurance coverage might be available to reimburse all or a portion of our fees and costs, you nevertheless remain primarily obligated for amounts owed us, including any late charges that accrue during any delay in payment by others.

**Advance Payments and Estimates.**  We may require advance payments before working or continuing work on a matter.  Of course, the amount of work we are called upon to perform may subsequently exceed our prior expectations.  Regardless of whether you make an advance payment, you agree that any budget, estimate, or similar range for potential charges is nothing more than a forecast based on then-current assumptions, and any such forecast may be high or low due to changed or unforeseen circumstances.  We reserve the right, as a condition of providing additional services, to require an increase in any advance payment.

**Legal Service Provider.**  We provide strictly legal services to you in connection with this agreement.  You are not relying on us for any services other than legal services, and we are specifically not providing any business, investment, insurance, or accounting advice or any investigation of the character or credit of persons with whom you may be dealing.

**Identity of Client.**  You confirm that we are being engaged by you and not any of your subsidiaries, affiliates, equityholders, employees, members of your family, or other persons (collectively, "Affiliates"), unless we separately and explicitly undertake such representation.  You also expressly confirm that, as our representation is limited to you and does not include acting as counsel for your Affiliates, we may represent other clients adverse to your Affiliates without disclosing those matters to you or obtaining your consent.  If in the future we agreed to expand our representation of you to include one or more of your Affiliates, you, and Affiliate(s), agree that the terms, conditions and consents contained in our engagement letter with you will apply to such representation(s).

**Conflicts of Interest.**  We have performed a search of our other clients to determine whether representing you might create a potential conflict of interest with any other clients.  That check was done using your name and any other names you gave us.  Please inform us immediately if you use other names or have affiliated companies that we should enter into our conflicts system.

**Cooperation/Reliance on Accurate Information.**  To enable us to represent you effectively, you will cooperate fully with us in your matter(s).  You and your agents will fully and accurately disclose to us all facts and documents that may be relevant to a matter we undertake or which we may otherwise request.  This information will form the basis of our legal advice.

**Email Communication Disclaimer.**  Many of our legal professionals receive hundreds of email messages per day (in addition to spam).  Although email is an efficient method for many communications, it can also be delayed in transit or otherwise missed (e.g., blocked by our anti-spam software).  If you have not received a response or acknowledgement of receipt of an email, please notify the intended recipient.

**Termination of Services.**  We retain the right to cease performing legal services and to terminate our legal representation for any reason consistent with ethical rules, including conflicts of interest or your failure to pay our legal fees and expenses when due.  Our representation in any matter will also cease on completion of our work on that matter unless you ask us to perform additional work that we agree to undertake.  Performing additional services for you on the same or any other matter is subject to these terms and conditions, our mutual concurrence and clearance of conflicts, if any.  We are unable to assure you that matters for other clients will not conflict us out of additional matters you might later ask us to undertake.  On completion of a matter, we may close our files and, absent a specific written undertaking to do so, will not thereafter be obligated to docket milestones, make additional or continuation filings, pursue appeals, take other steps on your behalf on the matter, or monitor or advise you with respect to changes in the law or circumstances that might bear upon or adversely affect the completed matter.  If you wish to have us return material from your files after the conclusion of a particular matter, we will provide you such material at your request and expense.  Some of our practice groups consider our electronic records to be the official client file.  Thus, requests for copies of client files may be provided in electronic form only.  We will have no

obligation to retain client files more than one year after the conclusion of a particular matter or our representation. Our representation of you will be deemed concluded at the time that we have rendered our final bill for services on the matter described in our engagement letter or any such additional matters that are clearly undertaken by us. Whether we will undertake any further matters and form an attorney-client relationship again will depend upon your request, our performance of a conflicts check and our expression to you of our willingness to accept any further matters.

**Alliances/Other Counsel.** Many of our clients also have international or other legal needs we cannot fulfill. This causes us from time to time to establish ongoing working relationships or strategic alliances with law firms in other jurisdictions. While our close relationships with our legal colleagues at these firms have helped us provide coordinated representation for many of our clients, these firms (and other firms we may recommend to our clients) are separate from and independent of Perkins Coie. We do not share personnel or fees, do not have common operations beyond occasional joint seminars and presentations, and must check any other firm's conflicts of interest before that firm's lawyers may jointly represent any of our clients. Under rules in certain jurisdictions where we practice, we must advise you that you may consult independent counsel to advise you regarding these documents governing our relationship, and we encourage you to do so if you like. Also, you retain the right to consult with independent counsel at any time while we represent you. However, we are not responsible for any advice an independent counsel may give you, and such consultation will be entirely at your expense.

**Questions.** We endeavor to deliver legal services effectively and efficiently and to render accurate and understandable billings. Please direct any questions about services or billing practices to your client service lawyer. Questions regarding the billing or payment status of your account may also be directed to the Client Accounting Department in our Seattle office at 1-800-261-3143 (206-359-3143 in the Seattle area).

| Form **W-9** | **Request for Taxpayer** | **Give Form to the** |
|---|---|---|
| (Rev. October 2018) | **Identification Number and Certification** | **requester. Do not** |
| Department of the Treasury Internal Revenue Service | ► Go to *www.irs.gov/FormW9* for instructions and the latest information. | **send to the IRS.** |

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

**PERKINS COIE LLP**

**2** Business name/disregarded entity name, if different from above

**SAME AS ABOVE**

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC  ☐ C Corporation  ☐ S Corporation  ☑ Partnership  ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ► _____

Note: Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is not disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ►

