Below is an order of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**15005 NW Cornell LLC; and**<br>**Vahan M. Dinihanian, Jr.,**<br><br>Debtors. | Bankruptcy Case Nos.:<br><br>19-31883-dwh11 (Lead Case)<br><br>19-31886-dwh11<br><br>ORDER ON MOTION FOR RELIEF FROM STAY |

Based on the record of the August 19, 2019, and August 23, 2019, hearings on the Motion for Relief from Stay [76], the court

ORDERS as follows:

1. The court modifies the automatic stay of 11 U.S.C. § 362(a) as follows:

(a) 15005 NW Cornell LLC and Vahan M. Dinihanian, Jr. (the debtors) and the other parties to Washington County Circuit Court case no. 18CV17059 (the parties) may request or oppose—

(1) entry of findings of facts, conclusions of law, and a general judgment

(i) determining whether to order partition in kind of the real property subject to that

Page 1 – ORDER ON MOTION FOR RELIEF FROM STAY

action and (ii) ordering implementation of the judgment, including appointment of referees to apply for land-use approvals and determine partition lines, but not recording any deed; and

   (2) determination of, and entry of a supplemental judgment reflecting, the parties' entitlement to attorney fees accrued before May 21, 2019; and

 (b) The parties may prosecute or defend any appeals of or postjudgment proceedings related to subparagraphs 1(a)(1) and (2).

 2. Except as described in paragraph 1, the automatic stay remains in effect. All other activities by the parties after May 21, 2019, remain subject to the stay until further order of this court, including but not limited to—

 (a) collection of any money judgment against the debtors;

 (b) any act, including the recordation of any deed, that would effect a change in title to property of the bankruptcy estates; and

 (c) assertion of any new claims, or intervention or joinder of any party for the purpose of asserting claims, against the debtors or respecting property of the bankruptcy estates.

 3. This order does not authorize debtors to employ or compensate professional persons, including attorneys, without complying with applicable bankruptcy law, including 11 U.S.C. §§ 327 through 331 and Federal Rules of Bankruptcy Procedure (Bankruptcy Rules) 2014 and 2016. Nor does it authorize debtors to use, sell, or lease any property, including the real property subject to the circuit-court action, without complying with applicable bankruptcy law, including 11 U.S.C. § 363 and Bankruptcy Rules 2002 and 6004.

4. Paragraphs 1 through 3 of this order will become effective on October 7, 2019. For avoidance of doubt, the stay of Bankruptcy Rule 4001(a)(3) does not further postpone the effectiveness of this order.

###