Douglas Pahl, OR Bar No. 950476
DPahl@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Counsel for Debtor and Debtor-in-Possession
*15005 NW Cornell LLC*

Nicholas J. Henderson, OSB No. 074027
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Counsel for Debtor and Debtor-in-Possession
*Vahan M. Dinihanian, Jr*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Bankruptcy Case Nos.: |
|---|---|
| 15005 NW CORNELL LLC, and | 19-31883-dwh11 (Lead Case) |
| VAHAN M. DINIHANIAN, JR. | 19-31886-dwh11 |
| Debtors.[1] | Jointly Administered Under Case No. 19-31883-dwh11 |
| | **DEBTORS' OPPOSITION TO MOTION BY TASHA TEHERANI-AMI, IN HER CAPACITY AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 1/1/11, TO DISMISS THE BANKRUPTCY ASE FOR LACK OF AUTHORITY TO FILE AND FOR CAUSE** |

Debtor and debtor-in-possession 15005 NW Cornell LLC and Vahan M. Dinihanian Jr. ("Mr. Dinihanian") (together, the "*Debtors*") hereby respectfully oppose the motion filed by Tasha Teherani-

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 15005 NW Cornell LLC (5523) and Vahan M. Dinihanian, Jr. (0871).

PAGE 1- CORNELL'S OPPOSITION TO TASHA TEHERANI-AMI'S MOTION TO DISMISS BANKRUPTCY CASE

145816220.1

PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11    Doc 154    Filed 10/03/19

Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11 (the "*Trust*"), to dismiss Cornell's bankruptcy case for lack of authority and for cause (the "*Motion*"). In support of their opposition (the "*Opposition*"), the Debtors maintain that Cornell's Operating Agreement expressly authorized Mr. Dinihanian, as Manager of Cornell, to file a voluntary Chapter 11 petition on the company's behalf. The Debtors further maintain that the Trust has failed to demonstrate that cause exists to support dismissal of the Cornell bankruptcy proceeding. For these reasons, and as more fully set forth herein, the Debtors respectfully request that the Court deny the Trust's Motion.

## I. INTRODUCTION

The Trust's Motion raises two arguments to support its request for dismissal of Cornell's case: (1) Mr. Dinihanian lacked authority to file Cornell's petition; and (2) the petition should be dismissed "for cause" because it was filed in bad faith. The Trust's first argument has been waived and therefore fails as a matter of law pursuant to Local Bankruptcy Rule 1002-1, which requires that the Motion be brought within 14 days after the Debtors' meeting of creditors is completed. The Trust's Motion was filed almost three months late. Even if the Motion was timely filed, the argument is belied by the terms of the Operating Agreement, which vests in Mr. Dinihanian, as the Manager of the manager-managed LLC, the authority to file the petition on Cornell's behalf without obtaining member consent.

The Trust's second argument is equally unpersuasive. The Trust muddies the waters between filing a chapter 11 petition and proposing a plan in good faith, which are two legally distinct standards. And yet, in doing so, the Trust falls well short of providing evidence of "bad faith" in *filing* Cornell's chapter 11 case. Cornell has a general right to amend its petition, schedules or statement of financial affairs as a matter of course at any time before the case is closed, and it has exercised that right when appropriate. Fed. R. Bankr. P. 1009(a). Cornell also has a right to a "'breathing spell' from [its] creditors and to stop 'all collections efforts, all harassment, and all foreclosure actions.'" *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 555-56 (Bankr. C.D. Cal. 2004) (internal citations omitted). Exercising these rights -- either by amending filings or delaying enforcement action by the

PAGE 2- CORNELL'S OPPOSITION TO TASHA TEHERANI-AMI'S MOTION TO DISMISS BANKRUPTCY CASE

145816220.1

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11    Doc 154    Filed 10/03/19

Trust -- is not tantamount to a finding of bad faith in filing Cornell's chapter 11 petition. Accordingly, Cornell respectfully requests that the Motion be denied in its entirety.

