Eleanor A. DuBay, OSB No. 073755
TOMASI SALYER MARTIN
121 SW Morrison St, Suite 1850
Portland, OR 97204
edubay@tomasilegal.com
Phone: (503) 894-9900
      Attorneys for Tasha Teherani-Ami

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>15005 NW Cornell LLC; and<br>Vahan M. Dinihanian, Jr.,<br><br>    Debtors. | Bankruptcy Case Nos.:<br><br>19-31883-dwh11 (Lead Case)<br><br>19-31886-dwh-11<br><br>Jointly Administered Under<br>Case No. 19-31883-dwh11<br><br>REPLY IN SUPPORT OF POST-HEARING MEMORANDUM IN SUPPORT OF CREDITOR'S MOTION TO DISMISS FOR CAUSE [DOC 158] AND CREDITOR'S MOTION FOR RELIEF FROM STAY [DOC 106] |

    Unbelievably, Debtors' Closing Argument Memorandum in Opposition to Creditors' Motions [Doc 272] ("Debtors' Memo") asks this Court to take judicial notice of a pleading that has not yet been filed. It simply strains credulity that Debtors[1] ask this Court to take their word for it that they can, and maybe will, propose a "viable plan." First, though it hardly needs to be stated, this Court cannot take judicial notice of a document that is not in the

---

[1] Unless otherwise noted, capitalized terms herein have the same meaning as set forth in the Motion to Dismiss and Motion for Relief.

Page 1 - REPLY IN SUPPORT OF POST-HEARING MEMORANDUM IN SUPPORT OF CREDITOR'S MOTION TO DISMISS FOR CAUSE [DOC 158] AND CREDITOR'S MOTION FOR RELIEF FROM STAY [DOC 106]
TEHERA-B1\00524514.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 274    Filed 07/29/20

court record.[2] Second, the parties have closed the evidence in regards to Creditor's motions and Debtors cannot now attempt to avoid the motions by arguing they will, before briefing is closed, file a "viable plan." Indeed, Dinihanian refused to testify at the evidentiary hearing regarding the terms of any proposed plan. It is now far too late for Debtors to assert that they will propose a "viable plan." Debtors' "terminal euphoria" is insufficient grounds to prevent this Court from determining that the petitions were filed in bad faith. *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1073 (5th Cir. 1986).

Furthermore, the inquiry that this Court is being asked to make is whether these Bankruptcy Cases were <u>filed</u> in good faith. Creditor has asserted that just one indicia of bad faith, out of the totality of the circumstances, is whether there is a reasonable possibility of a successful reorganization within a reasonable time. And, as Creditor has stated, no one indicia of bad faith has more or less weight than any other indicia. *In re Powers*, 135 B.R. 980, 982 (Bankr. C.D. Cal. April 26, 1991) (A determination of whether good faith exists is based on the totality of the facts and circumstances; "no single fact can be given preeminence in making the decision."). While Creditor maintains, for all the reasons previously briefed, that Debtors cannot satisfy the indicia of proposing a plan with a reasonable possibility of a successful reorganization within a reasonable time, even if they could, however, all of the other indicia of bad faith weigh in favor of dismissal. The other factors include Debtors' forum shopping and litigation tactics, filing the petitions to prevent a finding of contempt and to stop the foreclosure sales, and Dinihanian's gross and flagrant dishonest conduct throughout these proceedings.

It is particularly noteworthy that Debtors' Memo does not address, in any fashion,

---

[22] *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

Page 2 - REPLY IN SUPPORT OF POST-HEARING MEMORANDUM IN SUPPORT OF CREDITOR'S MOTION TO DISMISS FOR CAUSE [DOC 158] AND CREDITOR'S MOTION FOR RELIEF FROM STAY [DOC 106]
TEHERA-B1\00524514.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 274    Filed 07/29/20

