1  Douglas Pahl, OSB No. 950476
   DPahl@perkinscoie.com
2  PERKINS COIE LLP
   1120 N.W. Couch Street, 10th Floor
3  Portland, OR 97209-4128
   Telephone: 503.727.2000
4  Facsimile: 503.727.2222

5  Counsel for Debtor and Debtor-in-Possession
   *15005 NW Cornell LLC*
6
   Nicholas J. Henderson, OSB No. 074027
7  nhenderson@portlaw.com
   Motschenbacher & Blattner, LLP
8  117 SW Taylor St., Suite 300
   Portland, OR 97204
9  Telephone: (503) 417-0508
   Facsimile: (503) 417-0528
10
   Counsel for Debtor and Debtor-in-Possession
11 *Vahan M. Dinihanian, Jr.*

12            UNITED STATES BANKRUPTCY COURT

13              FOR THE DISTRICT OF OREGON

14
   In re                              | Bankruptcy Case Nos.:
15
   15005 NW CORNELL LLC, and          | 19-31883-dwh11 (Lead Case)
16
   VAHAN M. DINIHANIAN, JR.           | 19-31886-dwh11
17
                Debtors.[1]            | Jointly Administered Under
18                                     | Case No. 19-31883-dwh11

19                                     | **DEBTORS' RESPONSE TO CREDITORS'
                                        OBJECTIONS TO DEBTORS' JOINT
20                                      MOTION TO OBTAIN CREDIT**

21          Debtor and debtor-in-possession 15005 NW Cornell LLC ("**Cornell**") and debtor and debtor-in-

22  possession Vahan M. Dinihanian Jr. ("**Mr. Dinihanian**, and together with Cornell, the "**Debtors**")

23  hereby respectfully respond to the objection (the "**Logan Parties' Objection**" [Dkt. 293]) filed by

24  creditor Lillian Logan and interested parties Cornell Rd LLC, Alexander LLC, and Christiana LLC

25  ─────────────────
    [1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
26  number, are: 15005 NW Cornell LLC (5523) and Vahan M. Dinihanian, Jr. (0871).

PAGE  1-    DEBTORS' RESPONSE TO CREDITORS'        **PERKINS COIE LLP**
            OBJECTIONS TO DEBTORS' JOINT          1120 N.W. Couch Street, 10th Floor
            MOTION TO OBTAIN CREDIT                 Portland, OR 97209-4128
                                                    Phone: 503.727.2000
                                                    Fax: 503.727.2222

1  (collectively the "**Logan Parties**") to Debtors' Joint Motion to Obtain Credit (the "**Motion**" [Dkt. 288]).

2  Debtors further respectfully respond to the objection (the "**Trust Objection**," [Dkt. 294] and together

3  with the Logan Parties' Objection the "**Objections**") filed by creditor Tasha Teherani-Ami, in her

4  capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11 (the "**Trust**") to the Motion.

5  **I.    RESPONSE TO THE LOGAN PARTIES' OBJECTION**

6  **A.    Mr. Dinihanian has made proper disclosures.**

7  As previously discussed during the earlier proceedings regarding motions to dismiss filed by

8  Tasha Teherani-Ami, in her personal capacity, and in her capacity as trustee of the Sonja Dinihanian

9  Trust, Mr. Dinihanian has made the proper disclosures in this case. Mr. Dinihanian previously testified

10  about these issues, and the reasons for the perceived non-disclosures alleged by Ms. Teherani-Ami and

11  the Trust. See Declaration of Vahan M. Dinihanian, Dkt. 254. Mr. Dinihanian also testified about these

12  matters at the hearing held on July 17, 2020. The Objections simply ignore Mr. Dinihanian's testimony,

13  and accuse Mr. Dinihanian of wrongdoing and non-disclosure at the same time he has proposed a plan to

14  pay all of his creditors in full.

15  In his earlier testimony, Mr. Dinihanian explained why certain information is not required to be

16  reported in his schedules or monthly operating reports in the exact manner that the creditors allege. For

17  example, Mr. Dinihanian explained why he did not report the sale of a motorcycle in his monthly

18  operating reports. That explanation was: 1) the motorcycle was purchased with funds belonging to

19  Eagle Holdings, LLC, 2) it is the ordinary course of Eagle Holdings' business to purchase vintage

20  motorcycles, restore and repair such motorcycles, and 3) sell those motorcycles at a profit. Mr.

