Bruce H Orr, OSB No. 813297
Email: bho@wysekadish.com
Wyse Kadish LLP
900 SW Fifth Ave, Ste 2000
Portland, OR 97204
Phone: 503 228-8448
Fax: 503 273-9135

Attorney for Tasha Teherani-Ami, in her capacity as
the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re:<br><br>15005 NW Cornell LLC and<br><br>Vahan M. Dinihanian, Jr.<br><br>                Debtor(s). | Case Nos.<br>19-31883-dwh11 (Lead case)<br>19-31886-dwh11<br><br>Jointly Administered Under<br>19-31883-dwh11<br><br>TASHA TEHERANI-AMI'S CONTINUED OBJECTION, IN HER CAPACITY AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 1/1/11, TO DEBTORS' PROPOSED JOINT DISCLOSURE STATEMENT DATED OCTOBER 13, 2020 |
|---|---|

  Tasha Teherani-Ami ("Ms. Teherani-Ami"), in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11 (the "Trust"), by and through her attorney Bruce H. Orr, hereby renews her objections to Debtors' First Amended Joint Disclosure Statement Dated October 13, 2020 (Dkt #314)("Disclosure Statement"), and restates and supplements those objections as

PAGE 1 - TASHA TEHERANI-AMI'S CONTINUED OBJECTION, IN HER CAPACITY AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 1/1/11, TO DEBTORS' PROPOSED JOINT DISCLOSURE STATEMENT DATED OCTOBER 13, 2020

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 19-31883-dwh11    Doc 317    Filed 10/14/20

follows:

A. The Trust again adopts the objections set forth in the following paragraphs of the objections filed by Alexander LLC, Christiana LLC, Cornell Rd LLC , and Lillian Logan (collectively, the "Logan Parties") filed October 5, 2020 (Dkt. #308):

Paragraph 2

Paragraph 3

Paragraph 4

Paragraph 6, although the Trust's objection is that the Debtors do not adequately disclose that the Tenant in Common Agreement that 15005 LLC is a party to is an executory contract, and whether Debtors plan to assume or reject that agreement.

Paragraphs 8, 9, 10, 11, and 12

**ADDITIONAL OBJECTIONS**

B. In response to a demand made by the Trust since the last hearing, for the first time Debtors disclose that earlier this year Dinihanian, directly or through his alter ego, Eagle Holdings, LLC, borrowed a significant amount of money from the same lender that Debtors are proposing provide the funds and guidance Debtors have determined is, in their view, necessary to carry out the Debtors' proposed plan. This disclosure of the additional financing is made in the footnote on page 12 of the Disclosure Statement. That information is incorrect, in part, and certainly incomplete. The name of the LLC is 933 Harrison Avenue Centrallia LLC, not 933 Harrison Blvd., LLC. See the UCC-1 filed in Oregon, attached. Second, it is not at all clear that Dinihanian does not, as he represents, have an interest in 933 Harrison, in light of the filings in Washington. See the Statement of Reinstatement issued by the State of Washington, attached.

Despite a demand by the Trust, the Debtors have not yet produced documents for the Trust pertaining to this loan. The Debtors should give a more detailed summary of this transaction involving the Plan Lender and Dinihanian.

PAGE 2 - TASHA TEHERANI-AMI'S CONTINUED OBJECTION, IN HER CAPACITY AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 1/1/11, TO DEBTORS' PROPOSED JOINT DISCLOSURE STATEMENT DATED OCTOBER 13, 2020

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 19-31883-dwh11    Doc 317    Filed 10/14/20

C. The Debtors' state at pages 27 and 28 of the proposed disclosure statement the following:

> As *a condition* of the Plan Loan, the Plan Lender will require the Debtors to agree to (i) use their best efforts to complete or otherwise resolve the partition litigation pending in Washington County or (ii), in consultation with the Plan Lender, make a determination that completion of the partition litigation is not practicable within a reasonable time and the Debtors should pursue, through a reservation of jurisdiction by this Court, the sale of the entire Cornell Property pursuant to Section 363(h) of the Bankruptcy Code. The criteria used by Debtors would include the length of time required to complete the proposed partition, the difficulty and expense involved in pursuing the partition if the co-owners of the Cornell Property oppose partition, appeal any judgment in the partition litigation, or if the co-owners otherwise try to block or thwart Debtors' efforts to finalize the partition of the Cornell Property. (Emphasis added.)

