Douglas Pahl, OSB No. 950476
DPahl@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Counsel for Debtor and Debtor-in-Possession
*15005 NW Cornell LLC*

Nicholas J. Henderson, OSB No. 074027
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Counsel for Debtor and Debtor-in-Possession
*Vahan M. Dinihanian, Jr.*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Bankruptcy Case Nos.: |
| 15005 NW CORNELL LLC, and | 19-31883-dwh11 (Lead Case) |
| VAHAN M. DINIHANIAN, JR. | 19-31886-dwh11 |
| Debtors.[1] | Jointly Administered Under Case No. 19-31883-dwh11 |
| | **SECOND SUPPLEMENTAL DECLARATION OF PAUL BRENNEKE IN SUPPORT OF DEBTORS' MOTION TO OBTAIN FINANCING** |

I, Paul Brenneke, hereby declare the following under penalty of perjury:

1.  I reside in Portland, Oregon. I make this supplemental declaration based on personal knowledge and would testify to the same if called to do so.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 15005 NW Cornell LLC (5523) and Vahan M. Dinihanian, Jr. (0871).

PAGE 1- SECOND SUPPLEMENTAL DECLARATION OF PAUL BRENNEKE IN SUPPORT OF DEBTORS' MOTION TO OBTAIN FINANCING

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11    Doc 318    Filed 10/14/20

2. I make this second supplemental declaration to revise the Closing Date defined in the Term Sheet. The Closing Date will be five business days after the Effective Date of Borrower's Joint Plan of Reorganization. This change is reflected in redline and clean versions of the Term Sheet, attached hereto as Exhibits A and B, respectively.

I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF AND UNDERSTAND THAT IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY OF PERJURY IN THE STATE OF OREGON.

DATED: October 14, 2020

*/s/ Paul Brenneke*
Paul Brenneke, Declarant

PAGE 2- SECOND SUPPLEMENTAL DECLARATION OF PAUL BRENNEKE IN SUPPORT OF DEBTORS' MOTION TO OBTAIN FINANCING

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11    Doc 318    Filed 10/14/20



Term Sheet Date: <u>October 13,</u><s>September 15</s>, 2020

15005 NW Cornell, LLC
c/o Vahan M. Dinihanian, Jr.
237 NW Skyline Boulevard
Portland, Oregon 97210

**<u>Secured Exit Financing</u>**
**<u>Summary of Terms and Conditions</u>**

| | |
|---|---|
| **Lender:** | SORFI, LLC, its successors and/or assigns. |
| **Borrower:** | 15005 NW Cornell, LLC, an Oregon limited liability company, a Debtor-in-Possession under Chapter 11 of the Bankruptcy Code as Case Number 19-31833-dwh11. |
| **Loan Amount:** | $5,600,000 |
| **Collateral:** | All of the Borrower's rights, title and interest in the real property and improvements located at 15005 NW Cornell Road, Beaverton, Washington County, Oregon ("<u>Cornell Property</u>") <u>and</u> all of the Limited Guarantor's rights, title and interest in the real property located at 237 NW Skyline Road, Portland, Multnomah County, Oregon ("<u>Skyline Property</u>")(collectively, the "<u>Collateral</u>"). |
| **Loan Term/Maturity:** | Seven hundred and thirty days (730) days commencing on the date of funding of the Loan, at which date the Loan shall mature and become payable in full. |
| **Extensions:** | Borrower shall have the right to extend the Loan Term for two (2) additional six (6) month periods ("<u>Extended Loan Term</u>"), subject to the following: |

  a) Borrower shall not have been in default, including applicable cure periods, at any time during the Loan Term and any Extended Loan Term;
  b) There have been no material negative changes in the Collateral, the Borrower, and the Limited Guarantor;
  c) Borrower shall notify Lender in writing not less than thirty (30) days prior to expiration of the then current Loan Term of its intent to extend the Loan (the "<u>Extension Notice</u>");
  d) Borrower shall pay an "<u>Extension Fee</u>" equal to 1.00% of the Loan's outstanding principal balance concurrent with the Extension Notice; and
  e) Borrower shall replenish any necessary reserves required by Lender in Lenders sole discretion for the Extended Loan Term concurrent with the Extension Notice.

