UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re | |
|---|---|
| **15005 NW Cornell LLC** | Case No. **19-31883-dwh11** |
| | ☐ Amended |
| Debtor(s) | **NOTICE OF CLAIM OBJECTION** |

**Notice to Claimant.** An objection by **15005 NW Cornell LLC** to your claim in this bankruptcy case has been filed and is enclosed with this notice.

**Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then within 30 days from the service date below, you or your attorney must do one of the following:

1. Obtain a written withdrawal of the claim objection by the objector. In order to obtain a withdrawal, you may need to provide the objector with any documentation supporting your claim that was not included when you filed your claim with the court. You should send this documentation to the objector at the service address listed at the bottom of the claim objection. The written withdrawal of the objection must be filed with the court within 30 days of the service date below.

2. Prepare a written response to the objection, explaining your position, and file both the written response and a certificate showing a copy of the response has been served on the objector at the service address listed at the bottom of the claim objection with the clerk at 1050 SW 6th Ave #700, Portland, OR 97204 or 405 E 8th Ave #2600, Eugene, OR 97401. If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it within 30 days of the service date below.

If you or your attorney do not take one of these steps within 30 days of the service date below, the court may decide that you do not oppose the objection to your claim and reduce, modify, or eliminate your claim without further notice or a hearing.

I certify that on **08/30/2021** (service date) this notice and the objection were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 3007(a)(2) on the claimant, debtor or debtor in possession, trustee, and, if applicable, the entity filing the proof of claim under FRBP 3005, and that the names, addresses, and methods used for service are as follows (*attach additional page if necessary*):

by mail and the ECF filing system on: Alexander LLC, c/o Daniel L. Steinberg, Two Centerpointe Drive, 6th Floor, Lake Oswego, OR 97035; Stephen Arnot, U.S. Trustee, Portland 620 SW Main St. #213, Portland, OR 97205; and by mail only: Vahan M. Dinihanian Jr., 237 NW Skyline Blvd., Portland, OR 97210-1053.

| **Douglas R. Pahl** | **/s/ Douglas R. Pahl** |
|---|---|
| Printed Name | Signature |

763.1 (12/01/2019)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re
**15005 NW Cornell LLC**

Case No. **19-31883-dwh11**
☐ Amended

Debtor(s)

**CLAIM OBJECTION**

1. The undersigned objects to proof of claim no. **5-1** (claim) in the amount of $ **104,968.00** filed on behalf of **Alexander LLC** (creditor).

2. The undersigned objects to the claim for the following reasons (*check all applicable reasons*):

    ☐ Claim duplicates proof of claim no. _____ filed on behalf of _____.

    ☐ Claim fails to assert grounds for priority, or grounds asserted are not valid as described below in "Other."

    ☐ Claim was not filed on behalf of the real party in interest.

    ☐ Claim appears to include interest or charges accrued after the petition date.

    ☐ Value of collateral exceeds debt.

    ☐ Claim arrearage asserted is incorrect.

    ☐ Claim is a secured claim, but creditor neither (a) specified that any portion of claim should be treated as unsecured nor (b) requested a hearing to determine value of collateral.

    ☐ Claim includes taxes assessed against real or personal property, but the interest of the estate in the property against which taxes were assessed has no value because estate has no equity or interest in the property.

    ☒ Claim does not include documentation required by Federal Rule of Bankruptcy Procedure 3001(c) and (d) (for example, a copy of the note or documents establishing secured status or an assignment of the claim to creditor), and another reason for disallowance is stated in this objection.

☐ Claim does not require future distribution because (state reason, for example, creditor obtained relief from stay or has been paid in full from another source):
_____
_____.

☒ Other:
**Debtor lacks sufficent information to assess the asserted claim.**

3. The undersigned moves that the claim be (*check applicable boxes*):

☒ Disallowed in full.

☐ Disallowed for any distribution.

☐ Disallowed for future distribution greater than the amount already paid ($_____).

☐ Allowed as (*fill in each blank even if amount is $0*):
  a secured claim for $ _____,
  a priority unsecured claim for $ _____, and
  a nonpriority unsecured claim for $ _____.

☐ Allowed with an arrearage of $ _____ (if amount of arrearage is contested).

Date: **08/30/2021**  Signature: **/s/ Douglas R. Pahl**
Name: **Douglas R. Pahl**
Relation to Case: **Counsel for Debtor 15005 NW Cornell LLC**
Service Address: **1120 NW Couch St., 10th Floor, Portland, OR 97209**
Phone #: **503-727-2000**
Email Address: **DPahl@perkinscoie.com**
Last 4 digits of Taxpayer ID# (if objector is debtor): **5523**