**Nicholas J. Henderson, OSB No. 074027**
Motschenbacher & Blattner LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0521
nhenderson@portlaw.com

*Attorneys for Debtor, Vahan M. Dinihanian, Jr.*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re:<br><br>15005 NW Cornell LLC; and<br>Vahan M. Dinihanian, Jr.,<br><br>      Debtor. | Bankruptcy Case Nos.<br><br>19-31883-dwh11 (Lead Case)<br>19-31886-dwh 11<br><br>Jointly Administered Under Case No.<br>19-31883-dwh11<br><br>DEBTOR'S OBJECTION TO CREDITOR TASHA TEHERANI-AMI'S MOTION FOR RELIEF FROM AUTOMATIC STAY |
|---|---|

  Debtor Vahan M. Dinihanian, Jr. objects to Creditor Tasha Teherani-Ami's Motion for Relief from Automatic Stay, and in support of his objection, states as follows:

### I. FACTUAL BACKGROUND

  On May 21, 2019 (the "Petition Date"), the Debtor and 15005 NW Cornell separately filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. *See* [Dkt No. 1] 19-31883-dwh11; [Dkt No. 1] 19-31886-dwh11. The Debtor is the managing member of 15005 and manages the business as debtors-in-possession pursuant to §§1107(a) of the Bankruptcy Code. On June 7, 2019, the Court entered an Order Directing Joint Administration of Chapter 11 Cases [Dkt No.22]. The Debtor and 15005 filed for bankruptcy to stop the Creditor's impending non-

Page 1 DEBTOR'S OBJECTION TO CREDITOR'S MOTION FOR
{00485432:2} RELIEF FROM AUTOMATIC STAY

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11  Doc 503  Filed 12/06/21

judicial foreclosure on NW Cornell's interest in approximately 38 acres of unimproved property located at 15005 NW Cornell Road, Beaverton, Oregon (the "Cornell Property"). Declaration of Vahan Dinihanian Jr. in Support of Motion for Joint Administration of Chapter 11 Cases ¶ 5.

The Cornell Property is currently the subject of a partition action pending in the Circuit Court of the State of Oregon for Washington County (15005 NW Cornell, LLC v. Cornell Rd, LLC, et al., Case No. 18CV17059), involving limited liability companies owned or controlled by the Debtor's sister, Lilian Logan, and her children. *Id.* at ¶ 4 (the "Lawsuit"). Evidence introduced in the lawsuit indicates that the Cornell Property's value is sufficient to pay all of the Debtor's and Cornell's creditors in full. Prior to the completion of the partition action, however, borrowing against or selling the Cornell Property is not feasible. *Id.*

The Cornell Property is also the subject of a non-judicial foreclosure proceeding initiated by the Creditor under a deed of trust executed pursuant to the General Judgment of Dissolution of Marriage, dated February 1, 2016, in the Circuit Court of the State of Oregon for Multnomah County. (Dinihanian and Dinihanian, Case No. 1208-68730). *Id.* at ¶ 5 (the "Divorce Proceeding"). The Creditor also initiated a non-judicial foreclosure proceeding against the Debtor's personal residence pursuant to a second deed of trust (the "Residence") *Id.* The deeds of trust on the Residence and the Cornell Property were executed to secure a payment by the Debtor to the Creditor in the principal amount of $2.25 million, due January 6, 2019. *Id.*

## II. LEGAL BASIS FOR MOTION

A bankruptcy petition stays a nonjudicial foreclosure and other actions against the debtor and property of the estate. 11 U.S.C. § 362(a)(3)(A bankruptcy petition acts as a stay of "any act to obtain possession of property of the estate"). By means of the automatic stay, "Congress intended to give debtors a 'breathing spell' from their creditors and to stop 'all collection efforts, all harassment, and all foreclosure actions.'" *Delpit v. C.I.R.*, 18 F.3d 768, 771 (9th Cir. 1994) (quoting H.R.Rep. No. 95–595, at 340 (1978)). *See also* S*anta Clara County Fair Ass'n v.*

Page 2     DEBTOR'S OBJECTION TO CREDITOR'S MOTION FOR
{00485432:2}  RELIEF FROM AUTOMATIC STAY

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11    Doc 503    Filed 12/06/21