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any)  **N/A**

Exemption from FATCA reporting code (if any)  **N/A**

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

**PO BOX 24643**

**6** City, state, and ZIP code

**SEATTLE, WA 98124**

Requester's name and address (optional)

**7** List account number(s) here (optional)

---

### Part I — Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

Note: If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

**Social security number**
| | | – | | | – | | | | |

**or**

**Employer identification number**
| 9 | 1 | – | 0 | 5 | 9 | 1 | 2 | 0 | 6 |

---

### Part II — Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

| Sign Here | Signature of U.S. person ► *[signature]* | Date ► 1/23/19 |
|---|---|---|

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9.*

### Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See* What is backup withholding, *later.*

Cat. No. 10231X

Form **W-9** (Rev. 10-2018)

134541-0001/LEGAL144417084.2

# Exhibit 2

Proposed Order Authorizing Employment of Perkins Coie LLP as Attorneys for Debtor

```
1
2
3
4
5
6
7
8
9
10                    UNITED STATES BANKRUPTCY COURT
11                      FOR THE DISTRICT OF OREGON
12   In re
                                          Case No. 19-31883-tmb11
13   15005 NW CORNELL LLC,
                                          ORDER AUTHORIZING
14              Debtor.                    EMPLOYMENT OF PERKINS COIE
                                          LLP AS ATTORNEYS FOR DEBTOR
15
16
17          THIS MATTER having come before the Court for a hearing on the application (the "*Application*")

18   of 15005 NW Cornell LLC, debtor and debtor-in-possession ("*Debtor*"), for an Order to Employ Perkins

19   Coie LLP as attorneys for Debtor; the Court having reviewed the Application and accompanying

20   statement, and being otherwise duly advised; now, therefore,

21          IT IS HEREBY ORDERED that the Application is approved and Debtor be and hereby is

22   authorized to employ the law firm of Perkins Coie LLP as general counsel in all matters arising in or

23   related to this proceeding as of the Petition Date, and is further authorized to pay said attorneys a

24   reasonable fee for their services upon application and order of the Court.

25                                        ###

26
```

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

134541-0001/144465513.4

1

Presented By:

2

**PERKINS COIE LLP**

3

By: */s/ Douglas R. Pahl*

4    Douglas R. Pahl, OSB No. 950476
     DPahl@perkinscoie.com
5    Matthew J. Mertens, OSB No. 146288
     MMertens@perkinscoie.com
6    PERKINS COIE LLP
     1120 N.W. Couch Street, Tenth Floor
7    Portland, OR  97209-4128
     Telephone:  503.727.2000
8    Facsimile:  503.727.2222

9    Proposed Counsel for Debtor and Debtor-in-
     Possession
10   *15005 NW Cornell LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# Rule 2014 Verified Statement for Proposed Professional

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                      )
**15005 NW CORNELL LLC**    )  Case No.   **19-31883-tmb11**
                       )
                       )  RULE 2014 VERIFIED STATEMENT
Debtor(s)            )  FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

   **None. All prepetition services have been paid for or written off.**

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

   **See attached, Part 13.**

1114 (11/30/09)    Page 1 of 3

14.  The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15.  Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

**Perkins Coie received $15,000 from affiliate Eagle Holdings LLC on behalf of Debtor on 05/14/2019, which was deposited into Perkins Coie's trust account on 05/17/2019. Perkins Coie drew down the $15,000 retainer by $11,502 to advise the debtor in bankruptcy matters and to prepare the petition, schedules, application and other documents. That amount also includes the bankruptcy filing fee in the amount of $1,717. The balance that will remain in trust is $3,498.**

16.  The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

**Vahan Megar Dinihanian, Jr.  - Member**

**Eagle Holdings LLC - Affiliate**

17.  The applicant is not an affiliate of the debtor.

18.  Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

**N/A**

19.  The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20.  List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

**Vahan Megar Dinihanian, Jr. 05/21/2019, District of Oregon, Case No. 19-31886**

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

**Vahan Megar Dinihanian, Jr.**

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

**Vahan Megar Dinihanian, Jr.**

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

**Deed of Trust dated January 6, 2019 to secure the personal debt of Vahan Megar Dinihanian, Jr. in the amount of $2,250,000. Beneficiary is Tasha Teherani-Ami formerly Tasha L. Dinihanian.**

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

**Vahan Megar Dinihanian, Jr.**

I verify that the above statements are true to the extent of my present knowledge and belief.

**Douglas Pahl, Perkins Coie LLP**
Applicant

1114 (11/30/09)     Page 3 of 3

**Attachment to**
**Rule 2014 Verified Statement for Proposed Professional**

Case No. 19-31883 (15005 NW Cornell LLC)

**Part 13 - Connections**

Douglas R. Pahl, Commercial Litigation Partner in Perkins Coie's (the "***Firm***") Portland office, and lead attorney in this case, sits on the USDCHS Board with Judge Peter McKittrick and clerk Stephen Raher.

Stephen Raher, law clerk to Judge Trish M. Brown, was an associate at Perkins Coie in the bankruptcy group in the Portland office from 2011 to 2014.

Kara E. Tatman, Corporate Partner in the Firm's Portland office, clerked with Judge Michael W. Mosmon from 2009 - 2010 and sat on the USDCHS Board with Judge Trish M. Brown from 2012 to 2013.

Matthew J. Mertens, Commercial Litigation Associate in the Firm's Portland office, clerked for Judge Perris (now retired) from 2013 to 2014.

Karen L. Weir, Senior Manager - Procurement in the Firm's Seattle office, worked as Judge David W. Hercher's assistant when he was at Miller Nash in Seattle from 1993 to 1997.

144471780.1