## II. ARGUMENT

### A. The Trust Has Waived its Right to Object to Mr. Dinihanian's Authority to File Cornell's Petition Pursuant to Local Bankruptcy Rule 1002-1.

The Trust asserts that Cornell's petition was filed without authority. The motion is untimely and has been waived. Accordingly, the Court need not consider the Trust's arguments regarding its own membership stake in Cornell, or Mr. Dinihanian's role within the company. Local Bankruptcy Rule 1002-1 provides,

> Any objection to the filing of a voluntary petition based on the debtor's lack of authority to file the petition ***must be*** made by a motion filed no later than 14 days after the date the meeting of creditors is completed. Failure to object timely ***will be deemed*** a waiver of the objection.

*Id.* (emphasis added). Debtors' meeting of creditors held under 11 U.S.C. § 341(a) concluded on June 20, 2019. *See* Dkt. No. 42. The Trust's Motion was filed on September 24, 2019 -- **96 days** later. Cornell's petition therefore may not be challenged as a matter of law for lack of authority.

### B. The Operating Agreement Authorized Mr. Dinihanian, as Manager of Cornell, to File for Bankruptcy Protection.

Even if the Trust had timely filed its Motion, the Trust seeks dismissal of Cornell's case on flawed legal grounds. The Trust erroneously contends that Mr. Dinihanian did not have the authority to file Cornell's voluntary Chapter 11 bankruptcy petition. According to the Trust, Cornell's petition is invalid unless (i) Mr. Dinihanian successfully moves to amend the petition *nunc pro tunc* to the Petition Date to change his signature to that of Manager of Cornell, and (ii) Debtors can demonstrate that the Trust was not a member of Cornell when the petition was filed. *See* Motion, pp. 14-24. However, neither prerequisite conceived by the Trust must be met.

PAGE 3- CORNELL'S OPPOSITION TO TASHA TEHERANI-AMI'S MOTION TO DISMISS BANKRUPTCY CASE

145816220.1

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11 Doc 154 Filed 10/03/19

### 1. Cornell Has a General Right to Amend Under Federal Rule of Bankruptcy Procedure 1009.

Federal Rule of Bankruptcy Procedure 1009(a) states:

> *General Right to Amend.* ***A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed***. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to the entities designated by the court.

*Id.* (emphasis added). While the Trust would be required to file a motion to compel Cornell to amend its petition, list, schedule, or statement, the same is not true of Cornell. Cornell can amend as a matter of course at any time before its bankruptcy case is closed. To that end, as of the filing of this Opposition, Cornell has exercised its right to amend the petition to reflect that Mr. Dinihanian is the Manager of Cornell. It has also amended the schedules to reflect that Eagle Holdings LLC (of which Mr. Dinihanian is the sole Member) and the Trust each hold a 50% membership interest in Cornell.

### 2. Cornell's Operating Agreement Vested Mr. Dinihanian With Broad Authority to File the Voluntary Petition.

The Trust's membership interest in Cornell does not improve its lack of authority contention. The Trust ignores key provisions in the Operating Agreement that vest Mr. Dinihanian with ample authority to file the Cornell petition. It is true that Section 6.5 states that Cornell's Manager may not knowingly do any act without the Members' consent if consent is required by the Operating Agreement or the Act.[2] Yet the Trust fails to mention Section 5.1, under which consent of Members is not required. Section 5.1 provides, in relevant part, "***The Members delegate to the Manager all authority of every nature and kind to manage, deal with or make decisions for or on behalf of the Company that would otherwise be vested in the Members under the Act***." *See* Motion, Ex. 4, p. 4 (emphasis added).

---

[2] All references to the "Act" herein refer to the Oregon Limited Liability Company Act as set forth in Chapter 63 of the Oregon Revised Statutes.