Creditor's arguments related to the contempt proceeding or the foreclosure sales. Nor do Debtors address Creditor's arguments related to Dinihanian's dishonest conduct, except to state that he has "committed to correct those inadvertent mistakes," a statement that is blatantly false. In fact, not only did Dinihanian testify that he believed he had completed his schedules correctly, but that he would not amend his schedules even if the Court ordered him to do so:

> Q. As we're discussing this now, do you think that the information needs to be included in your schedules and amendments need to be filed?
>
> A. No.
>
> Q. Would you be willing to file a limited schedule if that's what the Court requires you do to complete this information?
>
> A. No.[3]

To argue otherwise is simply contrary to Dinihanian's own testimony. After at least five amendments, a disclosure statement, and more than a year, it is clear that Debtors have no intention of filing amended schedules. And, moreover, even if they did, such amendments will not cure Dinihanian's dishonest conduct.

Rather than address the arguments presented by Creditor in support of her Motion to Dismiss, Debtors variously claim that these cases were initiated to protect Dinihanian's equity and prevent Creditor from receiving a "massive windfall."[4] Debtors' arguments are specious and contradicted by the evidence. Dinihanian has asserted, and the parties agree, that there is no equity in the Skyline Property. As such, it is impossible for the Bankruptcy Cases to be initiated

---

[3] Transcript of Testimony of Vahan M. Dinihanian, Jr., July 17, 2020 ("Testimony Transcript"), p. 20, ln. 4-11. The Testimony Transcript is attached as Exhibit 1 to the Third Supplemental Declaration of Eleanor A. DuBay in Support of Creditor Tasha Teherani-Ami's Motion to Dismiss and Motion for Relief [Doc 273].

[4] Debtors' Memo, p. 7 and p. 2, ln. 24 [Doc 272].

Page 3 - REPLY IN SUPPORT OF POST-HEARING MEMORANDUM IN SUPPORT OF CREDITOR'S MOTION TO DISMISS FOR CAUSE [DOC 158] AND CREDITOR'S MOTION FOR RELIEF FROM STAY [DOC 106]
TEHERA-B1\00524514.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 274    Filed 07/29/20

to protect the non-existent equity in the Skyline Property. Moreover, Creditor would not be receiving a "massive windfall;" rather, she would continue the lawful execution of the Judgment to which Dinihanian stipulated in the first instance. "Mr. Dinihanian has not acted equitably in failing to pay the money judgment he owes by the required deadline, a deadline he knew about for three years. …. Any emergency he is now facing is of his own making."[5]

In addition to failing to address several of Creditor's indicia of bad faith, Debtors' assertions in their Memorandum are unsupported by the law and facts. Indeed, as to Creditor's argument that these cases were filed as a litigation tactic and to forum shop, Debtors' admit that "[b]ecause of [Creditor's] looming foreclosure actions, Mr. Dinihanian and Cornell did not have time to complete the land use process."[6] This assertion supports Creditor's argument that the petitions were filed in bad faith because Debtors simply desire to continue with the Partition Litigation free of Creditor's right to enforce the Judgment, a desire which had already been addressed and rejected by Judge Hunsaker. Debtors' reliance on *In re Marsch* is misplaced because (1) Dinihanian has testified that he is able to obtain a loan secured by the Cornell Property and (2) Dinihanian's monthly reports indicate that he has in excess of $22 million in assets, while Creditor's money award is merely $2.25 million, plus interest, attorney fees and costs, both of which show that Dinihanian "could satisfy the judgment without any disruption of business interests."[7]

Debtors' argument that "viability of the Debtors Plan is paramount in determining good faith" and their reliance on *In re Marshall* is similarly misplaced.[8] Initially, Debtors'

---

[5] Stipulated Facts, Ex. 10, p. 5-6 [Doc 250].

[6] Debtors' Memo, p. 3, ln. 20-22 [Doc 272].

[7] *Id.*, p. 6, ln. 22-24 [Doc 272], citing *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825 ((9th Cir. 1994).

[8] *Id.*, p. 7, ln. 23, and p. 8 [Doc 272].