21  Dinihanian testified that is what was done in this case—he sold a motorcycle in the ordinary course of

22  Eagle Holdings' business operations, and deposited the funds in Eagle Holdings' account. There is

23  nothing remarkable or problematic about engaging in an ordinary course transaction, and the Court

24  should reject the creditors' continued complaints on the subject.

25  Mr. Dinihanian also testified that he runs his business operations through Eagle Holdings, and

26  that he has conducted himself in that manner for years. This includes Mr. Dinihanian's property

DEBTORS' RESPONSE TO CREDITORS'
OBJECTIONS TO DEBTORS' JOINT MOTION TO
OBTAIN CREDIT

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1 management activities for which Eagle Holdings is compensated.  The Logan Parties claim that Mr.

2 Dinihanian failed to disclose income from Norris &Stevens, but the evidence submitted by the Logan

3 Parties shows that Norris & Stevens writes checks to Eagle Holdings, LLC.  See Exhibit 5, at p. 19.

4 This is entirely consistent with Mr. Dinihanian's earlier testimony, and explains why the income was not

5 deposited into Mr. Dinihanian's Debtor in Possession account, and also why the income does not show

6 up on Mr. Dinihanian's monthly operating report—because the money was paid to Eagle Holdings.

7      Mr. Dinihanian has fulfilled his duties of disclosure in his schedules and statement of financial

8 affairs, and his Rule 2015 operating reports.  Mr. Dinihanian admitted in his testimony that he

9 inadvertently failed to disclose a 50% tenant in common interest in a family cabin in Welches, Oregon.

10 That omission has been cured through the filing of amended schedules.  As a result, the Objections made

11 regarding Mr. Dinihanian's disclosures and compliance with the Bankruptcy Code and Rules is not well

12 founded, and should be overruled.

13      **B.      The proposed financing is authorized by the Tenancy Agreement.**

14      The Logan Parties erroneously claim that the Tenancy Agreement prohibits Cornell from

15 encumbering its interest in the Cornell Property.  The Logan Parties point to Section 10 of the Tenancy

16 Agreement to argue against the proposed financing.  However, the Logan Parties apparently overlook or

17 ignore the clear language of Section 8 of the Tenancy Agreement, which authorizes each of the owners

18 to encumber their own interests in the Cornell Property:

19

20      8.      Encumbrances.  Each Owner shall have the right to encumber its
      undivided interest in the Property without the approval of any person and shall discharge the
21      obligation secured by the encumbrance in accordance with its terms.

22

23 Declaration of Daniel Steinberg in Support of Objection [Dkt 296], Ex. 3, p. 3.

24      The Debtors' financing motion proposes to encumber only Cornell's interest in the Cornell

25 Property, not the Cornell Property itself.  As a result, the proposed financing transaction is clearly

26 allowed by Section 8 of the Tenancy Agreement.  The language of Section 10 applies only to an owner's

PAGE  3-  DEBTORS' RESPONSE TO CREDITORS'
OBJECTIONS TO DEBTORS' JOINT MOTION TO
OBTAIN CREDIT

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Case 19-31883-dwh11     Doc 300     Filed 09/22/20

1  sale of the interest, which is not implicated by the financing motion or the Debtors' Plan.  The Logan

2  Parties' objection should be overruled.

3  **C.    The Debtors will provide further loan terms.**

4  Debtors have refined the loan terms with SORFI, and will supplement the record with additional

5  information that should more than satisfy the issues raised in the Objections.

6  **D.    The Debtors will further information about SORFI.**

7  As with the loan terms, Debtors will supplement the record with additional information about

8  SORFI, and the nature of its affiliation with Paul Brenneke and Sortis

9  **E.    The Debtors have a demonstrated need for the proposed financing.**

10  Section 364(c) authorizes the Debtor in Possession to obtain secured financing if unsecured

11  financing cannot be obtained.  Debtors have submitted evidence to demonstrate that they have consulted

12  with other potential lenders, none of whom were able to offer financing on terms equal to the terms

13  proposed by SORFI, LLC.  Dkt. 290, at ¶¶ 12, 15.  Debtors need funding to pay off their debts and

14  eliminate the threat of foreclosure of the Cornell Property—an asset which has a value that far exceeds

15  the amount of debt it secures.  Id. at ¶¶ 6, 7, 11.  Debtors have determined that the proposed financing is

16  in the best interest of the two estates.  Id. at ¶ 16.  Based on the evidence, the Debtors' financing motion

17  should be approved.