(1) The Debtors do not disclose the details of this critical condition of not just the Plan Loan, but the course of the Debtors' combined efforts to reorganize. Because the Debtors have not attached the proposed loan documents, it is unclear just how the Plan Loan will be funded with this "condition" and how that condition will be a legitimate term of a $5 million plus loan. The terms of this condition should be disclosed in detail like all the other import terms of the proposed Plan Loan.

(2) In addition, the Debtors' plan clearly provides for more litigation following confirmation. The partition action will go forward or an adversary proceeding will be filed under Section 363 (although it is not clear at all as to how that might happen.) They do not, however, explain the goals of either of those litigation paths, nor do they discuss the relative merits of both, or what the likely outcomes might be if either is pursued.

(3) Later in that same section, they say:

> For the avoidance of doubt, the Debtors' agreement to referenced above will be sufficient to permit the funding of the Plan Loan and the payment of Claims as set forth in the Plan.

And at the end of the next paragraph:

> The payment of creditors' claims under the Plan will be funded by the Plan Loan and will not await or be dependent upon the resolution of any of the elements of uncertainty described in this paragraph.

PAGE 3 - TASHA TEHERANI-AMI'S CONTINUED OBJECTION, IN HER CAPACITY AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 1/1/11, TO DEBTORS' PROPOSED JOINT DISCLOSURE STATEMENT DATED OCTOBER 13, 2020

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 19-31883-dwh11    Doc 317    Filed 10/14/20

Those sentences are, it appears, inconsistent with the disclosure that the Plan Loan will be "conditional" on the Debtors making a promise to take certain actions.

    (4)    Also, it is not clear what the phrase "in consultation with the Plan Lender" means. Will the Plan Lender be making business decisions for 15005 LLC?

    (5)    Then the Debtors disclose:

> The Debtors anticipate that the Plan Loan will be repaid at maturity by refinancing. If the Debtors are forced to seek relief under Section 363(h) of the Bankruptcy Code, the sale of the NW Cornell-owned as well as non-debtor interests in the Cornell Property will be sold. In this instance, the Plan Loan would be repaid with the proceeds of such sale.

Thus, the Debtors' disclose that their plan, if all goes right, is simply to obtain a first round of financing, then try to successfully litigate the partition the Farm in some unspecified way, *and then refinance again*. This makes no sense. The Debtors do not detail in what way the Code all how allow them to do that, or just how that might come to pass, the terms of such additional financing, the chances of being able to secure such take out financing, and why the Debtors should be able to continue to prevent the enforcement of the General Judgment, and force the Trust to continue to be a member of 15005 LLC through two rounds of financing over its objections.

    (6)    In addition, the Debtors do not disclose what will happen after that second round of financing. Refinance for what purpose? Clearly, there is no long term plan revealed in this Amended Disclosure Statement.

    (7)    Also, the Debtors say that "in consultation with the Plan Lender" they will "make a determination" whether the " completion of the partition litigation is not practicable within a reasonable time and the Debtors should pursue, through a reservation of jurisdiction by this Court, the sale of the entire Cornell Property pursuant to Section 363(h) of the Bankruptcy Code." They do not disclose and explain why they cannot make that determination now.

Why are the Debtors' unable to make that determination now? One of the reasons for a plan and disclosure statement is to allow persons with an interest in a debtor's reorganization to

PAGE 4 - TASHA TEHERANI-AMI'S CONTINUED OBJECTION, IN HER CAPACITY AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 1/1/11, TO DEBTORS' PROPOSED JOINT DISCLOSURE STATEMENT DATED OCTOBER 13, 2020

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 19-31883-dwh11    Doc 317    Filed 10/14/20

1  vote on how the debtor will reorganize and proceed forward.  Here, the Debtors clearly want to do

2  that unilaterally, or "in consultation" with the Plan Lender, all to the exclusion of the Trust and the

3  very few creditors of Dinihanian who are not paid off with the Plan Loan.