Page 1 of 5

Exhibit A
Page 1 of 5    Case 19-31883-dwh11    Doc 318    Filed 10/14/20

| | |
|---|---|
| **Amortization:** | Interest Only. |
| **Payments:** | Interest will be payable monthly, in arrears, on the 1st day of each month until the Maturity Date, shall be prorated for any partial months and interest shall be drawn from the Development and Expense Reserve. |
| | The Loan Documents shall provide for (a) a late charge of 5.00% of any payment not received by the due date, (b) default interest of 24.00% upon and during an Event of Default, (c) the right of Lender to accelerate the Loan without notice or grace periods in the event of a payment default and (d) for additional remedies typical of a transaction of this nature. |
| **Interest Rate:** | 12.00% |
| **Origination Fee:** | Borrower shall pay Lender an Origination Fee equal to 2.00% of the Loan Amount. which shall be due and payable at Closing ("Origination Fee"). |
| **Underwriting Fee:** | Borrower shall pay Lender an Underwriting Fee equal to $15,000, which shall be due and payable at Closing ("Underwriting Fee"). |
| **Prepayment:** | During the Loan Term, Borrower will be allowed to prepay the Loan Amount, in full, at any time, provided Lender is repaid all outstanding principal, accrued interest through the date of such repayment, and any and all fees and expenses then due and owing. |
| **Assumption:** | The Loan may not be assumed. |
| **Transfer Provisions:** | The Borrower may not transfer, pledge, assign, hypothecate or encumber, in part or whole, any direct or indirect equity interests in the Borrower. |
| **Limited Guarantor:** | Vahan M. Dinihanian, Jr., ("Dinihanian") an individual and Debtor under Chapter 11 of the Bankruptcy Code as Case Number 19-31886-dwh11. The Loan will be non-recourse as to Dinihanian, subject to certain so called "Carve-outs" and his liability is limited to the extent of his interest in the Skyline Property. The loan documents will provide that Dinihanian and the Borrower will be personally liable for losses incurred by Lender as a result of fraud or intentional misrepresentation by Borrower or any guarantor in connection with the Loan; the gross negligence or willful misconduct of Borrower; the breach of any representation, warranty, covenant or indemnification concerning hazardous substances; the removal or disposal of any portion of the Property after the occurrence of a default; the misapplication or conversion by Borrower of any insurance proceeds or any awards in connection with the condemnation of the Properties; and failure by Borrower to pay |

charges for labor or materials or other charges that can create Liens on any portion of the Properties.

The Loan shall be fully recourse to Dinihanian and Borrower in the event that the first full monthly payment of principal and interest is not paid when due; Borrower fails to permit on-site inspections of the Property, fails to provide financial information or fails to maintain its status as a single purpose entity; Borrower fails to obtain Lender's prior consent to any subordinate financing or other voluntary Lien encumbering the Property; Borrower fails to obtain Lender's prior consent to any assignment, transfer, or conveyance of the Property; Borrower files a voluntary petition under the Bankruptcy Code or any other Federal or state bankruptcy or insolvency law or Borrower files an answer consenting to or otherwise acquiescing in or joining in any involuntary petition filed against it under the Bankruptcy Code or any other Federal or state bankruptcy or insolvency law.

**Security for Loan:** The Loan shall be secured by a first deed of trust or first mortgage and a perfected first security interest in the Collateral, all leases, rents, income and profits therefrom, and all personal property, both tangible and intangible (including replacements, substitutions and after-acquired property) located thereon or used or intended to be used in connection therewith.

**Subordinate Financing:** No secondary financing or encumbrance, either secured or unsecured, of any kind shall be permitted during the Loan Term other than trade payables incurred in the Borrower's normal course of business.

**Closing Date:** Five business days after the Effective Date of Borrower's Joint Plan of Reorganization~~The date Borrower and Guarantor obtain the approval of the Bankruptcy Court for the dismissal of their respective Bankruptcy cases~~.

**Development and Expense Reserve:** Lender shall reserve $1,538,000 of the Loan Amount for funding the payment of development costs, including but not limited to insurance premiums, real estate taxes and interest due under the Loan, according to a cost breakdown and schedule approved by Lender at Closing. The Development and Expense Reserve may be broken in to one or more reserves for payment of interest, property taxes, insurance premiums and development and construction costs, and each such reserve shall be used solely for the designated purpose. The Development and Expense Reserve <u>shall not</u> be deemed an advance at Closing and shall be disbursed monthly upon request according to the draw provisions of the Loan Documents.