*Sanders*, 180 B.R. 564, 566 (9th Cir. BAP 1995) (stating that the automatic stay serves the two-fold purpose of "prevent[ing] the diminution or dissipation of the bankruptcy estate and enabl[ing] the debtor to avoid the multiplicity of claims arising against the estate in different forums"). This "breathing spell" afforded by the automatic stay permits a chapter 11 debtor in possession to focus its efforts on reorganization. The automatic stay also promotes the goal of equality of distribution among creditors by preventing them from picking apart the bankruptcy estate piecemeal, while assuring that a debtor in possession has an opportunity to use property necessary for an effective reorganization. *See generally* 3 Collier on Bankruptcy ¶ 362.03, at 362–13 (Alan N. Resnick & Henry J. Sommers eds., 15th ed. rev.2003).

Motions for stay relief are summary proceedings. *In re Johnson*, 756 F.2d 738, 740 (9th Cir.1985). Stay litigation is confined to the issues of "lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause for relief from the stay." *In re Computer Commc'ns, Inc.*, 824 F.2d 725, 729 (9th Cir. 1987); *see In re Johnson*, 756 F.2d 738, 739 (9th Cir. 1985) (the "validity of the claim or contract underlying the claim is not litigated during the hearing"); *In re Wade*, 115 B.R. 222, 230 (9th Cir. BAP 1990) ("the assertion of counterclaims in relief from stay litigation is improper").

### A. Cause under § 362(d)(1)

Section 362(d)(1) directs the court to grant relief from the automatic stay upon a showing of "cause." The only express definition of cause in § 362(d)(1) is the single example that it includes lack of adequate protection of a creditor's interest. Other than lack of adequate protection, what constitutes "cause" has no clear definition and is determined on a case-by-case basis. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990). Courts outside the Ninth Circuit have found that "cause" is intentionally not defined in the Code to provide a broad and flexible concept that permits a bankruptcy court, as court of equity, to respond to inherently fact-

Page 3
{00485432:2}
DEBTOR'S OBJECTION TO CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11    Doc 503    Filed 12/06/21

sensitive situations. *In re Texas State Optical, Inc.*, 188 B.R. 552 (Bkrtcy.E.D.Tex.1995). Outside of stay relief requests seeking to continue litigation in another forum, these courts have evaluated multiple factors in determining whether the automatic stay should be modified for cause include: (1) an interference with the bankruptcy; (2) good or bad faith of the debtor; (3) injury to the debtor and other creditors if the stay is modified; (4) injury to the movant if the stay is not modified; and (5) the relative proportionality of the harms from modifying or continuing the stay *In re Tirey Distrib. Co.*, 242 B.R. 717, 723 (Bankr. E.D. Okla. 1999) (citing *In re Milne*, 185 B.R. 280, 283 (N.D. Ill. 1995)) (the "*Milne* factors").

### B. Necessary for a successful reorganization under § 362(d)(2)

Section 362(d)(2) is utilized by a creditor in cases where "cause" under 362(d)(1) may not be found and a stay modification is sought regarding an act against property of the estate and not with regard to the debtor themselves. *Id.* ("with respect to a stay of an act against property under subsection (a) of this section…). Section 362(d)(2) is less flexible in its construction than § 362(d)(1) because it explicitly requires that a moving creditor show that the debtor has no equity in the property. 11 USC § 362(d)(2)(B). The debtor must then demonstrate that the property is needed for effective reorganization to avoid the granting of the motion. *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375–76 (1988) ("*Timbers")*; 11 U.S.C. § 362(g). In showing necessity for reorganization, the debtor need not prove that a plan will actually be confirmed, but the proof cannot be entirely speculative and there must be some evidence that the plan is achievable.