PAGE 4- CORNELL'S OPPOSITION TO TASHA TEHERANI-AMI'S MOTION TO DISMISS BANKRUPTCY CASE

145816220.1

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11    Doc 154    Filed 10/03/19

As explicitly permitted by Section 63.130 of the Act, the Operating Agreement "otherwise provide[s]" that Member consent is not required, for example, for the Manager to convert the limited liability company into any other type of entity, as the Trust argues occurred upon the creation of Cornell as a debtor-in-possession. Nor is it required for any other action that would otherwise require the consent of the Members under the Act.

The Trust's arguments are defeated by yet another provision of the Operating Agreement. After appointing Mr. Dinihanian to serve as the Manager of Cornell pursuant to Section 6.1, the Operating Agreement, at Section 6.4(f), authorizes Mr. Dinihanian to, among other stated duties, "[i]nstitute, prosecute, and complain and defend in all courts in the Company's name." *Id.*, p. 6. Mr. Dinihanian exercised such right by authorizing Cornell's bankruptcy filing before this Court.

Mr. Dinihanian's delineated rights pursuant to a manager-managed LLC are consistent with Section 63.120(2)(b) of the Act, which provides, in pertinent part, that "any matter relating to the business of the limited liability company may be exclusively decided by the manager. . . ." ORS 63.130(2)(b). *See also In re Bay Club Partners*, No. 14-30394-rld11, 2014 WL 1796688 (Bankr. D. Or. May 6, 2014) (holding that chapter 11 filing was properly authorized by the manager notwithstanding the existence of a prepetition waiver of bankruptcy protection in the LLC operating agreement).

Accordingly, whether the Trust maintains a membership interest in Cornell -- Debtors contend it does -- has no bearing on Mr. Dinihanian's authority as Manager to sign Cornell's petition on its behalf. The Trust's arguments regarding the effect of the General Judgment on Cornell's membership or the assets it holds (*see* Motion at 19-24) are inconsequential to the Manager's authority to commence this Chapter 11 case.

**C.     Cornell's Case Was Not Filed in Bad Faith.**

The Trust's next contention, that Cornell's case should be dismissed "for cause" (*see* Motion at 24-28), is premature, based on conjecture, and unsupported by the weight of authority found in "bad faith" cases. First, the Debtors have not yet proposed a plan, so the Trust's arguments regarding the feasibility of a future plan or what such a plan should include do not support dismissal of the case. Any

PAGE 5- CORNELL'S OPPOSITION TO TASHA TEHERANI-AMI'S MOTION TO DISMISS BANKRUPTCY CASE

145816220.1

PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11    Doc 154    Filed 10/03/19

arguments regarding the alleged "ministerial" nature of the General Judgment or transfers envisioned by it do not provide grounds for a bad faith filing determination.

Second, Mr. Dinihanian has not intentionally misrepresented any information contained in the petition, schedules or statement of financial affairs. To the extent inaccuracies have been identified, they were innocent and inconsequential, and the Debtors have corrected them in a manner consistent with their general right to amend pursuant to the Federal Rules of Bankruptcy Procedure. But Mr. Dinihanian is not required, as the Trust contends, to concede that the Operating Agreement is executory in nature or that the Trust has an undisputed 25% interest in the Farm. Indeed, many courts have concluded that LLC operating agreements are not necessarily "executory" in nature. *See*, *e.g.*, *In re Ehmann*, 319 B.R. 200, 205 (Bankr. D. Ariz. 2005); *In re First Protection, Inc.*, 440 B.R. 821, 832 (B.A.P. 9th Cir. 2010); and *In re Woodfield*, 602 B.R. 747, 758 (Bankr. D. Or. 2019) (held that the question of whether the operating agreements at issue are executory can only be resolved by a careful reading of the agreements' actual text). In addition, the Debtors do not concede the Trust, to the extent it asserts an equitable or other interest in the Farm, that such an interest is unavoidable.[3]