Page 4 - REPLY IN SUPPORT OF POST-HEARING MEMORANDUM IN SUPPORT OF CREDITOR'S MOTION TO DISMISS FOR CAUSE [DOC 158] AND CREDITOR'S MOTION FOR RELIEF FROM STAY [DOC 106]
TEHERA-B1\00524514.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 274    Filed 07/29/20

argument wholly ignores the case law cited by Creditor, as noted above and in Creditor's briefing, that the Court must look to the totality of the circumstances and that no one factor outweighs another in determining whether cause exists to dismiss a bankruptcy case. More importantly, however, the citation to *In re Marshall* belies Debtors' arguments. As stated herein, there is no proposed plan and Debtors have not submitted any evidence regarding the terms of a proposed plan.[9] Pointedly, Debtors' contention that Creditor has argued that the "withdrawal of a plan demonstrates bad faith"[10] is not accurate. What Creditor has argued is that Debtors cannot satisfy the U.S. Supreme Court requirement that they prove "a reasonable possibility of a successful reorganization within a reasonable time…" *In re Plateau Energy, Inc.*, 2011 Bankr. LEXIS 4188, at *8 (Bankr. D. Colo. Oct. 28, 2011) (internal citations omitted), citing *In re Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). An argument which has not been refuted by Debtors and is supported by the withdrawal of the only plan that has been proposed.

Creditor's argument is further supported by the *In re Marshall* case relied upon by Debtors which states that a court may deny a motion to dismiss if it determines "that a reorganization plan qualifies for confirmation" which requires that a debtor show that "a plan of reorganization is ready for confirmation …" 721 F.3d 1032, 1049 (9th Cir. 2013). Both *In re Timbers* and *In re Marshall* require that the <u>debtor</u> show that a plan of reorganization is possible and that it is "ready" for confirmation. That is simply not the case here. There is no plan of reorganization and Debtors have utterly failed to show (1) the existence of a plan that qualifies

---

[9] Dinihanian refused to testify at the evidentiary hearing regarding terms of a proposed plan and the only terms referenced in the record relate to the plan that has since been withdrawn. *See* Stipulated Facts, ¶ 21 [Doc 250] and Dinihanian Dec., ¶ 19 [Doc 254].

[10] Debtors' Memo, p. 8, ln. 2 [Doc 272].

Page 5 - REPLY IN SUPPORT OF POST-HEARING MEMORANDUM IN SUPPORT OF CREDITOR'S MOTION TO DISMISS FOR CAUSE [DOC 158] AND CREDITOR'S MOTION FOR RELIEF FROM STAY [DOC 106]
TEHERA-B1\00524514.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 274    Filed 07/29/20

for confirmation and that (2) reorganization is possible. Both Creditor and Debtors have closed the presentation of evidence. Debtors cannot now submit evidence showing the existence of a plan, much less that it would qualify for confirmation within a reasonable time.[11]

Debtors next argue that Creditor is incorrect in asserting that this Court must give full faith and credit to the Judgment.[12] But here, again, Debtors' own citations refute their arguments. "Title 28 U.S.C. 17388 obligates the federal courts to afford full faith and credit to state court judgments." *In re Keller*, 157 B.R. 680, 684 (Bankr. E.D. Wash. 1993). The *In re Keller* court went on to find that the plan in that case did not dispute the character or existence of the creditor's debt and, as such, the bankruptcy court could still give full faith and credit to the state court judgment while also confirming the plan. *Id*.

However, in this proceeding, Debtors have done just that – repeatedly, throughout Debtors' pleadings and testimony, Debtors have attempted to relitigate the terms of the Judgment by their arguments that 15005 LLC was not part of the Divorce Proceeding and, thus, cannot be bound by the Judgment. In fact, Debtors have filed two adversary proceedings (1) alleging that the Cornell Deed of Trust is a fraudulent transfer and (2) arguing that the transfer of interest in the Cornell Property to the Trust is void and/or avoidable. What is more, Debtors' concede that the mysterious plan "will likely go further than just impairing the Trust's claim …"[13] Clearly, Debtors are disputing the character and existence of the terms of the Judgment, which, according to their own citations, is not permissible.