18  **F.    The Debtors are not obligated to accept financing with Logan.**

19  The Logan Parties argue that the Financing Motion is premature, and that other parties should be

20  allowed to propose financing terms.  In the event other parties propose alternative financing terms, the

21  Debtors can evaluate those terms and, if such terms are preferable to the terms offered by SORFI, the

22  Debtors can bring those terms to the Court.  However, preferable alternative terms have not been

23  proposed by the Logan Parties or anyone else.  Thus, the Logan Parties' objection is disingenuous, and

24  should be rejected.

25  **G.    The Logan Parties are not entitled marshalling.**

26  The Logan Parties provide no authority for the proposition that they are entitled to marshalling of

DEBTORS' RESPONSE TO CREDITORS'
OBJECTIONS TO DEBTORS' JOINT MOTION TO
OBTAIN CREDIT

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Case 19-31883-dwh11     Doc 300     Filed 09/22/20

assets in connection with the proposed financing. Section 364 contains no such requirement. The

Logan Parties apparently misunderstand that the Debtors are seeking only to encumber Cornell's *interest*

in the Cornell Property, not the Cornell Property itself. As with its other objections, the Logan Parties'

request for marshalling should be overruled.

## II.     RESPONSE TO THE TRUST OBJECTION

### A.     The Trust's arguments about the need to assume multiple executory contracts are wrong, and irrelevant to the financing motion.

The Trust erroneously argues that the financing motion cannot be approved unless the Debtors

assume a variety of executory contracts. The Trust fails to understand that the Tenancy Agreement is

not an executory contract. The Trust also fails to understand that Mr. Dinihanian's capacity as a

manager is intact even if the Cornell operating agreement is an executory contract, and even if the

contract is rejected.

### 1.     The Tenancy Agreement is not an executory contract.

An executory contract is one on which performance is due to some extent on both sides.... [I]n

executory contracts the obligations of both parties are so far unperformed that the failure of either party

to complete performance would constitute a material breach and thus excuse the performance of the

other. *In re Texscan Corp.*, 976 F.2d 1269, 1272 (9th Cir. 1992); *citing Marcus & Millichap Inc. v.*

*Munple, Ltd (In re Munple)*, 868 F.2d 1129, 1130 (9th Cir.1989). "The time for testing whether there

are material unperformed obligations on both sides is when the bankruptcy petition is filed." *Glosser v.*

*Maysville Reg'l Water Dist.*, 174 Fed. Appx. 34, 36 (3d Cir. March 9, 2009) (*quoting In re Columbia*

*Gas Sys. Inc.*, 50 F.3d 233, 240 (3d Cir. 1995).

"[A]lmost all agreements to some degree involve unperformed obligations on either side," but

not all agreement are executory contracts. *Gouveia v. Tazbir*, 37 F.3d 295, 299 (7th Cir. 1994). For

example, in the *Gouveia* case, the Seventh Circuit ruled that real property restrictive covenants "do not

fall within the purview of § 365 because they grant a present right of enjoyment, are traditionally treated

as running with the land and are often recorded "on the title of the encumbered property." *Id.* The

PAGE  5-     DEBTORS' RESPONSE TO CREDITORS'
OBJECTIONS TO DEBTORS' JOINT MOTION TO
OBTAIN CREDIT

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Case 19-31883-dwh11     Doc 300     Filed 09/22/20

Ninth Circuit Bankruptcy Appellate Panel (BAP) agreed with the Seventh Circuit's reasoning in *Gouveia v. Tazbir*, in which the court held that restrictive covenants were not "executory contracts" under § 365, even where they required the debtors to perform a number of duties, and required nondebtor landowners to keep their boats insured  and abide by certain bylaws (all of which the court seemed to view as *de minimis* obligations).  *In re Hayes*, No. ADV.07-00045-RBK, 2008 WL 8444812, at *11 (B.A.P. 9th Cir. Mar. 31, 2008).

The Tenancy Agreement is not an executory contract, as it acts much like the restrictive covenants examined in the *Gouveia* and *Hayes* cases.  While it is true that each of the owners are bound to perform certain duties under the Tenancy Agreement, the agreement itself does not fit the definition of having duties that are materially underperformed.