4  Also, the Debtors do not explain how, under the Code, this Court could retain jurisdiction

5  after a plan is confirmed, to, essentially, reopen a case to allow a reorganized debtor to institute an

6  adversary proceeding in order to then complete a sale pursuant to Section 363(h).  No adversary

7  proceeding has been filed yet, but that is the only way this Court would obtain jurisdiction over the

8  Logan Parties, and the Trust, to for force an immediate sale of the entire Farm over the objection of

9  the Trust and the Logan Parties.

10  D.  The Debtors still refuse to list the contracts that are executory and whether

11  they intend to assume or reject them, such as the tenant in common agreement, the Operating

12  Agreement for 15005 LLC, the management agreement included in that Operating Agreement, and

13  all rental or lease agreements that Dinihanian has with his tenants.

14  E.  The Debtors have improperly classified the Trust as holding a interest in

15  15005 LLC as a member.  The Trust should be treated in the Plan like the Logan Parties, because

16  the Trust is a tenant in common with respect to the Farm.

17  Dated: October 14, 2020.

18  WYSE KADISH LLP

19  */s/ Bruce H. Orr*
Bruce H. Orr, OSB No. 813297
20  bho@wysekadish.com
Telephone: (503) 228-8448
21  Facsimile: (503) 273-9135
Of Attorneys for Tasha Teherani-Ami, in her
22  capacity as the trustee of the Sonja Dinihanian
GST Trust DTS 1/1/11

PAGE 5 - TASHA TEHERANI-AMI'S CONTINUED OBJECTION, IN HER CAPACITY
AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 1/1/11, TO
DEBTORS' PROPOSED JOINT DISCLOSURE STATEMENT DATED OCTOBER 13,
2020

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 19-31883-dwh11    Doc 317    Filed 10/14/20



**STATE OF OREGON**
Corporation Division - UCC
255 Capitol Street NE, Suite 151
Salem, Or 97310-1327
(503) 986-2200
FilingInOregon.com

# UCC-1

Oregon Secretary of State
Filing Number: 92173150
Filing Date: Jan 30, 2020 04:23 PM

Filed Electronically

*Action:* Initial Filing

*Debtor -*
Organization Name: Eagle Holdings LLC
Address 1: 237 NW Skyline Blvd
City: Portland
State: OR, USA
Zip Code: 97210

*Secured Party -*
Organization Name: SORFI, LLC
Address 1: 9 SE 3rd Avenue, Suite 100
City: Portland
State: OR, USA
Zip Code: 97214

*Collateral -*
certificated units, any other units, other membership interests, options, and other rights to acquire units or other membership interests of 933 Harrison Avenue Centralia LLC, a Washington limited liability company



Filed
Secretary of State
State of Washington
Date Filed: 01/14/2020
Effective Date: 01/14/2020
UBI #: 602 510 390

# STATEMENT OF REINSTATEMENT

## BUSINESS INFORMATION

Business Name:
**933 HARRISON AVENUE CENTRALIA LLC**

UBI Number:
**602 510 390**

Business Type:
**WA LIMITED LIABILITY COMPANY**

Business Status:
**ACTIVE**

Principal Office Street Address:
**237 NW SKYLINE BLVD, PORTLAND, OR, 97210-1053, UNITED STATES**

Principal Office Mailing Address:
**237 NW SKYLINE BLVD, PORTLAND, OR, 97210-1053**

Expiration Date:
**06/30/2021**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/Registration Date:
**06/08/2005**

Period of Duration:
**PERPETUAL**

Inactive Date:

Nature of Business:
**ADMINISTRATION & BUSINESS SUPPORT SERVICES, ANY LAWFUL PURPOSE, RESTAURANT**

## BUSINESS NAME

Business Name
**933 HARRISON AVENUE CENTRALIA LLC**

## REGISTERED AGENT

| Registered Agent Name | Street Address | Mailing Address |
|---|---|---|
| VAHAN DINIHANIAN | 933 HARRISON AVE, CENTRALIA, WA, 98531-2113, UNITED STATES | 933 HARRISON AVE, CENTRALIA, WA, 98531-2113, UNITED STATES |

This document is a public record. For more information visit www.sos.wa.gov/corps

Work Order #: 2020010900014513 - 1
Received Date: 01/09/2020
Amount Received: $280.00