Conditions for disbursement of funds for costs incurred in connection with development and/or construction will include: The Lender receives a draw request no more often than once per month

in a form and substance satisfactory to Lender; the Lender receives lien waivers acceptable to the Lender from all persons who supplied labor and/or materials to the Properties; the Lender receives date-down endorsements to its policy of title insurance showing no liens have been recorded against the Properties and no transfers or other instruments have been recorded in violation of the Loan Documents; no stop notice or lien claim or encumbrance has been filed with respect to the Properties; no event of default has occurred and is continuing; all representations and warranties of Borrower set forth in the Loan Documents are true and correct as of the date of Borrower's request; Borrower provides evidence that all hard and soft construction costs will be paid in full from the then current disbursement; and Lender determines that the Loan is "in balance" as will be more particularly defined in the Loan Documents.

**Material Adverse Change:** Lender shall have no obligation to close and fund the Loan if, at any time prior to funding, Lender determines, in its sole judgment, that there shall exist any material adverse circumstances or conditions regarding, or shall have occurred any material adverse change with respect to, the Collateral or its tenants, or the operations, business, assets, liabilities or condition (financial or otherwise) of Borrower, Limited Guarantor or any of their affiliates.

**Interest Calculation:** Interest will be calculated on the basis of a 360-day year but charged for the actual days elapsed.

**Closing Costs/Legal Fees:** Borrower shall pay at Closing, the out-of-pocket expenses incurred by Lender in connection with the proposed Loan. Expenses shall include, but not be limited to, the fees and expenses that Lender may incur for outside legal counsel, fees of all third parties relating to the due diligence review to be undertaken by Lender and its third party consultants, title insurance, insurance review costs, the costs of reviewing operating statements, the cost of an appraisal, environmental reports, engineering and structural reports, zoning reports, survey updating and certificate, construction review costs and travel costs of Lender's personnel and recordation costs.

**Brokers:** Borrower represents and warrants to Lender that neither it, nor any affiliate has engaged any broker, agent or finder to procure the proposed Loan contemplated by this Term Sheet or to otherwise finance the Collateral. Borrower hereby agrees to indemnify and hold harmless Lender and its affiliates against any and all loss, cost, damage, liability or expense incurred by Lender or its affiliates arising out of, or in connection with, a breach of the representations and warranties set forth in this paragraph.

**Loan Documents:** All loan documents, including without limitation, the promissory note, loan agreement, mortgage, deed of trust or security deed, fixture filing, assignment of leases and rents, pledge and security agreement, UCC financing statements, environmental and building

| | laws indemnity and any other documents required by Lender (collectively, "<u>Loan Documents</u>"), shall be prepared by counsel for Lender and shall be in all respects in form and substance satisfactory to Lender in its sole discretion. The Loan Documents will contain representations, warranties and covenants of Borrower appropriate or customary for similar transactions. |
|---|---|
| **Events of Default:** | The Loan Documents will provide that certain acts, omissions or events constitute "Events of Default" including, but not limited to: the failure to pay the Loan in full by the Maturity Date; failure to make any required monthly payment of principal or interest or any other payment required under the Loan Documents when due; failure to perform any other covenant, agreement or obligation to be performed by Borrower under the Loan Documents if such failure is not cured within thirty (30) days after written notice thereof; the occurrence of any default by Borrower with respect to hazardous substances; the occurrence of any transfer of the Properties or interests in the Borrower without Lender's consent; any representation or warranty made by Borrower or Guarantor proves to be false or misleading in any material respect; The filing of a complaint for receivership or the filing of a voluntary or involuntary petition for bankruptcy or for reorganization with respect to Borrower or any Guarantor; a final judgment, order, or decree for the payment of money is rendered against Borrower or any Guarantor, and Borrower or such Guarantor does not satisfy and pay the same or cause it to be discharged within thirty (30) days from the entry thereof; Borrower fails to maintain any of the insurance coverage required under the Loan Documents; the occurrence of an uninsured casualty with respect to any material portion of the Properties; or the Properties or any part thereof is condemned or taken in any eminent domain or other like proceeding. |
| **Assignability:** | This Term Sheet may not be assigned, in whole or in part, by Borrower, by operation of law or otherwise, and is intended for the benefit of the parties hereto and not for the benefit of any third parties. |
| **Governing Law:** | This Term Sheet and the Loan Documents shall be governed by, and construed in accordance with, the laws of the State of Oregon, without regard to principles of conflicts of laws. |
| **Conditions Precedent to Closing:** | Borrower shall grant to Sortis Real Estate, LLC, a right of first refusal to serve as the listing broker to market and sell the Cornell Property. |