### C. The burden of proof under §362(d)(1) and (2)

The burden of proof on a motion to terminate, modify, or grant relief from the automatic stay shifts. *Sonnax Indus., Inc. v. Tri Component Prods. Corp.* 907 F.2d 1280, 1285 (2nd Cir.1990). However, neither the Ninth Circuit Court of Appeals nor the Bankruptcy Appellate Panel have issued a published decision conclusively addressing the standard of proof for

Page 4
{00485432:2}
DEBTOR'S OBJECTION TO CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11    Doc 503    Filed 12/06/21

establishing cause for stay relief under § 362(d)(1). *In re Advanced Med. Spa Inc.*, No. BAP EC-16-1087, 2016 WL 6958130, at *4–5 (B.A.P. 9th Cir. Nov. 28, 2016). Despite this lack of precedential authority, the trend endorsed by the BAP in its unpublished opinion in *In re Advanced Med. Spa Inc.* is that "the party seeking relief must first establish a *prima facie* case that "cause" exists for relief under § 362(d)(1). *Id.*; *see also In re Abrantes Const. Corp.*, 132 B.R. 234, 238 (N.D.N.Y. 1991) ("After *In re Sonnax,* there is no doubt that a court's determination of whether a movant has met its burden of proof on the issue of "cause" must include an analysis of the [relevant factors constituting cause].") Once a *prima facie* case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. If the movant fails to meet its initial burden to demonstrate cause, relief from the automatic stay should be denied. Under § 362(d)(2), the movant has the burden on the issue of the debtor's equity, and "the party opposing such relief has the burden of proof on all other issues" 11 USC § 362(g).

### III. ARGUMENT

The Creditor's motion for relief should be denied under § 362(d)(2) because the Residence is necessary for the successful reorganization of the Debtor. The Residence is the Debtor's residence and place of business; it is therefore necessary for a successful reorganization. The Creditor's alternative argument, that cause for relief exists under § 362(d)(1), should be equally denied because the Creditor is over secured on the Cornell Property, which the Creditor is actively foreclosing on. It is disingenuous to allow a creditor to seek relief due to lack of security on one piece of property, when that same creditor has stipulated to being significantly over secured in another property that the creditor is concurrently seeking to liquidate.

/ / / /

/ / / /

Page 5   DEBTOR'S OBJECTION TO CREDITOR'S MOTION FOR
{00485432:2}   RELIEF FROM AUTOMATIC STAY

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11    Doc 503    Filed 12/06/21

### a. The Residence is necessary for an effective reorganization under § 362(d)(2) and the Debtor has reasonable prospects for reorganization.

The Creditor is not entitled to relief from stay under § 362(d)(2) because the Residence is necessary for an effective reorganization. When a debtor's residence is also his place of business, it is presumably necessary to an effective reorganization. *In re Palacios*, BAP CC-12-1502, 2013 WL 1615790, at *5 (BAP 9th Cir Apr 15, 2013). Additionally, when a debtor's intent in filing bankruptcy includes saving his residence from foreclosure, a "secured creditor rarely qualifies for relief from stay under section 362(d)(2)" because saving the residence is a fundamental purpose in filing the bankruptcy case. *In re Elmore,* 94 BR 670, 677 (Bankr CD Cal 1988)(Ch. 13 Case).

In this District, courts have previously found that relief under §362(d)(2) is not appropriate if the property is necessary for the performance of a debtor's business and that business is going to be carried on post-confirmation. *In Re Elco Logging Corp* 42 B.R. 9 (Bankr. Or 1983). In *Elco Logging*, a finance company sought to foreclose on three logging trucks used in the debtor's logging business. The trucks were used on a regular basis for hauling logs to mills and the amount of business that the debtor had required all of them. *Id.* at 11. The motion for relief was denied because "the evidence indicated without the collateral the defendant would be hard pressed to continue his present hauling schedule." *Id.*

The Creditor cannot prevail on her § 362(d)(2) claim because the Residence is necessary for an effective reorganization. The Debtor's intent in filing was, in part, to save the Residence from foreclosure. He operates his business from the Residence, and obtains income from renting out residential units located there. Without the Residence, he would lose income, a place to live and a place to work. It is therefore necessary for him to reorganize.

The Creditor's claims about the lack of a currently filed plan and the denial of the Debtor's previous plan are not sufficient to prove that the Residence is not necessary for an

Page 6
{00485432:2}
DEBTOR'S OBJECTION TO CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11    Doc 503    Filed 12/06/21

effective reorganization. The standard is whether or not the debtor has a reasonable possibility of reorganization. *Timbers* 484 U.S. at 376 ("that there must be a reasonable possibility of a successful reorganization within a reasonable time.")(citations omitted); *see also In re Dublin Properties*, 12 B.R. 77, 80–81 (Bankr. E.D. Pa. 1981) ("Furthermore, the debtor has offered the supporting testimony of several persons on this issue which in our view demonstrates that the debtor's alternatives are more than a mere financial pipe dream…. To show such a reasonable likelihood we do not require that a debtor demonstrate that it has actually proposed a plan of reorganization acceptable to its creditors. It must only demonstrate that there is a reasonable probability that it will be able to propose a plan that will result in its successful reorganization.").