Third, staying enforcement of the General Judgment is not a basis for a bad faith determination or dismissal of a case. As the Ninth Circuit noted in *In re Marshall*, 721 F.3d 1032, 1049 (9th Cir. 2013), "all debtors file for bankruptcy in order to delay creditor action." That alone does not support a finding that Cornell filed its case to *avoid* the General Judgment or to unduly deter or harass creditors. The Trust's reliance on *In re Bennett*, 2017 WL 2198951 (Bankr. D. Mont. May 18, 2017) and *In re Barstad*, 17-60586-TLM, 2019 WL 2479311 (Bankr. D. Mont. June 12, 2019) is misplaced, as both involve chapter 13 cases that are governed by grounds for dismissal under Section 1307, not Section 1112 governing chapter 11 cases. Moreover, both cases are readily distinguishable. In *Bennett*, the

---

[3] Cornell disputes that the General Judgment effectuated a transfer of the legal and equitable interest in the Farm to the Trust, or that the Trust was divested of its ownership interest in Cornell in exchange. Cornell was not a party to the General Judgment and received no value in exchange for any purported transfer, therefore any transfer that may have occurred could be challenged as voidable through an adversary proceeding. Furthermore, the General Judgment required that certain conditions be met before any interest in the Farm would be conveyed, thus undermining the ministerial act argument.

PAGE 6- CORNELL'S OPPOSITION TO TASHA TEHERANI-AMI'S MOTION TO DISMISS BANKRUPTCY CASE

145816220.1

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11    Doc 154    Filed 10/03/19

debtor repeatedly omitted creditors from his schedules; he failed to list certain assets and made inconsistent statements regarding the value of such assets; he commingled personal assets and finances with his LLC; and he testified that he filed his petition to avoid contempt and jail. Despite this egregious conduct, which bears no resemblance to the Cornell case, the court in *Bennett* ultimately declined to dismiss the case, noting that it doubted dismissal would in the best interest of creditors at that time. *Id.* In *Barstad*, the court explicitly stated the mere existence of adversely resolved prebankruptcy litigation is not *ipso facto* evidence of a lack of good faith. 2019 WL 2479311 at *11. Instead, the court dismissed the case after considering the totality of the circumstances, which included the debtors' assets and liabilities, income and expenses, number and nature of creditors, proposed plans, and the factual circumstances underlying the claims of certain creditors as found by the prebankruptcy litigation. *Id.* Here, the totality of the circumstances does not support dismissal of Cornell's case.

In sum, the Trust blurs the legal distinction between the good faith that is a prerequisite to filing a chapter 11 petition and the good faith that is required for confirmation of a plan. *See, e.g., In re Stolrow's Inc.*, 84 B.R. 167, 171–172 (B.A.P. 9th Cir. 1988). The former has not been determined to be absent merely because Debtors filed for bankruptcy to create a "breathing spell" during which they can focus on a reorganization, while the latter cannot even be considered prior to the Debtor's filing of a plan.

PAGE 7- CORNELL'S OPPOSITION TO TASHA TEHERANI-AMI'S MOTION TO DISMISS BANKRUPTCY CASE

145816220.1

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11    Doc 154    Filed 10/03/19

### III. CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court deny the Trust's Motion.

Presented by:

Dated: October 3, 2019	**PERKINS COIE LLP**

By: */s/ Douglas R. Pahl*
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Counsel for Debtor and Debtor-in-Possession
*15005 NW Cornell LLC*

DATED: October 3, 2019	**MOTSCHENBACHER & BLATTNER, LLP**

By: */s/ Nicholas J. Henderson*
Nicholas J. Henderson, OSB No. 074027
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Counsel for Debtor and Debtor-in-Possession
*Vahan M. Dinihanian, Jr.*

PAGE 8- CORNELL'S OPPOSITION TO TASHA TEHERANI-AMI'S MOTION TO DISMISS BANKRUPTCY CASE

145816220.1

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11    Doc 154    Filed 10/03/19