Likewise, Debtors' reliance on *In re Dirks* is not persuasive. *In re Dirks*, 2009

---

[11] Not only would taking judicial notice of a yet-to-be-filed-plan be untimely and improper, but it would also prejudice Creditor in that she would not be able to argue whether the proposed terms do, in fact, satisfy *In re Timbers* and *In re Marshall*.

[12] Debtors' Memo, p. 9 [Doc 272].

[13] *Id*., p 10, ln. 9 [Doc 272].

Page 6 - REPLY IN SUPPORT OF POST-HEARING MEMORANDUM IN SUPPORT OF CREDITOR'S MOTION TO DISMISS FOR CAUSE [DOC 158] AND CREDITOR'S MOTION FOR RELIEF FROM STAY [DOC 106]
TEHERA-B1\00524514.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 274    Filed 07/29/20

WL 103606 (B.A.P. 6th Cir. 2009). First, that case involved an avoidance action by the trustee, which as conceded by Debtors, the trustee lost. Second, Debtors' assertion that a stipulated judgment should somehow have a different preclusive effect is contrary to Oregon law and the facts in this case. ORS Chapter 107 is an equitable statute which encourages parties to negotiate and settle their disputes. To find that an equalizing judgment entered in a divorce proceeding is not entitled to full faith and credit because it was "settled" would completely undermine ORS Chapter 107 and the express policies of this state. Furthermore, the facts show that the parties to the Divorce Proceeding did, in fact, litigate portions of the proceeding and the settlement negotiations took more than a year to complete.[14] To now imply that the parties settled the Divorce Proceeding in an attempt to avoid the Full Faith and Credit statute is contrary to the facts. As Creditor has argued, this Court must give full faith and credit to the terms of the Judgment and prohibit Debtors from relitigating those terms.

Finally, Debtors' arguments related to "insolvency" are irrelevant and misplaced. Debtors cite case law stating that "eligible" debtors who propose a plan that may adversely impact a creditor's rights is not evidence of bad faith.[15] The reliance on these cases is a red herring and misstates Creditor's arguments. At the outset, as stated herein, Debtors have not proposed a plan so it is not possible to determine whether that plan adversely impacts a creditor. Moreover, Creditor has argued that the petitions were filed in bad faith for a variety of reasons, including Dinihanian's dishonest conduct, and the case law cited by Debtors is not relevant to that determination. Notably, while Creditor has pointed to evidence related to Debtors' solvency, the point of Creditor's argument is that (1) Debtors' testimony and pleadings contradict each

---

[14] *See* Fassler Dec., Ex. 1 (evidencing that the parties litigated the terms of the Deeds of Trust); Ex. 2 (evidencing issues that were litigated and the extensive negotiations between the parties) [Doc 257].

[15] Debtors' Memo, p. 11 [Doc 272].

Page 7 - REPLY IN SUPPORT OF POST-HEARING MEMORANDUM IN
SUPPORT OF CREDITOR'S MOTION TO DISMISS FOR CAUSE [DOC 158]
AND CREDITOR'S MOTION FOR RELIEF FROM STAY [DOC 106]
TEHERA-B1\00524514.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 274    Filed 07/29/20

other which calls into question the veracity of Debtors' testimony; and (2) that 15005 LLC is, in fact, solvent and, thus, cannot prevail in its adversary proceeding asserting that it is insolvent (which, in turn, is the basis for Creditor's Motion for Relief from Stay under 11 U.S.C. § 362(d)(3)). Again, these arguments are not addressed by Debtors.[16]

The bottom line is, Debtors' have failed to satisfy their burden of submitting any credible evidence to refute Creditor's claims that these Bankruptcy Cases have been filed in bad faith. The arguments submitted by Debtors are nothing more than their "terminal euphoria" and smoke and mirrors. Debtors are simply attempting to avoid yet another determination by yet another court that Dinihanian has acted inequitably and dishonestly toward his ex-wife and his daughter's Trust in his campaign to avoid complying with the Judgment.