**2.     Mr. Dinihanian is Cornell's manager, and would remain the manager even if the operating agreement is rejected.**

The Trust's argument regarding the Cornell operating agreement is misplaced, because it fails to recognize that Mr. Dinihanian would remain the manager of the LLC even if the operating agreement was rejected.  In the absence of an operating agreement, Oregon limited liability companies are governed by the default provisions in ORS Chapter 63.  See ORS 63.130 (describing default rules in the absence of an operating agreement).  Oregon law provides that a manager remains a manager unless removed.  ORS 63.140(2)(c)(B).  Thus, even if it were rejected, Mr. Dinihanian would remain the manager, and would have the authority vested in him as a manager under ORS Chapter 63.  Therefore, the question of whether the operating agreement is an executory contract is largely academic, and is of no consequence as to whether the financing motion should be approved.  As a result, the Trust's objection should be overruled.

**B.     The Trust fails to understand the interplay between the Bankruptcy Code and the state court judgments.**

The Trust continues to argue, without citation to any authority, that a plan cannot be viable unless it will transfer half of Cornell's interest in the Cornell Property. The Trust is wrong again, as it fails to understand the interplay between the Bankruptcy Code and the requirement to give Full Faith

DEBTORS' RESPONSE TO CREDITORS' OBJECTIONS TO DEBTORS' JOINT MOTION TO OBTAIN CREDIT

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1   and Credit to state court judgments.

2         The interaction between the Bankruptcy Code and the Full Faith and Credit statute was examined

3   in the case of *In re Keller*, 157 B.R. 680, 684 (Bankr. E.D. Wash. 1993). In *Keller*, the bankruptcy court

4   acknowledged that the Full Faith and Credit statute (28 U.S.C. § 17388) obligates the federal courts to

5   afford full faith and credit to state court judgments, but rejected a creditor's argument that its claim

6   could not be impaired by the debtor's plan:

7
8          Creditor argues that because the Settlement is incorporated into the state court divorce
           decree, the full faith and credit clause of the Constitution prevents this court from
9          modifying the contractual language of the Settlement. Creditor asserts that any action to
           impair her contractual rights under the divorce decree is beyond the authority of this
10         court.

11         Creditor's argument misinterprets the interaction between the Bankruptcy Code and a
           valid state court judgment. Title 28 U.S.C. 17388 obligates the federal courts to afford
12         full faith and credit to state court judgments. The full faith and credit clause makes a
           judgment res judicata concerning matters that have already been fully litigated, and
13         precludes another forum from relitigating the same matter. Here, the Plan does not
           attempt to relitigate the Settlement, nor does it dispute the character or existence of the
14         debt.

15         As a result of the state court judgment, Creditor has a claim against Debtor. Under §
           1123(b) a debtor's plan may "impair or leave unimpaired any class of claims, secured or
16         unsecured."

17
           A plan provision which does not seek to relitigate a claim based on a state court judgment
18         but only impairs that claim via its treatment in the plan does not involve, and therefore
           does not violate, the full faith and credit clause.
19

20  *Id*. at 684–85. Although the *Keller* case is not binding authority, its logic persuasively demonstrates that

21  the Trust's reliance on the Full Faith and Credit statute is misplaced.

22        Debtors acknowledge that their Plan will likely go further than just impairing the Trust's claim,

23  as Cornell has already initiated an adversary proceeding to avoid its obligation to the Trust under § 544.

24  As a result, the avoidance action does seek to modify the Divorce Judgment, but in a permissible way.

25        A strikingly similar case was addressed by the Bankruptcy Appellate Panel for the Sixth Circuit

26

PAGE  7-   DEBTORS' RESPONSE TO CREDITORS'
           OBJECTIONS TO DEBTORS' JOINT MOTION TO
           OBTAIN CREDIT

1     in the case of *In re Dirks*, 2009 WL 103606 (B.A.P. 6th Cir. 2009). In *Dirks*, the court examined

2     whether avoidance actions could be filed to attack a divorce settlement that had been reduced to a

3     judgment. The Dirks court acknowledged that the Full Faith and Credit statute requires federal courts to

4     give state court judgments the same preclusive effect they would be given by the rendering state. *Id*. at

5     *4. However, the court concluded the judgment was not entitled to preclusive effect because the matters

6     in dispute were not actually litigated—they were settled. *Id*. Additionally, even if the judgment was

7     rendered after full litigation on the merits, the issues litigated to divide martial assets under state law are

8     different from the issues presented when examining avoidance actions under the Bankruptcy Code. *Id*.