# REGISTERED AGENT CONSENT

Customer provided Registered Agent consent? - **Yes**

# PRINCIPAL OFFICE

Phone:
**503-849-4091**

Email:
**VAHAN237@GMAIL.COM**

Street Address:
**237 NW SKYLINE BLVD, PORTLAND, OR, 97210-1053, UNITED STATES**

Mailing Address:
**237 NW SKYLINE BLVD, PORTLAND, OR, 97210-1053, UNITED STATES**

# GOVERNORS

| Title | Governor Type | Entity Name | First Name | Last Name |
|---|---|---|---|---|
| GOVERNOR | INDIVIDUAL | | VAHAN | DINIHANIAN JR |

# NATURE OF BUSINESS

Nature of Business:
**ADMINISTRATION & BUSINESS SUPPORT SERVICES, ANY LAWFUL PURPOSE RESTAURANT**

# ANNUAL FEE CALCULATIONS

| Filing Name | Annual year | Fee |
|---|---|---|
| REINSTATEMENT | | $140.00 |
| REINSTATEMENTS, FOREIGN REGISTRATIONS ANNUAL REPORT FEE | 06/30/2019 | $60.00 |
| REINSTATEMENTS, FOREIGN REGISTRATIONS ANNUAL REPORT FEE | 06/30/2020 | $60.00 |
| PROCESSING | | $20.00 |
| | **Total :** | **$280.00** |

# EFFECTIVE DATE

Effective Date:
**01/14/2020**

# CONTROLLING INTEREST

1. Does your company own real property (including leasehold interests) in Washington?
**NO**

2. Has there been a transfer of stock, other financial interest change, or an option agreement exercised during the last 12 months that resulted in a transfer of controlling interest?
**NO**

3. Has an option agreement been executed in the last 12 months allowing for the future purchase or acquisition of the entity, that, if

This document is a public record. For more information visit www.sos.wa.gov/corps

Work Order #: 2020010900014513 - 1
Received Date: 01/09/2020
Amount Received: $280.00

Case 19-31883-dwh11    Doc 317    Filed 10/14/20

exercised would result in a transfer of controlling interest?
**NO**

# RETURN ADDRESS FOR THIS FILING

Attention:
**VAHAN DINIHANIAN JR**

Email:
**VAHAN237@GMAIL.COM**

Address:
**237 NW SKYLINE BLVD, PORTLAND, OR, 97210-1053, UNITED STATES**

# UPLOAD ADDITIONAL DOCUMENTS

| Name | Document Type |
|---|---|
| No Value Found. | |

# EMAIL OPT-IN

☑ I hereby opt into receiving all notifications from the Secretary of State for this entity via email only. I acknowledge that I will no longer receive paper notifications.

# AUTHORIZED PERSON - STAFF CONSOLE

☑ Document is signed.

Person Type:
**INDIVIDUAL**

First Name:
**VAHAN**

Last Name:
**DINIHANIAN**

Title:
**MEMBER / MANAGER**

This document is a public record. For more information visit www.sos.wa.gov/corps

Work Order #: 2020010900014513 - 1
Received Date: 01/09/2020
Amount Received: $280.00

Case 19-31883-dwh11    Doc 317    Filed 10/14/20

# CERTIFICATE OF SERVICE

On October 14, 2020, I served copies of the above TASHA TEHERANI-AMI'S CONTINUED OBJECTION, IN HER CAPACITY AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 1/1/11, TO DEBTORS' PROPOSED JOINT DISCLOSURE STATEMENT DATED OCTOBER 13, 2020 on the following entitled to notice:

1) through CM/ECF:

Douglas R. Pahl
  Attorney for debtor 15005 NW Cornell LLC

Nicholas J. Henderson
Troy Sexton
  Attorneys for debtor Vahan M. Dinihanian

Stephen P. Arnot
  U.S. Trustee

Eleanor A. Dubay
  Attorney for creditor Tasha Teherani-Ami

Elayna Z. Matthews
  Attorney for Columbia State Bank

Daniel L. Steinberg
  Attorney for Cornell Road LLC; Lillian Logan

Erich M. Paetsch
  Attorney for Columbia State Bank

Russell D. Garrett
  Attorney for Alexander LLC, et al.

2) using paper by first class mail on those who do not participate in this case through CM/ECF:

DATED: October 14, 2020

                  */s/ Bruce H. Orr*
                  Bruce H. Orr, OSB No. 813297
                  *bho@wysekadish.com*