Page 5 of 5

Exhibit A
Page 5 of 5     Case 19-31883-dwh11    Doc 318    Filed 10/14/20



Term Sheet Date: October 13, 2020

15005 NW Cornell, LLC
c/o Vahan M. Dinihanian, Jr.
237 NW Skyline Boulevard
Portland, Oregon 97210

**Secured Exit Financing**
**Summary of Terms and Conditions**

| | |
|---|---|
| **Lender:** | SORFI, LLC, its successors and/or assigns. |
| **Borrower:** | 15005 NW Cornell, LLC, an Oregon limited liability company, a Debtor-in-Possession under Chapter 11 of the Bankruptcy Code as Case Number 19-31833-dwh11. |
| **Loan Amount:** | $5,600,000 |
| **Collateral:** | All of the Borrower's rights, title and interest in the real property and improvements located at 15005 NW Cornell Road, Beaverton, Washington County, Oregon ("Cornell Property") and all of the Limited Guarantor's rights, title and interest in the real property located at 237 NW Skyline Road, Portland, Multnomah County, Oregon ("Skyline Property")(collectively, the "Collateral"). |
| **Loan Term/Maturity:** | Seven hundred and thirty days (730) days commencing on the date of funding of the Loan, at which date the Loan shall mature and become payable in full. |
| **Extensions:** | Borrower shall have the right to extend the Loan Term for two (2) additional six (6) month periods ("Extended Loan Term"), subject to the following: |

  a) Borrower shall not have been in default, including applicable cure periods, at any time during the Loan Term and any Extended Loan Term;
  b) There have been no material negative changes in the Collateral, the Borrower, and the Limited Guarantor;
  c) Borrower shall notify Lender in writing not less than thirty (30) days prior to expiration of the then current Loan Term of its intent to extend the Loan (the "Extension Notice");
  d) Borrower shall pay an "Extension Fee" equal to 1.00% of the Loan's outstanding principal balance concurrent with the Extension Notice; and
  e) Borrower shall replenish any necessary reserves required by Lender in Lenders sole discretion for the Extended Loan Term concurrent with the Extension Notice.

| | |
|---|---|
| **Amortization:** | Interest Only. |
| **Payments:** | Interest will be payable monthly, in arrears, on the 1st day of each month until the Maturity Date, shall be prorated for any partial months and interest shall be drawn from the Development and Expense Reserve. |
| | The Loan Documents shall provide for (a) a late charge of 5.00% of any payment not received by the due date, (b) default interest of 24.00% upon and during an Event of Default, (c) the right of Lender to accelerate the Loan without notice or grace periods in the event of a payment default and (d) for additional remedies typical of a transaction of this nature. |
| **Interest Rate:** | 12.00% |
| **Origination Fee:** | Borrower shall pay Lender an Origination Fee equal to 2.00% of the Loan Amount. which shall be due and payable at Closing ("Origination Fee"). |
| **Underwriting Fee:** | Borrower shall pay Lender an Underwriting Fee equal to $15,000, which shall be due and payable at Closing ("Underwriting Fee"). |
| **Prepayment:** | During the Loan Term, Borrower will be allowed to prepay the Loan Amount, in full, at any time, provided Lender is repaid all outstanding principal, accrued interest through the date of such repayment, and any and all fees and expenses then due and owing. |
| **Assumption:** | The Loan may not be assumed. |
| **Transfer Provisions:** | The Borrower may not transfer, pledge, assign, hypothecate or encumber, in part or whole, any direct or indirect equity interests in the Borrower. |
| **Limited Guarantor:** | Vahan M. Dinihanian, Jr., ("Dinihanian") an individual and Debtor under Chapter 11 of the Bankruptcy Code as Case Number 19-31886-dwh11. The Loan will be non-recourse as to Dinihanian, subject to certain so called "Carve-outs" and his liability is limited to the extent of his interest in the Skyline Property. The loan documents will provide that Dinihanian and the Borrower will be personally liable for losses incurred by Lender as a result of fraud or intentional misrepresentation by Borrower or any guarantor in connection with the Loan; the gross negligence or willful misconduct of Borrower; the breach of any representation, warranty, covenant or indemnification concerning hazardous substances; the removal or disposal of any portion of the Property after the occurrence of a default; the misapplication or conversion by Borrower of any insurance proceeds or any awards in connection with the condemnation of the Properties; and failure by Borrower to pay |

charges for labor or materials or other charges that can create Liens on any portion of the Properties.