Reorganization is reasonably possible in this case. The Debtor is actively preparing a new plan that will address the shortcomings identified by the Court when it denied confirmation of his initial plan, while still paying his creditors in full. The Cornell Property has significant value, and it is only the unique facts of this case and the animosity between the parties that have prevented the prior sale of the Cornell Property.

Finally, the Creditor's equity argument is misleading. The Creditor has a lien on both the Residence and the Cornell Property, and is already pursuing foreclosure of their lien on the Cornell Property. Earlier in this case the Creditor agreed with the Debtor that the Cornell Property was worth $27,000,000. See Docket No. 250-2, Ex. 21. After the Creditor liquidates their claim in the Cornell Property, they will almost certainly be paid in full, leaving nothing to be obtained from the Residence, and creating significant equity in it. When viewed in the context of the totality of the property that secures the Creditor's lien, there is equity in the Residence.

### b. Cause for relief does not exist under § 362(d)(1)

The Creditor has the initial burden of proving cause. *In re Advanced Med. Spa Inc.*, No. BAP EC-16-1087, 2016 WL 6958130, at *4–5 (B.A.P. 9th Cir. Nov. 28, 2016). The sole basis for cause under § 362(d)(1) cited by the Creditor is the lack of a currently pending plan.

Page 7
{00485432:2}
DEBTOR'S OBJECTION TO CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11    Doc 503    Filed 12/06/21

Cause based on reorganizational factors is not appropriate under § 362(d)(1). None of the *Milne* factors discuss the prospect of reorganization; they solely address harm to the creditor in maintaining the stay. *In re Tirey Distrib. Co.*, 242 B.R. 717, 723 (Bankr. E.D. Okla. 1999) (citing *In re Milne*, 185 B.R. 280, 283 (N.D. Ill. 1995))("Outside of stay relief requests seeking to continue litigation in another forum, these courts have evaluated multiple factors in determining whether the automatic stay should be modified for cause include: (1) an interference with the bankruptcy; (2) good or bad faith of the debtor; (3) injury to the debtor and other creditors if the stay is modified; (4) injury to the movant if the stay is not modified; and (5) the relative proportionality of the harms from modifying or continuing the stay.")

Relief under § 362(d)(1) should not be available to the Creditor under these circumstances. She cannot demonstrate harm to her interests necessary to foreclose on the Residence when she is currently proceeding to foreclose on the Cornell Property, on which she is over secured ten times over. While the Debtor's case has been pending for a long time, it has been pending because the parties have undergone extensive and time consuming multi-party mediation with Judge McKittrick to try and resolve their differences, only to be further delayed by the COVID pandemic. If the Creditor thinks that the Debtor is taking too long to confirm a plan, then she is free to file her own plan. But relief under § 362(d)(1) is not a substitute under these facts when the creditor cannot show that relief is appropriate under § 362(d)(2).

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Page 8
{00485432:2}
DEBTOR'S OBJECTION TO CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11    Doc 503    Filed 12/06/21

## IV. CONCLUSION

The Creditor's Motion should be denied. The Creditor has not identified any cause sufficient to grant relief under § 362(d)(1). Nor should relief be granted under § 362(d)(2) because the Debtor's property is necessary for a successful reorganization and the Debtor has a reasonable likelihood of reorganization.

Dated December 6, 2021.

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorneys for Debtor, Vahan M. Dinihanian, Jr.

Page 9
{00485432:2}
DEBTOR'S OBJECTION TO CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11    Doc 503    Filed 12/06/21

CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the foregoing DEBTOR'S OBJECTION TO CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY was provided to all participants of the Court's CM/ECF System.

DATED: December 6, 2021.

MOTSCHENBACHER & BLATTNER, LLP

/s/Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorneys for Debtor, Vahan M. Dinihanian, Jr.

Page 10   CERTIFICATE OF SERVICE
{00485432:2}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31883-dwh11    Doc 503    Filed 12/06/21