As such, based on the totality of the circumstances, there is sufficient indicia of bad faith justifying dismissal of these cases for cause under 11 U.S.C. § 1112(b). Furthermore, Debtors have failed to meet their burden as to the Motion for Relief from Stay.[17] Consequently, even if these cases are not dismissed for cause, Creditor is entitled to relief from stay in regards to (1) the family law contempt proceeding; (2) the non-judicial foreclosure of the Skyline Property; and (3) the non-judicial foreclosure of the Cornell Property.

Dated: July 29, 2020.	TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, OSB #073755
(503) 894-9900
edubay@tomasilegal.com
Of Attorneys for Tasha Teherani-Ami

---

[16] No where in Debtors' Memo do Debtors address Dinihanian's dishonest conduct, contrary testimony, or lack of credibility. Nor do Debtors address Dinihanian's complete and utter disregard for the Bankruptcy Code and his duties as a debtor-in-possession.

[17] Notably, Debtors failed to include any additional evidence or argument related to Creditor's Motion for Relief from Stay. As such, Creditor relies upon the evidence and arguments she has previously submitted.

Page 8 - REPLY IN SUPPORT OF POST-HEARING MEMORANDUM IN SUPPORT OF CREDITOR'S MOTION TO DISMISS FOR CAUSE [DOC 158] AND CREDITOR'S MOTION FOR RELIEF FROM STAY [DOC 106]
TEHERA-B1\00524514.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 274    Filed 07/29/20

# CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2020 I served a copy of the foregoing **REPLY IN SUPPORT OF POST-HEARING MEMORANDUM IN SUPPORT OF CREDITOR'S MOTION TO DISMISS FOR CAUSE [DOC 158] AND CREDITOR'S MOTION FOR RELIEF FROM STAY [DOC 106]** by electronic means using ECF to the parties listed below:

STEPHEN P ARNOT on behalf of U.S. Trustee US Trustee, Portland
steve.arnot@usdoj.gov

NICHOLAS J HENDERSON on behalf of Debtor Vahan M. Dinihanian, Jr. and Jointly Administered Debtor Vahan M. Dinihanian, Jr.
nhenderson@portlaw.com,
tsexton@portlaw.com;mperry@portlaw.com;hendersonnr86571@notify.bestcase.com

ELAYNA Z MATTHEWS on behalf of Creditor Columbia State Bank
elayna@sglaw.com, ktate@sglaw.com

BRUCE H ORR on behalf of Interested Party Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11
bho@wysekadish.com, tn@wysekadish.com;drw@wysekadish.com

ERICH M PAETSCH on behalf of Creditor Columbia State Bank
epaetsch@sglaw.com, ktate@sglaw.com

DOUGLAS R PAHL on behalf of Debtor 15005 NW Cornell LLC and Interested Party 15005 NW Cornell LLC
dpahl@perkinscoie.com, nlesage@perkinscoie.com;docketpor@perkinscoie.com

TROY SEXTON on behalf of Jointly Administered Debtor Vahan M. Dinihanian, Jr.
tsexton@portlaw.com, nhenderson@portlaw.com,mperry@portlaw.com,troy-sexton-4772@ecf.pacerpro.com

DANIEL L STEINBERG on behalf of Creditor Cornell Rd LLC and Creditor Lillian Logan
Daniel.Steinberg@jordanramis.com, Litparalegal@jordanramis.com

US Trustee, Portland
USTPRegion18.PL.ECF@usdoj.gov

DATED: July 29, 2020.

        TOMASI SALYER MARTIN
        By: /s/ Eleanor A. DuBay
           Eleanor A. DuBay, OSB #073755
           (503) 894-9900
           edubay@tomasilegal.com
           Of Attorneys for Tasha Teherani-Ami

CERTIFICATE OF SERVICE
TEHERA-B1\00524514.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 274    Filed 07/29/20