9         While the bankruptcy trustee ultimately lost his avoidance action in the *Dirks* case, the decision

10     was based on an analysis of the elements of § 547, not the Full Faith and Credit statute. *Id*. Again, while

11     not binding authority, the *Dirks* decision clearly sets forth the analysis when examining the interplay

12     between state court judgments and the Bankruptcy Code.  The Court should reject the Trust's misplaced

13     reliance on the Full Faith and Credit statute.

14     / / /

15     / / /

16     / / /

17     / / /

18     / / /

19     / / /

20     / / /

21     / / /

22     / / /

23     / / /

24     / / /

25     / / /

26     / / /

PAGE   8-     DEBTORS' RESPONSE TO CREDITORS'
           OBJECTIONS TO DEBTORS' JOINT MOTION TO
           OBTAIN CREDIT

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### III.    CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court overrule the Objections and grant the Motion.

Dated:  September 22, 2020

**PERKINS COIE LLP**

By: */s/ Douglas R Pahl*
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Counsel for Debtor and Debtor-in-Possession
*15005 NW Cornell LLC*

DATED:  September 22, 2020

**MOTSCHENBACHER & BLATTNER, LLP**

By: */s/ Nicholas J. Henderson*
Nicholas J. Henderson, OSB No. 074027
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Counsel for Debtor and Debtor-in-Possession
*Vahan M. Dinihanian, Jr.*

PAGE  9-    DEBTORS' RESPONSE TO CREDITORS'
OBJECTIONS TO DEBTORS' JOINT MOTION TO
OBTAIN CREDIT

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Case 19-31883-dwh11    Doc 300    Filed 09/22/20

| | |
|---|---|
| 1 | <div align="center">**CERTIFICATE OF SERVICE**</div> |
| 2 | The undersigned hereby certifies that on the date set forth below, they caused the foregoing |
| 3 | document to be served on the parties listed on the respective attached service list via the CM/ECF filing |
| 4 | system. |
| 5 | |
| 6 | Dated: September 22, 2020 **PERKINS COIE LLP** |
| 7 | By: */s/ Douglas R Pahl* |
| 8 | Douglas R. Pahl, OSB No. 950476<br>DPahl@perkinscoie.com |
| 9 | PERKINS COIE LLP<br>1120 N.W. Couch Street, Tenth Floor |
| 10 | Portland, OR 97209-4128<br>Telephone: 503.727.2000<br>Facsimile: 503.727.2222 |
| 11 | |
| 12 | Counsel for Debtor and Debtor-in-Possession<br>*15005 NW Cornell LLC* |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

PAGE 1- CERTIFICATE OF SERVICE

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11   Doc 300   Filed 09/22/20

**Served via CM/ECF filing system:**

Tasha Teherani-Ami
c/o Eleanor A. DuBay
121 SW Morrison St., Suite 1850
Portland, OR 97204

Cornell Rd LLC
c/o Jordan Ramis PC
ATTN: Daniel Steinberg
ATTN: Russell D. Garrett
2 Centerpointe Drive, 6th Floor
Lake Oswego, OR 97035

Tasha Teherani-Ami, in her capacity as
trustee of the Sonja Dinihanian GST
Trust DTS 01/01/11
c/o Bruce H. Orr
Wyse Kaddish LLP
900 SW 5th Ave., Ste. 2000
Portland, OR 97204

Stephen Arnot
U.S. Trustee, Portland
620 SW Main St. #213
Portland, OR 97205

Alexander LLC
c/o Jordan Ramis PC
ATTN: Daniel Steinberg
ATTN: Russell D. Garrett
2 Centerpointe Drive, 6th Floor
Lake Oswego, OR 97035

Columbia State Bank
c/o Erich M. Paetsch
Park Place, Ste. 200
250 Church St. SE
Salem, OR 97301

Lillian Logan
c/o Jordan Ramis PC
ATTN: Daniel Steinberg
ATTN: Russell D. Garrett
2 Centerpointe Drive, 6th Floor
Lake Oswego, OR 97035

Christiana LLC
c/o Jordan Ramis PC
ATTN: Daniel Steinberg
ATTN: Russell D. Garrett
2 Centerpointe Drive, 6th Floor
Lake Oswego, OR 97035

Sortis Holdings, Inc.
c/o Joe Field
Field Jerger, LLP
621 SW Morrison St., Ste. 510
Portland, OR 97205

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Case 19-31883-dwh11      Doc 300      Filed 09/22/20