The Loan shall be fully recourse to Dinihanian and Borrower in the event that the first full monthly payment of principal and interest is not paid when due; Borrower fails to permit on-site inspections of the Property, fails to provide financial information or fails to maintain its status as a single purpose entity; Borrower fails to obtain Lender's prior consent to any subordinate financing or other voluntary Lien encumbering the Property; Borrower fails to obtain Lender's prior consent to any assignment, transfer, or conveyance of the Property; Borrower files a voluntary petition under the Bankruptcy Code or any other Federal or state bankruptcy or insolvency law or Borrower files an answer consenting to or otherwise acquiescing in or joining in any involuntary petition filed against it under the Bankruptcy Code or any other Federal or state bankruptcy or insolvency law.

**Security for Loan:** The Loan shall be secured by a first deed of trust or first mortgage and a perfected first security interest in the Collateral, all leases, rents, income and profits therefrom, and all personal property, both tangible and intangible (including replacements, substitutions and after-acquired property) located thereon or used or intended to be used in connection therewith.

**Subordinate Financing:** No secondary financing or encumbrance, either secured or unsecured, of any kind shall be permitted during the Loan Term other than trade payables incurred in the Borrower's normal course of business.

**Closing Date:** Five business days after the Effective Date of Borrower's Joint Plan of Reorganization.

**Development and Expense Reserve:** Lender shall reserve $1,538,000 of the Loan Amount for funding the payment of development costs, including but not limited to insurance premiums, real estate taxes and interest due under the Loan, according to a cost breakdown and schedule approved by Lender at Closing. The Development and Expense Reserve may be broken in to one or more reserves for payment of interest, property taxes, insurance premiums and development and construction costs, and each such reserve shall be used solely for the designated purpose. The Development and Expense Reserve <u>shall not</u> be deemed an advance at Closing and shall be disbursed monthly upon request according to the draw provisions of the Loan Documents.

Conditions for disbursement of funds for costs incurred in connection with development and/or construction will include: The Lender receives a draw request no more often than once per month in a form and substance satisfactory to Lender; the Lender receives lien waivers acceptable to the Lender from all persons who supplied

Page 3 of 5

Exhibit B
Page 3 of 5    Case 19-31883-dwh11    Doc 318    Filed 10/14/20

| | labor and/or materials to the Properties; the Lender receives date-down endorsements to its policy of title insurance showing no liens have been recorded against the Properties and no transfers or other instruments have been recorded in violation of the Loan Documents; no stop notice or lien claim or encumbrance has been filed with respect to the Properties; no event of default has occurred and is continuing; all representations and warranties of Borrower set forth in the Loan Documents are true and correct as of the date of Borrower's request; Borrower provides evidence that all hard and soft construction costs will be paid in full from the then current disbursement; and Lender determines that the Loan is "in balance" as will be more particularly defined in the Loan Documents. |
|---|---|
| **Material Adverse Change:** | Lender shall have no obligation to close and fund the Loan if, at any time prior to funding, Lender determines, in its sole judgment, that there shall exist any material adverse circumstances or conditions regarding, or shall have occurred any material adverse change with respect to, the Collateral or its tenants, or the operations, business, assets, liabilities or condition (financial or otherwise) of Borrower, Limited Guarantor or any of their affiliates. |
| **Interest Calculation:** | Interest will be calculated on the basis of a 360-day year but charged for the actual days elapsed. |
| **Closing Costs/Legal Fees:** | Borrower shall pay at Closing, the out-of-pocket expenses incurred by Lender in connection with the proposed Loan. Expenses shall include, but not be limited to, the fees and expenses that Lender may incur for outside legal counsel, fees of all third parties relating to the due diligence review to be undertaken by Lender and its third party consultants, title insurance, insurance review costs, the costs of reviewing operating statements, the cost of an appraisal, environmental reports, engineering and structural reports, zoning reports, survey updating and certificate, construction review costs and travel costs of Lender's personnel and recordation costs. |
| **Brokers:** | Borrower represents and warrants to Lender that neither it, nor any affiliate has engaged any broker, agent or finder to procure the proposed Loan contemplated by this Term Sheet or to otherwise finance the Collateral. Borrower hereby agrees to indemnify and hold harmless Lender and its affiliates against any and all loss, cost, damage, liability or expense incurred by Lender or its affiliates arising out of, or in connection with, a breach of the representations and warranties set forth in this paragraph. |
| **Loan Documents:** | All loan documents, including without limitation, the promissory note, loan agreement, mortgage, deed of trust or security deed, fixture filing, assignment of leases and rents, pledge and security agreement, UCC financing statements, environmental and building laws indemnity and any other documents required by Lender (collectively, "<u>Loan Documents</u>"), shall be prepared by counsel for |

| | |
|---|---|
| | Lender and shall be in all respects in form and substance satisfactory to Lender in its sole discretion. The Loan Documents will contain representations, warranties and covenants of Borrower appropriate or customary for similar transactions. |
| **Events of Default:** | The Loan Documents will provide that certain acts, omissions or events constitute "Events of Default" including, but not limited to: the failure to pay the Loan in full by the Maturity Date; failure to make any required monthly payment of principal or interest or any other payment required under the Loan Documents when due; failure to perform any other covenant, agreement or obligation to be performed by Borrower under the Loan Documents if such failure is not cured within thirty (30) days after written notice thereof; the occurrence of any default by Borrower with respect to hazardous substances; the occurrence of any transfer of the Properties or interests in the Borrower without Lender's consent; any representation or warranty made by Borrower or Guarantor proves to be false or misleading in any material respect; The filing of a complaint for receivership or the filing of a voluntary or involuntary petition for bankruptcy or for reorganization with respect to Borrower or any Guarantor; a final judgment, order, or decree for the payment of money is rendered against Borrower or any Guarantor, and Borrower or such Guarantor does not satisfy and pay the same or cause it to be discharged within thirty (30) days from the entry thereof; Borrower fails to maintain any of the insurance coverage required under the Loan Documents; the occurrence of an uninsured casualty with respect to any material portion of the Properties; or the Properties or any part thereof is condemned or taken in any eminent domain or other like proceeding. |
| **Assignability:** | This Term Sheet may not be assigned, in whole or in part, by Borrower, by operation of law or otherwise, and is intended for the benefit of the parties hereto and not for the benefit of any third parties. |
| **Governing Law:** | This Term Sheet and the Loan Documents shall be governed by, and construed in accordance with, the laws of the State of Oregon, without regard to principles of conflicts of laws. |
| **Conditions Precedent to Closing:** | Borrower shall grant to Sortis Real Estate, LLC, a right of first refusal to serve as the listing broker to market and sell the Cornell Property. |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date set forth below, they caused the foregoing document to be served on the parties listed on the respective attached service list via the CM/ECF filing system.

Dated: October 14, 2020      **PERKINS COIE LLP**

By: */s/ Douglas R Pahl*
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Counsel for Debtor and Debtor-in-Possession
*15005 NW Cornell LLC*

PAGE 1- CERTIFICATE OF SERVICE

**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11    Doc 318    Filed 10/14/20

**Served via CM/ECF filing system:**

| | | |
|---|---|---|
| Tasha Teherani-Ami<br>c/o Eleanor A. DuBay<br>121 SW Morrison St., Suite 1850<br>Portland, OR 97204 | Stephen Arnot<br>U.S. Trustee, Portland<br>620 SW Main St. #213<br>Portland, OR 97205 | Lillian Logan<br>c/o Jordan Ramis PC<br>ATTN: Daniel Steinberg<br>ATTN: Russell D. Garrett<br>2 Centerpointe Drive, 6th Floor<br>Lake Oswego, OR 97035 |
| Cornell Rd LLC<br>c/o Jordan Ramis PC<br>ATTN: Daniel Steinberg<br>ATTN: Russell D. Garrett<br>2 Centerpointe Drive, 6th Floor<br>Lake Oswego, OR 97035 | Alexander LLC<br>c/o Jordan Ramis PC<br>ATTN: Daniel Steinberg<br>ATTN: Russell D. Garrett<br>2 Centerpointe Drive, 6th Floor<br>Lake Oswego, OR 97035 | Christiana LLC<br>c/o Jordan Ramis PC<br>ATTN: Daniel Steinberg<br>ATTN: Russell D. Garrett<br>2 Centerpointe Drive, 6th Floor<br>Lake Oswego, OR 97035 |
| Tasha Teherani-Ami, in her capacity as trustee of the Sonja Dinihanian GST Trust DTS 01/01/11<br>c/o Bruce H. Orr<br>Wyse Kaddish LLP<br>900 SW 5th Ave., Ste. 2000<br>Portland, OR 97204 | Columbia State Bank<br>c/o Erich M. Paetsch<br>Park Place, Ste. 200<br>250 Church St. SE<br>Salem, OR 97301 | Sortis Holdings, Inc.<br>c/o Joe Field<br>Field Jerger, LLP<br>621 SW Morrison St., Ste. 510<br>Portland, OR 97205 |

PAGE 1- SERVICE LIST

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 19-31883-dwh11    Doc 318    Filed 10/14/20