Eleanor A. DuBay, OSB No. 073755
TOMASI SALYER MARTIN
121 SW Morrison St, Suite 1850
Portland, OR 97204
edubay@tomasilegal.com
Phone: (503) 894-9900
          Attorneys for Tasha Teherani-Ami

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>15005 NW Cornell LLC; and<br>Vahan M. Dinihanian, Jr.,<br><br>          Debtors. | Bankruptcy Case Nos.:<br><br>19-31883-dwh11 (Lead Case)<br><br>19-31886-dwh-11<br><br>Jointly Administered Under<br>Case No. 19-31883-dwh11<br><br>HEARING MEMORANDUM IN SUPPORT OF CREDITOR TASHA TEHERANI-AMI'S MOTION FOR RELIEF FROM STAY RE: SKYLINE PROPERTY<br><br>(237 NW Skyline Blvd., Portland, OR 97210) |

## I.     INTRODUCTION

1.     On November 18, 2021, Creditor Tasha Teherani-Ami ("Creditor"), by and through her attorneys, Tomasi Salyer Martin PC, pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rules 4001(a) and 9014, filed a Motion for Relief from Stay Re: Skyline Property [Doc 489] (the "Motion"). The Court held the rescheduled preliminary hearing on the Motion on

Page 1 – HEARING MEMORANDUM IN SUPPORT OF CREDITOR
TASHA TEHERANI-AMI'S MOTION FOR RELIEF FROM STAY
RE: SKYLINE PROPERTY
TEHERA-B1\00615503.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 517    Filed 12/16/21

December 14, 2021.  At the hearing, the Court requested the parties file simultaneously supplemental briefing addressing two issues:

      a.  Whether an effective reorganization is in prospect within the meaning of 11 U.S.C. § 362(d)(2)(B); and

      b.  The effect of 11 U.S.C. § 362(e).

2.      This memorandum is supported by the declaration of Eleanor A. DuBay ("DuBay Dec.") filed contemporaneously herewith and the records and files herein.

## II.    FACTUAL BACKGROUND

In addition to the facts set forth in Creditor's Motion, Creditor further alleges in support of her Motion:

3.      On May 19, 2021, the Court entered a Stipulated Order Regarding Creditor Tasha Teherani-Ami's Motion for Relief from Stay Re: Cornell Property [Doc 397]. Pursuant to the terms of that order, the automatic stay as to the real property located at 15005 NW Cornell Road, Beaverton, Oregon 97006, the Cornell Property,[1] terminated effective September 30, 2021.

4.      Thereafter, on October 26, 2021, in accordance with ORS 86.782(12)(a), Creditor, as beneficiary of the Cornell Deed of Trust, continued the foreclosure of the Cornell Property by serving a Trustee's Amended Notice of Sale.  DuBay Dec., ¶ 3, Ex. 1 and 2.  The Trustee's Amended Notice of Sale set a foreclosure sale date of January 25, 2022.  *Id.*  The Trustee's Amended Notice of Sale was received by the debtors and/or their attorneys between October 28-29, 2021.  *Id.*, ¶ 4, Ex. 3.

---

[1] Unless otherwise noted, capitalized terms herein have the same meaning set forth in Creditor's Motion [Doc 489].

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

5.      Prior to the filing of the petitions in these bankruptcy cases, both the Cornell Property and Skyline Property were in foreclosure.  *See* Stipulation of Undisputed Facts and Exhibits [Doc 250], ¶ 9, Ex. 14.  The trustee, Tomasi Salyer Martin PC, had already completed all of the service required under Oregon law for the Cornell Property foreclosure, including mailing, posting, and publishing the Trustee's Notice of Sale, prior to the commencement of these cases.  DuBay Dec., ¶ 5, Ex. 4.

## III.      MEMORANDUM

### A.      There is No Possible Effective Reorganization in Prospect Within the Meaning of 11 U.S.C. § 362(d)(2)(B).

6.      11 U.S.C. § 362(d)(2) provides that a court *shall* grant relief from the automatic stay:

> with respect to a stay of an act against property under subsection (a) of this section, if—
>> (A) the debtor does not have an equity in such property; and
>> (B) such property is not necessary to an effective reorganization …

11 U.S.C. § 362(d)(2).

7.      At the preliminary hearing, Dinihanian alleged that an effective reorganization is in prospect, but could not identify any plan for reorganization.  The Court noted that Dinihanian had an uphill battle in showing that an effective reorganization was not only possible, but was imminent.  Chief among the Court's concerns was that, with the ruling that the Trust owned a 25% interest in the Cornell Property thereby reducing 15005 NW Cornell LLC's interest in the Cornell Property to 25%,[2] the debtors no longer had a viable option for

---

[2] Memorandum Decision on Objections to Bateman Seidel Claims and Adversary Proceedings 20-03077 and 20-03079 [Doc 508].

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

reorganization.[3]   And while Dinihanian claimed that there were other unidentified options available, the only possibility outlined at the hearing was a sale under 11 U.S.C. § 363(h). However, any plan of reorganization, whether it be a sale under § 363(h) or otherwise, is simply not feasible in the timeframe available.

8.      As noted above, the foreclosure sale date for the Cornell Property is scheduled for January 25, 2022.  It is simply impossible for the debtors to file a new disclosure statement and plan, and proceed through the objection period to confirmation, within the time remaining before the foreclosure sale.

9.      Dinihanian appeared to acknowledge this inevitable impossibility and alleged that there were purported defects in the re-noticing of the Cornell Property foreclosure. Specifically, Dinihanian identified two issues with which he took umbrage: (1) that the foreclosure was continued, as if uninterrupted, after the order granting the relief from stay was effective; and (2) that the "collateral" listed in the Trustee's Amended Notice of Sale was defective given the Court's recent ruling from a few days ago.  Both of Dinihanian's contentions are categorically wrong.

10.      First, ORS 86.782 provides the procedure for a non-judicial foreclosure sale of real property.  And, specifically, subsection 12 sets forth the procedures for continuing with a foreclosure sale after a stay has been released.  ORS 86.782(12) provides in relevant part:

> (12)(a) Notwithstanding subsection (2)(a) of this section, except when a beneficiary has participated in obtaining a stay, foreclosure proceedings that are stayed by order of the court, by proceedings in bankruptcy or for any other lawful reason shall, **after release from the stay, <u>continue as if uninterrupted</u>**, if within 30 days after

---

[3] *See* Second Amended Debtors' Joint Disclosure Statement Dated July 22, 2021 [Doc 401] ("the Plan Lender may not agree to fund the Plan Loan if the Trust is granted a deed, which would result in failure of the Plan."

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

release the trustee sends amended notice of sale by registered or certified mail to the persons listed in ORS 86.764 and 86.774(1).

…

(c) The amended notice of sale must:

(A) Be given at least 15 days before the amended date of sale;

(B) Set an amended date of sale that may be the same as the original sale date, or date to which the sale was postponed, provided the requirements of this paragraph and ORS 86.764 and 86.774 are satisfied;

(C) Specify the time and place for sale;

(D) Conform to the requirements of ORS 86.771; and

(E) State that the original sale proceedings were stayed and the date the stay terminated.

…

(f) After a release from a stay of proceedings, the trustee or the attorney for the trustee, or an agent that the trustee or the attorney designates, may postpone a sale for one or more periods that total not more than the greater of 60 days or the portion of the 180-day period allowed for postponement under subsection (2)(a) of this section that remained on the day before the stay began. A postponement under this paragraph must comply with the procedural and notice requirements specified in subsection (2) of this section.

ORS 86.782(12) (emphasis added).[4] Here, the stay as to the Cornell Property was released on September 30, 2021. The Trustee's Amended Notice of Sale was mailed on October 26, 2021, fewer than 30 days after the stay was released. Thus, the beneficiary was entitled to continue the foreclosure sale "as if uninterrupted".

11. This is further supported by ORS 86.782(12)(f) which provides that a foreclosure sale that has been scheduled after a release from a stay can be postponed the "greater of 60 days or the portion of the 180-day period allowed for postponement under subsection (2)(a)

---

[4] Creditor is unable to find a single case analyzing ORS 86.782(12) and posits it is because the statute is clear and unambiguous: a non-judicial foreclosure sale can be "continued as if uninterrupted" after the release of a stay as long as the amended notice of sale is given within 30 days of the release being entered. *See also* Valerie Athena Tomasi, Marisol Ricoy McAllister & Eleanor A. DuBay, Oregon Real Estate Deskbook, § 23.5-11(a)(2) (2015 ed.) ("the trustee may, after release from the stay, **resume** the sale proceedings in the manner provided by ORS 86.782(12)".).

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

of this section **that remained on the day before the stay began**."[5]  ORS 86.782(12)(f)

(emphasis added).  Here, since the bankruptcy cases were filed prior to the original date set for

the Cornell Property foreclosure sale, the full 180-day period under ORS 86.782(2)(a) is

available in which to conduct the Cornell Property foreclosure sale.

12.  Dinihanian's second argument that the listing of the "collateral" in the

Trustee's Notice of Sale somehow makes the notice invalid is likewise incorrect and contrary to

Oregon law.  ORS 86.771(2) requires that the Notice of Sale must "describe the property the

trust deed covers."  ORS 86.782(12)(c)(D) provides that the amended Notice of Sale after a

release of stay must "conform to the requirements of ORS 86.771."  Here, the Trustee's Amended

Notice of Sale correctly describes the property covered by Creditor's Deed of Trust.  Notably, the

Trustee's Amended Notice of Sale is dated October 26, 2021, which was prior to the decision of

the Court that the Trust owns a 25% interest in the real property.  Moreover, regardless of the

Court's decision, Creditor's Deed of Trust covers an entire 50% of the Cornell Property in

accordance with the legal description set forth therein.

13.  This situation is analogous to a foreclosure of multiple parcels.  For

example, borrower grants a trust deed to beneficiary covering lots 1 and 2.  Borrower defaults

and beneficiary commences foreclosure on both lots 1 and 2.  However, during the foreclosure

process, borrower sells or otherwise transfers lot 1 and beneficiary agrees to release that lot.  Lot

1 is then partially released from the trust deed and beneficiary may complete the foreclosure of

lot 2 without having to start the foreclosure process all over again.

14.  This is further supported by ORS 86.782 and 86.797.  ORS 86.782(1)(a)

---

[5] ORS 86.782(2)(a) provides that "The trustee or the attorney for the trustee … may postpone the sale for
one or more periods that total not more than 180 days from the original sale date."

***TOMASI SALYER MARTIN***
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

provides that "the trustee may sell the property in one parcel or in separate parcels" and ORS 86.797(4)(a)(A) provides that a non-judicial foreclosure of real property does not preclude a separate foreclosure of "other property covered by the trust deed that is the subject of the foreclosure." Clearly, a beneficiary may choose to sell only some or part of the real property that is secured by the trust deed for a variety of reasons and Oregon law permits the beneficiary to do so. Here, Creditor can choose to now foreclose on just 15005 NW Cornell LLC's 25% interest in the Cornell Property (as contemplated by the parties' initial agreement set forth in the Judgment). To do so, Creditor can either partially release the Trust's 25% interest in the Cornell Property prior to the foreclosure sale or simply just conduct the sale as to "one parcel" of the property secured by the trust deed. It is not for Dinihanian to decide how Creditor, as beneficiary, chooses to conduct the foreclosure sale.

15. Dinihanian's arguments that the Cornell Property is invalid because of his perceived flaws in the sale process are nothing more than a red herring and further attempt to delay the inevitable. Oregon law specifically permits a non-judicial foreclosure sale to continue "as if uninterrupted" after a stay is released. And Oregon law also merely requires that the notice of sale include a description of the "property the trust deed covers", which is the exact description attached to the Trustee's Amended Notice of Sale. Whether Creditor releases the Trust's 25% interest in the Cornell Property from the foreclosure and trust deed is of no moment.

16. Consequently, Dinihanian cannot avoid or delay the Cornell Property foreclosure, scheduled for January 25, 2022. And, thus, he cannot show that an effective reorganization is in prospect within the meaning of 11 U.S.C. § 362(d)(2)(B). Accordingly, Creditor is entitled to an order granting relief from stay as to the Skyline Property.

Page 7 – HEARING MEMORANDUM IN SUPPORT OF CREDITOR
TASHA TEHERANI-AMI'S MOTION FOR RELIEF FROM STAY
RE: SKYLINE PROPERTY
TEHERA-B1\00615503.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**B.    The Court Can Issue a Determination on Creditor's Motion Now, Notwithstanding 11 U.S.C. § 362(e), Because Dinihanian Cannot Show That an Effective Reorganization is in Prospect.**

17.    11 U.S.C. § 362(e) provides that

(1) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

(2) Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless—
(A) a final decision is rendered by the court during the 60-day period beginning on the date of the request; or
(B)such 60-day period is extended—
(i) by agreement of all parties in interest; or
(ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.

Creditor does not disagree that this case is under Chapter 11 and the effected debtor (Dinihanian)

is an individual.  However, application of § 362(e)(2) does not prohibit the Court from holding

one or more preliminary or final hearings on Creditor's Motion.  In fact, subsection (e)(2) is

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

entirely silent as to a hearing requirement even though § 362(d) states that the Court shall grant relief from the stay "after notice and a hearing". 11 U.S.C. § 362(d).

18.     Conducting a preliminary, or final, hearing within 30 days of filing the Motion is not contrary to § 362(e)(2) and *Grant, Konvalinka & Harrison, P.C. v. Still (In re McKenzie)*, 737 F.3d 1034 (6th Cir. 2013). In *In re McKenzie*, the moving party argued that the lower court was *required* to hold a preliminary hearing prior to entering an order that good cause existed to extend the stay beyond 60 days under § 362(e)(2)(B)(ii). 737 F.3d at 1037-38. The court rejected that contention stating that "no preliminary hearing was required because McKenzie is an individual debtor" and noting that § 362(e)(2) "does not require a preliminary hearing." *Id.* at 1038, citing § 362(e)(2).

19.     The issue now present in this proceeding is distinguishable. As noted, § 362(d) requires that a hearing be conducted in order for the Court to grant relief from the stay. Further, § 362(e)(2) does not *prohibit* a preliminary hearing, a final hearing or a combination of hearings; rather, the preliminary hearing is just not *mandatory* under § 362(e)(2). Notably, a decision that § 362(e)(2) did prohibit a preliminary hearing would undermine the entire process of relief from stay motions in Oregon since a preliminary hearing is immediately scheduled in all Chapter 7 and 13 cases, regardless of whether the debtor is an individual, once the debtor opposes the creditor's motion. *See* LBF 720.50(5)(a) ("The automatic stay will either (1) expire 30 days after the motion was filed per 11 U.S.C. § 362(e), or (2) expire 20 days after a motion for codebtor relief is filed in chapter 12 and 13 cases per 11 U.S.C. §§ 1201(d) or 1301(d).").

20.     Moreover, here, it matters not whether the Court makes a determination regarding the Creditor's Motion on the 29th day or the 59th day, the result will be the same. Dinihanian simply cannot show that the Skyline Property is necessary for an effective

Page 9 – HEARING MEMORANDUM IN SUPPORT OF CREDITOR
TASHA TEHERANI-AMI'S MOTION FOR RELIEF FROM STAY
RE: SKYLINE PROPERTY
TEHERA-B1\00615503.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

reorganization because no reorganization is in prospect.  Waiting an additional 30 days is not going to alter that determination; and, indeed, will make it even more obvious.  This is further supported by § 362(e)(2)(A) which provides that the stay will terminate (if the Motion is granted) once the Court issues a determination **within** the 60 day period and, therefore, the Court need to wait for the 60th day to make its determination.

21.     As noted, the foreclosure sale of the Cornell Property is scheduled for January 25, 2022.  The 60th day following the filing of Creditor's Motion is January 17, 2022.  Regardless of when the hearing is conducted, there is just not sufficient time for the debtors to propose a new plan and complete all of the steps required for confirmation, including the disclosure statement objection period, the plan objection period and hearing, and/or the balloting process.  Even if the debtors were to file a plan today which included selling the entirety of the Cornell Property in a 11 U.S.C. § 363(h) sale (as was noted in the prior hearing), that plan process could not be completed before 15005 NW Cornell LLC's 25% interest in the Cornell Property was lost to a foreclosure sale.  And delaying a determination of Creditor's Motion related to the Skyline Property will not change that inevitability.

## IV.     CONCLUSION

Dinihanian cannot show that the Skyline Property is necessary for an effective reorganization because no effective reorganization is in prospect.  Thus, Creditor is entitled to entry of an order granting relief from the automatic stay under 11 U.S.C. § 362(d)(2) to permit the Creditor to complete the non-judicial foreclosure sale and take possession of the real property known as the Skyline Property and legally described on Exhibit A attached hereto.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Dated: December 16, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Eleanor A. DuBay, OSB #073755
    (503) 894-9900
    edubay@tomasilegal.com
    Of Attorneys for Tasha Teherani-Ami

***TOMASI SALYER MARTIN***
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## EXHIBIT A
### Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF Multnomah, STATE OF OR, AND IS DESCRIBED AS FOLLOWS:

A tract of land in Section 36, Township 1 North Range 1 West of the Willamette Meridian, in the County of Multnomah and State of Oregon, described as follows:

Beginning at a stake 13.78 chains west and 30 feet North of the Southeast corner of said Section 36; thence West parallel with the Base Line 12.88 chains to a stake; thence North 7.76 chains to a stake; thence East 12.88 chains to a stake; thence South 7.76 chains to a stake at the place of beginning; and easement over the following described property:

The North 20 feet of the following described property situated in the County of Multnomah and State of Oregon described as follows:

A tract of land in Section 36, Township 1 North, Range 1 West of the Willamette Meridian, in the County of Multnomah and State of Oregon, described as follows:

Beginning at a point in the South line of said Section 36, North 89° 47' 15" West, 640.0 feet from the Southeast corner of said section; running thence North 89° 47' 15" West along the South line of said Section, 240.0 feet; thence North 0° 24' 30" East, parallel to the East line of said section, 576.3 feet; thence North 88° 31-1/2' East, 100 feet; thence North 69° 15-1/2' East, 155.85 feet; thence South 45° 53' East, 20.87 feet to a point in the center line of Greenleaf Avenue; thence along said center line South 27° 33' West, 73.10 feet; thence South 3° 10' East, 139.80 feet; thence South 0° 10' East 415.96 feet to the point of beginning.

EXHIBIT A

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

# CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2021 I served a copy of the foregoing

**HEARING MEMORANDUM IN SUPPORT OF CREDITOR TASHA TEHERANI-AMI'S**

**MOTION FOR RELIEF FROM STAY RE: SKYLINE PROPERTY (237 NW Skyline**

**Blvd., Portland, OR 97210)** by electronic means using ECF to the parties listed below:

STEPHEN P ARNOT on behalf of U.S. Trustee US Trustee, Portland
steve.arnot@usdoj.gov

CHRISTOPHER N COYLE on behalf of Defendant Eagle Holdings LLC
chris@vbcattorneys.com, ecfmail@vbcattorneys.com

JOSEPH A FIELD on behalf of Attorney Sortis Holdings, Inc.
joe@fieldjerger.com, jenny@fieldjerger.com

RUSSELL D GARRETT on behalf of Creditor Alexander LLC
russ.garrett@jordanramis.com, patricia.repp@jordanramis.com; litparalegal@jordanramis.com

RUSSELL D GARRETT on behalf of Creditor Christiana LLC
russ.garrett@jordanramis.com, patricia.repp@jordanramis.com; litparalegal@jordanramis.com

RUSSELL D GARRETT on behalf of Creditor Cornell Rd LLC
russ.garrett@jordanramis.com, patricia.repp@jordanramis.com; litparalegal@jordanramis.com

RUSSELL D GARRETT on behalf of Creditor Lillian Logan
russ.garrett@jordanramis.com, patricia.repp@jordanramis.com; litparalegal@jordanramis.com

NICHOLAS J HENDERSON on behalf of Debtor 15005 NW Cornell LLC
nhenderson@portlaw.com, tsexton@portlaw.com; mperry@portlaw.com;
hendersonnr86571@notify.bestcase.com

NICHOLAS J HENDERSON on behalf of Debtor Vahan M. Dinihanian, Jr.
nhenderson@portlaw.com, tsexton@portlaw.com; mperry@portlaw.com;
hendersonnr86571@notify.bestcase.com

NICHOLAS J HENDERSON on behalf of Defendant Vahan M. Dinihanian, Jr.
nhenderson@portlaw.com,
tsexton@portlaw.com;mperry@portlaw.com;hendersonnr86571@notify.bestcase.com

NICHOLAS J HENDERSON on behalf of Jointly Administered Debtor Vahan M. Dinihanian,
Jr.
nhenderson@portlaw.com, tsexton@portlaw.com; mperry@portlaw.com;
hendersonnr86571@notify.bestcase.com

GREGORY J MINER on behalf of Creditor Bateman Seidel
gminer@batemanseidel.com, bsixberry@batemanseidel.com

CERTIFICATE OF SERVICE
TEHERA-B1\00615503.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 517    Filed 12/16/21

BRUCE H ORR on behalf of Defendant Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11
bho@wysekadish.com, tn@wysekadish.com; drw@wysekadish.com

BRUCE H ORR on behalf of Interested Party Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11
bho@wysekadish.com, tn@wysekadish.com; drw@wysekadish.com

BRUCE H ORR on behalf of Plaintiff Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11
bho@wysekadish.com, tn@wysekadish.com; drw@wysekadish.com

ERICH M PAETSCH on behalf of Creditor Columbia State Bank
epaetsch@sglaw.com, ktate@sglaw.com

DOUGLAS R PAHL on behalf of Debtor 15005 NW Cornell LLC
dpahl@perkinscoie.com, nlesage@perkinscoie.com; docketpor@perkinscoie.com

DOUGLAS R PAHL on behalf of Defendant 15005 NW Cornell LLC
dpahl@perkinscoie.com, nlesage@perkinscoie.com;docketpor@perkinscoie.com

DOUGLAS R PAHL on behalf of Interested Party 15005 NW Cornell LLC
dpahl@perkinscoie.com, nlesage@perkinscoie.com; docketpor@perkinscoie.com

DOUGLAS R PAHL on behalf of Plaintiff 15005 NW Cornell LLC
dpahl@perkinscoie.com, nlesage@perkinscoie.com; docketpor@perkinscoie.com

TROY SEXTON on behalf of Debtor Vahan M. Dinihanian, Jr.
tsexton@portlaw.com, nhenderson@portlaw.com, mperry@portlaw.com, troy-sexton-4772@ecf.pacerpro.com

TROY SEXTON on behalf of Jointly Administered Debtor Vahan M. Dinihanian, Jr.
tsexton@portlaw.com, nhenderson@portlaw.com, mperry@portlaw.com, troy-sexton-4772@ecf.pacerpro.com

DANIEL L STEINBERG on behalf of Creditor Alexander LLC
Daniel.Steinberg@jordanramis.com, Litparalegal@jordanramis.com

DANIEL L STEINBERG on behalf of Creditor Christiana LLC
Daniel.Steinberg@jordanramis.com, Litparalegal@jordanramis.com

DANIEL L STEINBERG on behalf of Creditor Cornell Rd LLC
Daniel.Steinberg@jordanramis.com, Litparalegal@jordanramis.com

DANIEL L STEINBERG on behalf of Creditor Lillian Logan
Daniel.Steinberg@jordanramis.com, Litparalegal@jordanramis.com

US Trustee, Portland
USTPRegion18.PL.ECF@usdoj.gov

CERTIFICATE OF SERVICE
TEHERA-B1\00615503.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 517    Filed 12/16/21

DATED: December 16, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Eleanor A. DuBay, OSB #073755
    (503) 894-9900
    edubay@tomasilegal.com
    Of Attorneys for Tasha Teherani-Ami

CERTIFICATE OF SERVICE
TEHERA-B1\00615503.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 517    Filed 12/16/21

Eleanor A. DuBay, OSB No. 073755
TOMASI SALYER MARTIN
121 SW Morrison St, Suite 1850
Portland, OR 97204
edubay@tomasilegal.com
Phone: (503) 894-9900
      Attorneys for Tasha Teherani-Ami

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>15005 NW Cornell LLC; and<br>Vahan M. Dinihanian, Jr.,<br><br>        Debtors. | Bankruptcy Case Nos.:<br><br>19-31883-dwh11 (Lead Case)<br><br>19-31886-dwh-11<br><br>Jointly Administered Under<br>Case No. 19-31883-dwh11<br><br>DECLARATION OF ELEANOR A.<br>DUBAY IN SUPPORT OF HEARING<br>MEMORANDUM IN SUPPORT OF<br>CREDITOR TASHA TEHERANI-AMI'S<br>MOTION FOR RELIEF FROM STAY RE:<br>SKYLINE PROPERTY<br><br>(237 NW Skyline Blvd., Portland, OR<br>97210) |

I, Eleanor A. DuBay, after being duly sworn, depose and say:

1.      I am an attorney at Tomasi Salyer Martin. I represent Creditor, Tasha Teherani-Ami ("Creditor"), in the above-referenced action. I make this Declaration in support of Creditor's Motion for Relief from Stay Re: Skyline Property [Doc 489].

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

2.       This Declaration is based upon my personal knowledge of the facts set forth herein or a review of my firm's file and records related to these bankruptcy cases. In the ordinary course of its business, my firm regularly maintains litigation files which include copies of pleadings and briefing in cases in which it represents a party, correspondence, and other items such as court and deposition transcripts and copies of exhibits.  I have personal knowledge of my firm's procedures for creating and maintaining pleadings files.  If called upon to testify regarding the matters set forth herein, I could confidently do so.

3.       On October 26, 2021, my office mailed the Trustee's Amended Notice of Sale for the Cornell Property foreclosure.  Attached hereto as Exhibit 1 is a true and correct copy of the Affidavit of Mailing Trustee's Amended Notice of Sale.  Attached hereto as Exhibit 2 is a true and correct copy of the Trustee's Amended Notice of Sale.

4.       The Trustee's Amended Notice of Sale was received by the debtors and/or their counsel on October 28 and 29, 2021.  Attached hereto as Exhibit 3 is a true and correct copy of the signed return cards for the certified mailing of the Trustee's Amended Notice of Sale.

5.       Prior to the commencement of these bankruptcy cases, the trustee, Tomasi Salyer Martin PC, had already completed all of the service required under Oregon law for the Cornell Property foreclosure, including mailing, posting, and publishing the Trustee's Notice of Sale.  Attached hereto as Exhibit 4 is a true and correct copy of the foreclosure affidavits for the Cornell Property foreclosure.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

***TOMASI SALYER MARTIN***
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THAT IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated: December 16, 2021.

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, OSB #073755
(503) 894-9900
edubay@tomasilegal.com
Of Attorneys for Tasha Teherani-Ami

Page 3 – DECLARATION OF ELEANOR A. DUBAY IN SUPPORT OF HEARING MEMORANDUM IN SUPPORT OF CREDITOR TASHA TEHERANI-AMI'S MOTION FOR RELIEF FROM STAY RE: SKYLINE PROPERTY (237 NW Skyline Blvd., Portland, OR 97210)
TEHERA-B1\00615844.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

AFTER RECORDING RETURN TO:

Eleanor A. DuBay
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, OR 97204

---

## AFFIDAVIT OF MAILING TRUSTEE'S <u>AMENDED</u> NOTICE OF SALE

STATE OF OREGON    )
                         ) ss
County of Multnomah   )

       I, Megan Holley, Legal Assistant at Tomasi Salyer Martin, being first duly sworn, depose, say and certify that:

       At all times mentioned herein, I was and now am a resident of the State of Oregon, a competent person over the age of eighteen years, and not the beneficiary or the beneficiary's successor in interest named in the attached original **Trustee's <u>Amended</u> Notice of Sale**.

       I gave notice of the sale of the real property described in the attached original **Trustee's <u>Amended</u> Notice of Sale** by mailing copies thereof by both first class and certified mail, with return receipt requested, to each of the following-named persons (or their legal representatives, where so indicated) at their respective last known addresses, to-wit:

Occupants and/or Tenants
15005 NW Cornell Road
Beaverton, OR 97006

Vahan M. Dinihanian
c/o Daniel C. Lorenz, Attorney
521 SW Clay
Portland, OR 97201

Vahan M. Dinihanian
237 NW Skyline Blvd.
Portland, OR 97210

Vahan M. Dinihanian
c/o Nicholas Henderson
Motschenbacher & Blattner LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204

---

AFFIDAVIT OF MAILING TRUSTEE'S <u>AMENDED</u> NOTICE OF SALE         
TEHERA-F1\00605425.000

Vahan M. Dinihanian
15005 NW Cornell Road
Beaverton, OR 97006

15005 NW Cornell LLC
c/o Vahan Dinihanian, Registered Agent
237 NW Skyline Blvd.
Portland, OR 97210

15005 NW Cornell LLC
c/o Doug Pahl, Attorney
Perkins Coie LLP
1120 NW Couch 10th Floor
Portland, OR 97209

Cornell Rd., LLC
c/o Lillian R. Logan, Registered Agent
19830 NW Dixie Mt. Rd.
North Plains, OR 97133

Christiana LLC
c/o Lillian R. Logan, Registered Agent
19830 NW Dixie Mt. Rd.
North Plains, OR 97133

Alexander LLC
c/o Lillian R. Logan, Registered Agent
19830 NW Dixie Mt. Rd.
North Plains, OR 97133

Chandler & Newville Inc.
Attn: Jeffrey A. Newville, President
20508 SW Roy Rogers Rd., Suite 147
Sherwood, OR 97140

Cornell Rd., LLC
Christiana LLC
Alexander LLC
c/o Daniel Steinberg, Attorney
Jordan Ramis PC
2 Centerpointe Dr. 6th Floor
Lake Oswego, OR 97035

Each of the notices so mailed was a true copy of the original **Trustee's Amended Notice of Sale**. Each such copy was mailed in a sealed envelope, with postage thereon fully prepaid, and was deposited by me in the United States Post Office at Portland, Oregon, on **October _26_, 2021.** With respect to each person listed above, one such notice was mailed by first class mail to the address indicated, and another such notice was mailed by certified mail with return receipt requested. Each such notice was mailed after the Notice of Default and Election to Sell was recorded and at least **20 days** before the Trustee conducts the sale.

_____
Megan Holley - Legal Assistant

SUBSCRIBED AND SWORN to before me this _26th_ day of October, 2021.

_____
Notary Public – State of Oregon

OFFICIAL SEAL
Keeley Siegman Greene
NOTARY PUBLIC - OREGON
COMMISSION NO. 1010459
MY COMMISSION EXPIRES March 24, 2025

**TRUSTEE'S AMENDED NOTICE OF SALE**
**Pursuant to ORS 86.705, et seq. and ORS 79.0601, et seq.**
**(After Release from Stay by Order for Relief Dated May 19, 2021 and Effective**
**September 30, 2021)**

Reference is made to a certain trust deed ("Trust Deed") made, executed and delivered by **15005 NW Cornell LLC, an Oregon limited liability company**, as grantor, to **First American Title Company of Oregon**, as trustee, in favor of **Tasha L. Dinihanian**, as beneficiary, dated February 1, 2016, and recorded on February 8, 2016, as Recording No. 2016-008669, in the mortgage records of Washington County, Oregon. Tasha L. Dinihanian is now known as Tasha Teherani-Ami.

The Trust Deed covers the following described real property ("Property") situated in said county and state, to-wit:

See Exhibit A attached hereto and incorporated herein.

There are defaults by the grantor or other person owing an obligation, the performance of which is secured by the Trust Deed, with respect to provisions therein which authorize sale in the event of default of such provision; the defaults for which foreclosure is made is grantor's failure to pay when due the following sums:

Arrearage in the sum of $3,072,300.38 as of October 25, 2021, plus additional payments, property expenditures, taxes, liens, assessments, insurance, late fees, attorney's and trustee's fees and costs, and interest due at the time of reinstatement or sale.

By reason of said defaults, the beneficiary has declared all sums owing on the obligations secured by said Trust Deed immediately due and payable, said sums being the following, to-wit:

Payoff in the sum of $3,072,300.38 as of October 25, 2021, plus taxes, liens, assessments, property expenditures, insurance, accruing interest, late fees, attorney's and trustee's fees and costs incurred by beneficiary or its assigns.

The Notice of Default and original Trustee's Notice of Sale given pursuant thereto stated that the property would be sold on June 20, 2019, at the hour of 11:00 a.m., in accord with the standard of time established by ORS 187.110, at **Outside the Front Entrance of the Washington County Courthouse, 145 N.E. 2nd Avenue, Hillsboro, Oregon**; however, subsequent to the recording of the Notice of Default, the original sale proceedings were stayed by order of the court or by proceedings under the National Bankruptcy Act or for other lawful reasons. The beneficiary did not participate in obtaining such stay. Such stay was terminated September 30, 2021.

WHEREFORE, notice hereby is given that the undersigned trustee will on **January 25, 2022**, at the hour of **11:00 a.m.**, in accord with the standard of time established by ORS 187.110, at the following place: **Outside the Front Entrance of the Washington**

**County Courthouse, 145 N.E. 2nd Avenue, Hillsboro, Oregon**, sell at public auction to the highest bidder for cash the interest in the above-described Property, which the grantor had or had power to convey at the time of the execution by grantor of the said Trust Deed, together with any interest which the grantor or grantor's successors in interest acquired after the execution of the Trust Deed, to satisfy the obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee.

Notice is further given that any person named in ORS 86.778 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing any other default complained of herein that is capable of being cured by tendering the performance required under the obligation or Trust Deed, and in addition to paying said sum or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and Trust Deed, together with trustee's and attorney's fees not exceeding the amounts provided by said ORS 86.778.

In construing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said Trust Deed, and the words "trustee" and "beneficiary" include their respective successors in interest, if any.

Without limiting the trustee's disclaimer of representations or warranties, Oregon law requires the trustee to state in this notice that some residential property sold at a trustee's sale may have been used in manufacturing methamphetamines, the chemical components of which are known to be toxic. Prospective purchasers of residential property should be aware of this potential danger before deciding to place a bid for this property at the trustee's sale.

**The NOTICE TO RESIDENTIAL TENANTS, attached hereto as Exhibit B, is incorporated herein by reference.**

DATED: October 26, 2021.

Eleanor A. DuBay, OSB #073755
Authorized By:
Tomasi Salyer Martin PC, Successor Trustee
121 SW Morrison, Suite 1850
Portland, OR 97204
Phone: 503-894-9900; fax: 971-544-7236

Exhibit 2
Page 2 of 7          Case 19-31883-dwh11     Doc 517     Filed 12/16/21

# EXHIBIT A
## Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF Washington, STATE OF OR, AND IS DESCRIBED AS FOLLOWS:

AN UNDIVIDED 50% INTEREST IN THE FOLLOWING DESCRIBED PROPERTY:

PARCEL I:

A tract of land located in the Southeast one-quarter of Section 29 and the Northeast one-quarter of Section 32, Section 29, Township 1 North, Range 1 West of the Willamette Meridian, in the County of Washington and State of Oregon, being more particularly described as follows:

Beginning at a point in the center of the County Road 1162.85 feet West and 869.11 feet South of the Northeast corner of said Section 32; thence North 1485.4 feet; thence East 182.85 feet; thence South 655 feet; thence Easterly 661.8 feet; thence South 1100 feet to the center of the County Road; thence Northwesterly, along the center of the County Road, 173.5 feet; thence Northwesterly, along the center of the County Road, 240 feet; thence Northwesterly, along said County Road, 551.35 feet to the point of beginning.

TOGETHER WITH that portion of the vacated County Road which inured thereto by Resolution and Order No. 95-35, recorded April 13, 1995 as Fee No. 95025673.

ALSO TOGETHER WITH that portion described in Bargain and Sale Deed recorded April 13, 1995 as Fee No. 95025675.

EXCEPTING THEREFROM that portion dedicated for right of way purposes by Dedication Deed recorded August 29, 1994 as Fee No. 94079706.

ALSO EXCEPTING THEREFROM that portion conveyed to Washington County by Quitclaim Deed recorded April 13, 1995 as Fee No. 95025674.

FURTHER EXCEPTING THEREFROM any portion lying within the boundaries of NW Cornell Road.

PARCEL II:

A tract of land located in the Southeast one-quarter of Section 29 and the Northeast one-quarter of Section 32, Section 29, Township 1 North, Range 1 West of the Willamette Meridian, in the County of Washington and State of Oregon, being more particularly described as follows:

Beginning in the center of the County Road, 1748.41 feet West and 875.55 feet South of the Northeast corner of said Section 32; thence North 1490.7 feet; thence Easterly 585.56 feet;

thence South 1485.4 feet to the center of the County Road; thence Westerly, along the center of the County Road 585.56 feet to the point of beginning.

EXCEPTING THEREFROM that portion dedicated for right of way purposes by Dedication Deed recorded August 29, 1994 as Fee No. 94079706.

FURTHER EXCEPTING THEREFROM that portion acquired by State of Oregon, by and through its Department of Transportation in Stipulated Final Judgment of Washington County Case No. C90-0308CV, being recorded February 22, 1996 as Fee No. 96015341 and further relinquished to Washington County, a political subdivision of the State of Oregon, by and through its Elected Officials in Relinquishment Deed recorded October 15, 2009 as Fee No. 2009-091411.

AND FURTHER EXCEPTING THEREFROM any portion lying within the boundaries of NW Cornell Road.

PARCEL III:

A tract of land located in the Southeast one-quarter of Section 29 and the Northeast one-quarter of Section 32, Section 29, Township 1 North, Range 1 West of the Willamette Meridian, in the County of Washington and State of Oregon, being more particularly described as follows:

All that portion of the following described tract lying West of the West line of the Bonneville Transmission Line right-of-way:

Beginning at the common corner of Sections 28, 29, 32 and 33 in Township 1 North, Range 1 West of the Willamette Meridian; thence West 318.2 feet; thence South 1100 feet to the center of the County Road; thence Southeasterly, along the center of the County Road, 426.5 feet; thence Easterly 375.5 feet to a point 10 feet West of and 4 feet North of the intersection of the County Roads; thence North on County Road 1350 feet; thence West 422.5 feet to the point of beginning.

EXCEPTING THEREFROM any portion lying within the boundaries of NW Cornell Road.

## EXHIBIT B
## NOTICE TO RESIDENTIAL TENANTS

The property in which you are living is in foreclosure. A foreclosure sale is scheduled for **January 25, 2022**. The date of this sale may be postponed. Unless the lender that is foreclosing on this property is paid before the sale date, the foreclosure will go through and someone new will own this property. After the sale, the new owner is required to provide you with contact information and notice that the sale took place.

The following information applies to you only if you are a bona fide tenant occupying and renting this property as a residential dwelling under a legitimate rental agreement. The information does not apply to you if you own this property or if you are not a bona fide residential tenant.

If the foreclosure sale goes through, the new owner will have the right to require you to move out. Before the new owner can require you to move, the new owner must provide you with written notice that specifies the date by which you must move out. If you do not leave before the move-out date, the new owner can have the sheriff remove you from the property after a court hearing. You will receive notice of the court hearing.

### PROTECTION FROM EVICTION

**IF YOU ARE A BONA FIDE TENANT OCCUPYING AND RENTING THIS PROPERTY AS A RESIDENTIAL DWELLING, YOU HAVE THE RIGHT TO CONTINUE LIVING IN THIS PROPERTY AFTER THE FORECLOSURE SALE FOR:**

**1) 60 DAYS FROM THE DATE YOU ARE GIVEN A WRITTEN TERMINATION NOTICE, IF YOU HAVE A FIXED TERM LEASE; OR
2) AT LEAST 30 DAYS FROM THE DATE YOU ARE GIVEN A WRITTEN TERMINATION NOTICE, IF YOU HAVE A MONTH-TO-MONTH OR WEEK-TO-WEEK RENTAL AGREEMENT.**

If the new owner wants to move in and use this property as a primary residence, the new owner can give you written notice and require you to move out after 30 days, even though you have a fixed term lease with more than 30 days left.

You must be provided with at least 30 days' written notice after the foreclosure sale before you can be required to move.

A bona fide tenant is a residential tenant who is not the borrower (property owner) or a child, spouse or parent of the borrower, and whose rental agreement:
- Is the result of an arm's-length transaction;

- Requires the payment of rent that is not substantially less than fair market rent for the property, unless the rent is reduced or subsidized due to a federal, state or local subsidy; and
- Was entered into prior to the date of the foreclosure sale.

## ABOUT YOUR TENANCY
## BETWEEN NOW AND THE FORECLOSURE SALE:
## RENT

YOU SHOULD CONTINUE TO PAY RENT TO YOUR LANDLORD UNTIL THE PROPERTY IS SOLD OR UNTIL A COURT TELLS YOU OTHERWISE. IF YOU DO NOT PAY RENT, YOU CAN BE EVICTED. BE SURE TO KEEP PROOF OF ANY PAYMENTS YOU MAKE.

## SECURITY DEPOSIT

You may apply your security deposit and any rent you paid in advance against the current rent you owe your landlord as provided in ORS 90.367. To do this, you must notify your landlord in writing that you want to subtract the amount of your security deposit or prepaid rent from your rent payment. You may do this only for the rent you owe your current landlord. If you do this, you must do so before the foreclosure sale. The business or individual who buys this property at the foreclosure sale is not responsible to you for any deposit or prepaid rent you paid to your landlord.

## ABOUT YOUR TENANCY
## AFTER THE FORECLOSURE SALE

The new owner that buys this property at the foreclosure sale may be willing to allow you to stay as a tenant instead of requiring you to move out after 90 days or at the end of your fixed term lease. After the sale, you should receive a written notice informing you that the sale took place and giving you the new owner's name and contact information. You should contact the new owner if you would like to stay. If the new owner accepts rent from you, signs a new residential rental agreement with you or does not notify you in writing within 30 days after the date of the foreclosure sale that you must move out, the new owner becomes your new landlord and must maintain the property. Otherwise:

- You do not owe rent;
- The new owner is not your landlord and is not responsible for maintaining the property on your behalf; and
- You must move out by the date the new owner specifies in a notice to you.

The new owner may offer to pay your moving expenses and any other costs or amounts you and the new owner agree on in exchange for your agreement to leave the

Exhibit 2
Page 6 of 7        Case 19-31883-dwh11    Doc 517    Filed 12/16/21

premises in less than 30 or 60 days. You should speak with a lawyer to fully understand your rights before making any decisions regarding your tenancy.

IT IS UNLAWFUL FOR ANY PERSON TO TRY TO FORCE YOU TO LEAVE YOUR DWELLING UNIT WITHOUT FIRST GIVING YOU WRITTEN NOTICE AND GOING TO COURT TO EVICT YOU. FOR MORE INFORMATION ABOUT YOUR RIGHTS, YOU SHOULD CONSULT A LAWYER. If you believe you need legal assistance, contact the Oregon State Bar and ask for the lawyer referral service. Contact information for the Oregon State Bar is included with this notice. If you do not have enough money to pay a lawyer and are otherwise eligible, you may be able to receive legal assistance for free. Information about whom to contact for free legal assistance is included with this notice.

**HOW TO FIND A LAWYER**:  If you need help finding a lawyer, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763, or toll free in Oregon at (800) 452-7636, or you may visit its website at www.osbar.org. Legal assistance may be available if you have a low income and meet federal poverty guidelines. For more information and a directory of legal aid programs, go to www.oregonlawhelp.org.

## Return Receipt (Form 3811) Barcode

9590 9266 9904 2181 0559 90

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☒ Agent ☐ Addressee

B. Received by (Printed Name)  IDKa Blatnick
C. Date of Delivery  10/28/2021

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Vahan M. Dinihanian
c/o Daniel C. Lorenz, Attorney
521 SW Clay
Portland, OR 97201

3. Service Type:
☒ Certified Mail

Reference Information

TEHERA/F1

EAD - TNOS-Amended 10/26

2. Certified Mail (Form 3800) Article Number
9414 7266 9904 2181 0559 97

PS Form 3811, Facsimile, July 2015      Domestic Return Receipt

---

## Return Receipt (Form 3811) Barcode

9590 9266 9904 2181 0560 34

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☒ Agent ☐ Addressee

B. Received by (Printed Name)
C. Date of Delivery  10/28

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

15005 NW Cornell LLC
c/o Doug Pahl, Attorney
Perkins Coie LLP
1120 NW Couch 10th Floor
Portland, OR 97209

3. Service Type:
☒ Certified Mail

Reference Information

TEHERA/F1

EAD - TNOS-Amended 10/26

2. Certified Mail (Form 3800) Article Number
9414 7266 9904 2181 0560 31

PS Form 3811, Facsimile, July 2015      Domestic Return Rec

---

Exhibit 3
Page 1 of 2          Case 19-31883-dwh11    Doc 517    Filed 12/16/21

## Return Receipt (Form 3811) Barcode

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent / ☐ Addressee

B. Received by (Printed Name) Tony Kwatkast.  C. Date of Delivery 10-29-21

D. Is delivery address different from item 1? ☐ Yes
   IF YES, enter delivery address below: ☐ No

9590 9266 9904 2181 0560 03

1. Article Addressed to:

Vahan M Dinihanian
c/o Nicholas Henderson
Motschenbacher & Blattner LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204

3. Service Type:
☒ Certified Mail

Reference Information

TEHERA/F1

EAD - TNOS-Amended 10/26

2. Certified Mail (Form 3800) Article Number
9414 7266 9904 2181 0560 00

PS Form 3811, Facsimile, July 2015                          Domestic Return Receipt

*Thank you for using Return Receipt Service*

---

## Return Receipt (Form 3811) Barcode

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☒ Agent / ☐ Addressee

B. Received by (Printed Name) K Kelley  C. Date of Delivery 10·29·21

D. Is delivery address different from item 1? ☐ Yes
   IF YES, enter delivery address below: ☐ No

9590 9266 9904 2181 0560 96

1. Article Addressed to:

Vahan M Dinihanian
237 NW Skyline Blvd.
Portland, OR 97210

3. Service Type:
☒ Certified Mail

Reference Information

TEHERA/F1

EAD - TNOS-Amended 10/26

2. Certified Mail (Form 3800) Article Number
9414 7266 9904 2181 0560 93

PS Form 3811, Facsimile, July 2015                          Domestic Return Receipt

Exhibit 3
Page 2 of 2          Case 19-31883-dwh11    Doc 517    Filed 12/16/21

After Recording Return To:
Tomasi Salyer Martin [EAD]
121 SW Morrison, Suite 1850
Portland, OR 97204

## AFFIDAVIT OF MAILING TRUSTEE'S NOTICE OF SALE

STATE OF OREGON  )
                 )  ss
County of Multnomah  )

I, Keeley Siegman, Administrative Support Specialist at Tomasi Salyer Martin, being first duly sworn, depose, say and certify that:

At all times mentioned herein, I was and now am a resident of the State of Oregon, a competent person over the age of eighteen years, and not the beneficiary or the beneficiary's successor in interest named in the attached original Trustee's Notice of Sale.

I gave notice of the sale of the real property described in the attached original Trustee's Notice of Sale by mailing copies thereof by both first class and certified mail with return receipt requested to each of the following named persons (or their legal representatives, where so indicated) at their respective last known addresses, to-wit:

Occupants and/or Tenants
15005 NW Cornell Road
Beaverton, OR 97006

15005 NW Cornell LLC
c/o Vahan Dinihanian, Registered Agent
237 NW Skyline Blvd.
Portland, OR 97210

Vahan M. Dinihanian
237 NW Skyline Blvd.
Portland, OR 97210

Vahan M. Dinihanian
15005 NW Cornell Road
Beaverton, OR 97006

Cornell Rd., LLC
c/o Lillian R. Logan, Registered Agent
19830 NW Dixie Mt. Rd.
North Plains, OR 97133

Christiana LLC
c/o Lillian R. Logan, Registered Agent
19830 NW Dixie Mt. Rd.
North Plains, OR 97133

Alexander LLC
c/o Lillian R. Logan, Registered Agent
19830 NW Dixie Mt. Rd.
North Plains, OR 97133

Vahan M. Dinihanian
Daniel C. Lorenz, Attorney
521 SW Clay
Portland, OR 97201

Each of the notices so mailed was a true copy of the original Trustee's Notice of Sale. Each such copy was mailed in a sealed envelope, with postage thereon fully prepaid, and was deposited by me in the United States Post Office at Portland, Oregon, on **January 24, 2019**. With respect to each person listed above, one such notice was mailed by first class mail to the

AFFIDAVIT OF MAILING TRUSTEE'S NOTICE OF SALE                PAGE 1
TEHERA-F1\00444351.000

Exhibit 4
Page 1 of 13          Case 19-31883-dwh11    Doc 517    Filed 12/16/21

address indicated, and another such notice was mailed by certified mail with return receipt requested. Each such notice was mailed after the Notice of Default and Election to Sell was recorded and at least 120 days before the Trustee conducts the sale.



Keeley Siegman,
Administrative Support Specialist

SUBSCRIBED AND SWORN to before me this _2 4th_ day of January 2019.

OFFICIAL STAMP
JASMINE RAMIG
NOTARY PUBLIC-OREGON
COMMISSION NO. 964161
MY COMMISSION EXPIRES JULY 05, 2021

Notary Public – State of Oregon

Exhibit 4
Page 2 of 13          Case 19-31883-dwh11     Doc 517     Filed 12/16/21

# TRUSTEE'S NOTICE OF SALE

Reference is made to a certain trust deed ("Trust Deed") made, executed and delivered by **15005 NW Cornell LLC, an Oregon limited liability company**, as grantor, to **First American Title Company of Oregon**, as trustee, in favor of **Tasha L. Dinihanian**, as beneficiary, dated February 1, 2016, and recorded on February 8, 2016, as Recording No. 2016-008669, in the mortgage records of Washington County, Oregon. Tasha L. Dinihanian is now known as Tasha Teherani-Ami.

The Trust Deed covers the following described real property ("Property") situated in said county and state, to-wit:

See Exhibit A attached hereto and incorporated herein.

There are defaults by the grantor or other person owing an obligation, the performance of which is secured by the Trust Deed, with respect to provisions therein which authorize sale in the event of default of such provision; the defaults for which foreclosure is made is grantor's failure to pay when due the following sums:

Arrearage in the sum of $2,443,591.64 as of January 23, 2019, plus additional payments, property expenditures, taxes, liens, assessments, insurance, late fees, attorney's and trustee's fees and costs, and interest due at the time of reinstatement or sale.

By reason of said defaults, the beneficiary has declared all sums owing on the obligations secured by said Trust Deed immediately due and payable, said sums being the following, to-wit:

Payoff in the sum of $2,443,591.64 as of January 23, 2019, plus taxes, liens, assessments, property expenditures, insurance, accruing interest, late fees, attorney's and trustee's fees and costs incurred by beneficiary or its assigns.

WHEREFORE, notice hereby is given that the undersigned trustee will on **June 20, 2019**, at the hour of **11:00 a.m.**, in accord with the standard of time established by ORS 187.110, at the following place: **Outside the Front Entrance of the Washington County Courthouse, 145 N.E. 2nd Avenue, Hillsboro, Oregon**, sell at public auction to the highest bidder for cash the interest in the above-described Property, which the grantor had or had power to convey at the time of the execution by grantor of the said Trust Deed, together with any interest which the grantor or grantor's successors in interest acquired after the execution of the Trust Deed, to partially satisfy the obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee.

Notice is further given that any person named in ORS 86.778 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing any other default complained of herein that is capable of

Exhibit 4
Page 3 of 13          Case 19-31883-dwh11    Doc 517    Filed 12/16/21

being cured by tendering the performance required under the obligation or Trust Deed, and in addition to paying said sum or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and Trust Deed, together with trustee's and attorney's fees not exceeding the amounts provided by said ORS 86.778.

In construing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said Trust Deed, and the words "trustee" and "beneficiary" include their respective successors in interest, if any.

Without limiting the trustee's disclaimer of representations or warranties, Oregon law requires the trustee to state in this notice that some residential property sold at a trustee's sale may have been used in manufacturing methamphetamines, the chemical components of which are known to be toxic. Prospective purchasers of residential property should be aware of this potential danger before deciding to place a bid for this property at the trustee's sale.

**The NOTICE TO RESIDENTIAL TENANTS, attached hereto as Exhibit B, is incorporated herein by reference.**

DATED: January 23 , 2019.

Eleanor A. DuBay, OSB #073755
Authorized By:
Tomasi Salyer Martin PC, Successor Trustee
121 SW Morrison, Suite 1850
Portland, OR 97204
Phone: 503-894-9900; fax: 971-544-7236

Exhibit 4
Page 4 of 13          Case 19-31883-dwh11   Doc 517   Filed 12/16/21

# EXHIBIT A
## Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF Washington, STATE OF OR, AND IS DESCRIBED AS FOLLOWS:

AN UNDIVIDED 50% INTEREST IN THE FOLLOWING DESCRIBED PROPERTY:

PARCEL I:

A tract of land located in the Southeast one-quarter of Section 29 and the Northeast one-quarter of Section 32, Section 29, Township 1 North, Range 1 West of the Willamette Meridian, in the County of Washington and State of Oregon, being more particularly described as follows:

Beginning at a point in the center of the County Road 1162.85 feet West and 869.11 feet South of the Northeast corner of said Section 32; thence North 1485.4 feet; thence East 182.85 feet; thence South 655 feet; thence Easterly 661.8 feet; thence South 1100 feet to the center of the County Road; thence Northwesterly, along the center of the County Road, 173.5 feet; thence Northwesterly, along the center of the County Road, 240 feet; thence Northwesterly, along said County Road, 551.35 feet to the point of beginning.

TOGETHER WITH that portion of the vacated County Road which inured thereto by Resolution and Order No. 95-35, recorded April 13, 1995 as Fee No. 95025673.

ALSO TOGETHER WITH that portion described in Bargain and Sale Deed recorded April 13, 1995 as Fee No. 95025675.

EXCEPTING THEREFROM that portion dedicated for right of way purposes by Dedication Deed recorded August 29, 1994 as Fee No. 94079706.

ALSO EXCEPTING THEREFROM that portion conveyed to Washington County by Quitclaim Deed recorded April 13, 1995 as Fee No. 95025674.

FURTHER EXCEPTING THEREFROM any portion lying within the boundaries of NW Cornell Road.

PARCEL II:

A tract of land located in the Southeast one-quarter of Section 29 and the Northeast one-quarter of Section 32, Section 29, Township 1 North, Range 1 West of the Willamette Meridian, in the County of Washington and State of Oregon, being more particularly described as follows:

Beginning in the center of the County Road, 1748.41 feet West and 875.55 feet South of the Northeast corner of said Section 32; thence North 1490.7 feet; thence Easterly 585.56 feet;

thence South 1485.4 feet to the center of the County Road; thence Westerly, along the center of the County Road 585.56 feet to the point of beginning.

EXCEPTING THEREFROM that portion dedicated for right of way purposes by Dedication Deed recorded August 29, 1994 as Fee No. 94079706.

FURTHER EXCEPTING THEREFROM that portion acquired by State of Oregon, by and through its Department of Transportation in Stipulated Final Judgment of Washington County Case No. C90-0308CV, being recorded February 22, 1996 as Fee No. 96015341 and further relinquished to Washington County, a political subdivision of the State of Oregon, by and through its Elected Officials in Relinquishment Deed recorded October 15, 2009 as Fee No. 2009-091411.

AND FURTHER EXCEPTING THEREFROM any portion lying within the boundaries of NW Cornell Road.

PARCEL III:

A tract of land located in the Southeast one-quarter of Section 29 and the Northeast one-quarter of Section 32, Section 29, Township 1 North, Range 1 West of the Willamette Meridian, in the County of Washington and State of Oregon, being more particularly described as follows:

All that portion of the following described tract lying West of the West line of the Bonneville Transmission Line right-of-way:

Beginning at the common corner of Sections 28, 29, 32 and 33 in Township 1 North, Range 1 West of the Willamette Meridian; thence West 318.2 feet; thence South 1100 feet to the center of the County Road; thence Southeasterly, along the center of the County Road, 426.5 feet; thence Easterly 375.5 feet to a point 10 feet West of and 4 feet North of the intersection of the County Roads; thence North on County Road 1350 feet; thence West 422.5 feet to the point of beginning.

EXCEPTING THEREFROM any portion lying within the boundaries of NW Cornell Road.

Exhibit 4
Page 6 of 13          Case 19-31883-dwh11    Doc 517    Filed 12/16/21

## EXHIBIT B
## NOTICE TO RESIDENTIAL TENANTS

The property in which you are living is in foreclosure. A foreclosure sale is scheduled for **June 20, 2019**. The date of this sale may be postponed. Unless the lender that is foreclosing on this property is paid before the sale date, the foreclosure will go through and someone new will own this property. After the sale, the new owner is required to provide you with contact information and notice that the sale took place.

The following information applies to you only if you are a bona fide tenant occupying and renting this property as a residential dwelling under a legitimate rental agreement. The information does not apply to you if you own this property or if you are not a bona fide residential tenant.

If the foreclosure sale goes through, the new owner will have the right to require you to move out. Before the new owner can require you to move, the new owner must provide you with written notice that specifies the date by which you must move out. If you do not leave before the move-out date, the new owner can have the sheriff remove you from the property after a court hearing. You will receive notice of the court hearing.

### PROTECTION FROM EVICTION

**IF YOU ARE A BONA FIDE TENANT OCCUPYING AND RENTING THIS PROPERTY AS A RESIDENTIAL DWELLING, YOU HAVE THE RIGHT TO CONTINUE LIVING IN THIS PROPERTY AFTER THE FORECLOSURE SALE FOR:**

**1) 60 DAYS FROM THE DATE YOU ARE GIVEN A WRITTEN TERMINATION NOTICE, IF YOU HAVE A FIXED TERM LEASE; OR**
**2) AT LEAST 30 DAYS FROM THE DATE YOU ARE GIVEN A WRITTEN TERMINATION NOTICE, IF YOU HAVE A MONTH-TO-MONTH OR WEEK-TO-WEEK RENTAL AGREEMENT.**

If the new owner wants to move in and use this property as a primary residence, the new owner can give you written notice and require you to move out after 30 days, even though you have a fixed term lease with more than 30 days left.

You must be provided with at least 30 days' written notice after the foreclosure sale before you can be required to move.

A bona fide tenant is a residential tenant who is not the borrower (property owner) or a child, spouse or parent of the borrower, and whose rental agreement:
- Is the result of an arm's-length transaction;

- Requires the payment of rent that is not substantially less than fair market rent for the property, unless the rent is reduced or subsidized due to a federal, state or local subsidy; and
- Was entered into prior to the date of the foreclosure sale.

## ABOUT YOUR TENANCY
## BETWEEN NOW AND THE FORECLOSURE SALE:
### RENT

YOU SHOULD CONTINUE TO PAY RENT TO YOUR LANDLORD UNTIL THE PROPERTY IS SOLD OR UNTIL A COURT TELLS YOU OTHERWISE. IF YOU DO NOT PAY RENT, YOU CAN BE EVICTED. BE SURE TO KEEP PROOF OF ANY PAYMENTS YOU MAKE.

### SECURITY DEPOSIT

You may apply your security deposit and any rent you paid in advance against the current rent you owe your landlord as provided in ORS 90.367. To do this, you must notify your landlord in writing that you want to subtract the amount of your security deposit or prepaid rent from your rent payment. You may do this only for the rent you owe your current landlord. If you do this, you must do so before the foreclosure sale. The business or individual who buys this property at the foreclosure sale is not responsible to you for any deposit or prepaid rent you paid to your landlord.

## ABOUT YOUR TENANCY
## AFTER THE FORECLOSURE SALE

The new owner that buys this property at the foreclosure sale may be willing to allow you to stay as a tenant instead of requiring you to move out after 90 days or at the end of your fixed term lease. After the sale, you should receive a written notice informing you that the sale took place and giving you the new owner's name and contact information. You should contact the new owner if you would like to stay. If the new owner accepts rent from you, signs a new residential rental agreement with you or does not notify you in writing within 30 days after the date of the foreclosure sale that you must move out, the new owner becomes your new landlord and must maintain the property. Otherwise:

- You do not owe rent;
- The new owner is not your landlord and is not responsible for maintaining the property on your behalf; and
- You must move out by the date the new owner specifies in a notice to you.

The new owner may offer to pay your moving expenses and any other costs or amounts you and the new owner agree on in exchange for your agreement to leave the

premises in less than 30 or 60 days. You should speak with a lawyer to fully understand your rights before making any decisions regarding your tenancy.

IT IS UNLAWFUL FOR ANY PERSON TO TRY TO FORCE YOU TO LEAVE YOUR DWELLING UNIT WITHOUT FIRST GIVING YOU WRITTEN NOTICE AND GOING TO COURT TO EVICT YOU. FOR MORE INFORMATION ABOUT YOUR RIGHTS, YOU SHOULD CONSULT A LAWYER. If you believe you need legal assistance, contact the Oregon State Bar and ask for the lawyer referral service. Contact information for the Oregon State Bar is included with this notice. If you do not have enough money to pay a lawyer and are otherwise eligible, you may be able to receive legal assistance for free. Information about whom to contact for free legal assistance is included with this notice.

**HOW TO FIND A LAWYER**:  If you need help finding a lawyer, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763, or toll free in Oregon at (800) 452-7636, or you may visit its website at www.osbar.org. Legal assistance may be available if you have a low income and meet federal poverty guidelines. For more information and a directory of legal aid programs, go to www.oregonlawhelp.org.

Exhibit 4
Page 9 of 13          Case 19-31883-dwh11     Doc 517    Filed 12/16/21

/ 1005 NW CORNELL LLC
# TEHERA/F1

# AFFIDAVIT OF POSTING

STATE OF OREGON
County of Multnomah      ss.

I, Kyle Berg, hereby certify and swear that at all times herein mentioned I was and now am a competent person 18 years of age or older and a resident of the state wherein the service hereinafter set forth was made; that I am not the beneficiary or trustee named in the original trustee's Notice of Sale attached hereto, not the successor of either, nor an officer, director, employee of or attorney for the beneficiary, trustee, or successor of either, corporate or otherwise.

I made service of the Letter To Whom It May Concern dated January 24, 2019; Trustee's Notice of Sale; Exhibit A and B upon the individuals and/or entities named below, by delivering a copy of the aforementioned documents, upon an **OCCUPANT** at the following **"Property Address"**:

**15005 NW Cornell Road**
**Beaverton, OR 97006**

As follows:

On 01/24/2019 at 5:12 PM, I attempted personal service at the Property Address. I received no answer at the front door and no one appeared to be home. At that time, I POSTED such true copy conspicuously on the front door, pursuant to ORS 86.774 (1)(b)(A).

On 01/27/2019 at 3:47 PM, I returned to the Property Address and, again, received no answer at the front door. At that time, I POSTED another such copy conspicuously on the front door, pursuant to ORS 86.774 (1)(b)(B).

On 01/31/2019 at 5:20 PM, I returned to the Property Address and, again, received no answer at the front door. This attempt in person at the Property Address satisfies the third attempt requirement under ORS 86.774 (1)(b)(C).

I declare under the penalty of perjury that the above statement is true and correct.



X_____
Kyle Berg
Nationwide Process Service, Inc.
300 Century Tower
1201 SW 12th Avenue
Portland, OR 97205
(503) 241-0636

SUBSCRIBED AND SWORN BEFORE ME
this 22nd day of May , 20 19
by Kyle Berg.

_____
Notary Public for Oregon

OFFICIAL STAMP
MITCH AARON WIRTH
NOTARY PUBLIC-OREGON
COMMISSION NO. 974861
MY COMMISSION EXPIRES MAY 16, 2022

*342213*

# AFFIDAVIT OF MAILING

STATE OF OREGON
County of Multnomah      ss.

I, Kyle Berg, being first duly sworn, depose and say that I am a competent person over the age of 18 years of age or older. On February 01, 2019, I mailed a copy of the Letter To Whom It May Concern dated January 24, 2019; Trustee's Notice of Sale; Exhibit A and B, by First Class Mail, postage pre-paid, to occupant, pursuant to ORS 86.774(1)(b)(C).

The envelope was addressed as follows:

**OCCUPANT**
**15005 NW Cornell Road**
**Beaverton, OR 97006**

This mailing completes service upon an occupant at the above address with an effective date of **01/24/2019** as calculated pursuant to ORS 86.774 (1)(c).

I declare under the penalty of perjury that the above statement is true and correct.

X_____
Kyle Berg
Nationwide Process Service, Inc.
300 Century Tower
1201 SW 12th Avenue
Portland, OR 97205
(503) 241-0636

SUBSCRIBED AND SWORN BEFORE ME
this 22ⁿᵈ day of _May_____, 2019
by Kyle Berg.



_____
Notary Public for Oregon

OFFICIAL STAMP
MITCH AARON WIRTH
NOTARY PUBLIC-OREGON
COMMISSION NO. 974861
MY COMMISSION EXPIRES MAY 16, 2022

*342213*

AFFIDAVIT OF PUBLICATION





921 S.W. Washington St. Suite 210 / Portland, OR 97205-2810
(503) 226-1311

STATE OF OREGON, COUNTY OF MULTNOMAH--ss.
I, **Michelle Ropp** , being first duly sworn, depose and say that I am a **Principal Clerk** of the **Daily Journal of Commerce** , a newspaper of general circulation in the counties of CLACKAMAS, MULTNOMAH, and WASHINGTON   as defined by ORS 193.010 and 193.020; published at Portland in the aforesaid County and State; that I know from my personal knowledge that the Trustee Sales notice described as

**Case Number:  NOT PROVIDED**
**15005 NW Cornell LLC; Date of Sale 06/20/2019 at 11:00**
**15005 NW Cornell LLC in favor of Lender**

a printed copy of which is hereto annexed, was published in the entire issue of said newspaper for **4** time(s) in the following issues:

| 4/5/2019 | 4/12/2019 | 4/19/2019 | 4/26/2019 |

State of Oregon
County of Multnomah

**SEE EXHIBIT A**

SIGNED OR ATTESTED BEFORE ME
ON THE **26th** DAY OF **April, 2019**

Michelle Ropp

Notary Public-State of Oregon

OFFICIAL STAMP
**SELAH MICHELE FARMER**
NOTARY PUBLIC - OREGON
COMMISSION NO. 959961
MY COMMISSION EXPIRES FEBRUARY 27, 2021

**Eleanor DuBay**
**Tomasi Salyer Baroway**
121 SW Morrison St Ste 1850
Portland, OR 97204-3120

Order No.:          11725418
Client Reference No:

Exhibit 4
Page 12 of 13          Case 19-31883-dwh11    Doc 517    Filed 12/16/21

# EXHIBIT A

## TRUSTEE'S NOTICE OF SALE

Reference is made to a certain trust deed ("Trust Deed") made, executed and delivered by **15005 NW Cornell LLC, an Oregon limited liability company**, as grantor, to **First American Title Company of Oregon**, as trustee, in favor of **Tasha L. Dinihanian**, as beneficiary, dated February 1, 2016, and recorded on February 8, 2016, as Recording No. 2016-008669, in the mortgage records of Washington County, Oregon. Tasha L. Dinihanian is now known as Tasha Teherani-Ami.

The Trust Deed covers the following described real property ("Property") situated in said county and state, to-wit:

See Exhibit A attached hereto and incorporated herein.

## EXHIBIT A
### Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF Washington, STATE OF OR, AND IS DESCRIBED AS FOLLOWS:

AN UNDIVIDED 50% INTEREST IN THE FOLLOWING DESCRIBED PROPERTY:

PARCEL I:

A tract of land located in the Southeast one-quarter of Section 29 and the Northeast one-quarter of Section 32, Section 29, Township 1 North, Range 1 West of the Willamette Meridian, in the County of Washington and State of Oregon, being more particularly described as follows:

Beginning at a point in the center of the County Road 1162.85 feet West and 869.11 feet South of the Northeast corner of said Section 32; thence North 1485.4 feet; thence East 182.85 feet; thence South 655 feet; thence Easterly 661.8 feet; thence South 1100 feet to the center of the County Road; thence Northwesterly, along the center of the County Road, 173.5 feet; thence Northwesterly, along the center of the County Road, 240 feet; thence Northwesterly, along said County Road, 551.35 feet to the point of beginning.

TOGETHER WITH that portion of the vacated County Road which inured thereto by Resolution and Order No. 95-35, recorded April 13, 1995 as Fee No. 95025673.

ALSO TOGETHER WITH that portion described in Bargain and Sale Deed recorded April 13, 1995 as Fee No. 95025675.

EXCEPTING THEREFROM that portion dedicated for right of way purposes by Dedication Deed recorded August 29, 1994 as Fee No. 94079706.

ALSO EXCEPTING THEREFROM that portion conveyed to Washington County by Quitclaim Deed recorded April 13, 1995 as Fee No. 95025674.

FURTHER EXCEPTING THEREFROM any portion lying within the boundaries of NW Cornell Road.

PARCEL II:

A tract of land located in the Southeast one-quarter of Section 29 and the Northeast one-quarter of Section 32, Section 29, Township 1 North, Range 1 West of the Willamette Meridian, in the County of Washington and State of Oregon, being more particularly described as follows:

Beginning in the center of the County Road, 1748.41 feet West and 875.55 feet South of the Northeast corner of said Section 32; thence North 1490.7 feet; thence Easterly 585.56 feet; thence South 1485.4 feet to the center of the County Road; thence Westerly, along the center of the County Road 585.56 feet to the point of beginning.

EXCEPTING THEREFROM that portion dedicated for right of way purposes by Dedication Deed recorded August 29, 1994 as Fee No. 94079706.

FURTHER EXCEPTING THEREFROM that portion acquired by State of Oregon, by and through its Department of Transportation in Stipulated Final Judgment of Washington County Case No. C90-0308CV, being recorded February 22, 1996 as Fee No. 96015341 and further relinquished to Washington County, a political subdivision of the State of Oregon, by and through its Elected Officials in Relinquishment Deed recorded October 15, 2009 as Fee No. 2009-091411.

AND FURTHER EXCEPTING THEREFROM any portion lying within the boundaries of NW Cornell Road.

PARCEL III:

A tract of land located in the Southeast one-quarter of Section 29 and the Northeast one-quarter of Section 32, Section 29, Township 1 North, Range 1 West of the Willamette Meridian, in the County of Washington and State of Oregon, being more particularly described as follows:

All that portion of the following described tract lying West of the West line of the Bonneville Transmission Line right-of-way:

Beginning at the common corner of Sections 28, 29, 32 and 33 in Township 1 North, Range 1 West of the Willamette Meridian; thence West 318.2 feet; thence South 1100 feet to the center of the County Road; thence Southeasterly, along the center of the County Road, 426.5 feet; thence Easterly 375.5 feet to a point 10 feet West of and 4 feet North of the intersection of the County Roads; thence North on County Road 1350 feet; thence West 422.5 feet to the point of beginning.

EXCEPTING THEREFROM any portion lying within the boundaries of NW Cornell Road.

There are defaults by the grantor or other person owing an obligation, the performance of which is secured by the Trust Deed, with respect to provisions therein which authorize sale in the event of default of such provision; the defaults for which foreclosure is made is grantor's failure to pay when due the following sums:

Arrearage in the sum of $2,443,591.64 as of January 23, 2019, plus additional payments, property expenditures, taxes, liens, assessments, insurance, late fees, attorney's and trustee's fees and costs, and interest due at the time of reinstatement or sale.

By reason of said defaults, the beneficiary has declared all sums owing on the obligations secured by said Trust Deed immediately due and payable, said sums being the following, to-wit:

Payoff in the sum of $2,443,591.64 as of January 23, 2019, plus taxes, liens, assessments, property expenditures, insurance, accruing interest, late fees, attorney's and trustee's fees and costs incurred by beneficiary or its assigns.

WHEREFORE, notice hereby is given that the undersigned trustee will on **June 20, 2019**, at the hour of **11:00 a.m.,** in accord with the standard of time established by ORS 187.110, at the following place: **Outside the Front Entrance of the Washington County Courthouse, 145 N.E. 2nd Avenue, Hillsboro, Oregon,** sell at public auction to the highest bidder for cash the interest in the above-described Property, which the grantor had or had power to convey at the time of the execution by grantor of the said Trust Deed, together with any interest which the grantor or grantor's successors in interest acquired after the execution of the Trust Deed, to partially satisfy the obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee.

Notice is further given that any person named in ORS 86.778 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing any other default complained of herein that is capable of being cured by tendering the performance required under the obligation or Trust Deed, and in addition to paying said sum or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and Trust Deed, together with trustee's and attorney's fees not exceeding the amounts provided by said ORS 86.778.

In construing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said Trust Deed, and the words "trustee" and "beneficiary" include their respective successors in interest, if any.

Without limiting the trustee's disclaimer of representations or warranties, Oregon law requires the trustee to state in this notice that some residential property sold at a trustee's sale may have been used in manufacturing methamphetamines, the chemical components of which are known to be toxic. Prospective purchasers of residential property should be aware of this potential danger before deciding to place a bid for this property at the trustee's sale.

**The NOTICE TO RESIDENTIAL TENANTS, attached hereto as Exhibit B, is incorporated herein by reference. [Exhibit B, NOTICE TO RESIDENTIAL TENANTS, is not published pursuant to ORS 86.774(2)(b).]**

DATED: January 23, 2019.

/s/ Eleanor A. DuBay
Eleanor A. DuBay, OSB #073755
Authorized By:
Tomasi Salyer Martin PC,
Successor Trustee
121 SW Morrison, Suite 1850
Portland, OR 97204
Phone: 503-894-9900;
fax: 971-544-7236

Published Apr. 5, 12, 19 & 26, 2019.
11725418

Exhibit 4
Page 13 of 13     Case 19-31883-dwh11     Doc 517     Filed 12/16/21

# CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2021 I served a copy of the foregoing

**DECLARATION OF ELEANOR A. DUBAY IN SUPPORT OF HEARING MEMORANDUM IN SUPPORT OF CREDITOR TASHA TEHERANI-AMI'S MOTION FOR RELIEF FROM STAY RE: SKYLINE PROPERTY (237 NW Skyline Blvd., Portland, OR 97210)** by electronic means using ECF to the parties listed below:

STEPHEN P ARNOT on behalf of U.S. Trustee US Trustee, Portland
steve.arnot@usdoj.gov

CHRISTOPHER N COYLE on behalf of Defendant Eagle Holdings LLC
chris@vbcattorneys.com, ecfmail@vbcattorneys.com

ELEANOR A. DUBAY on behalf of Creditor Tasha Teherani-Ami
edubay@tomasilegal.com, jramig@tomasilegal.com

ELEANOR A. DUBAY on behalf of Defendant Tasha Teherani-Ami
edubay@tomasilegal.com, jramig@tomasilegal.com

JOSEPH A FIELD on behalf of Attorney Sortis Holdings, Inc.
joe@fieldjerger.com, jenny@fieldjerger.com

RUSSELL D GARRETT on behalf of Creditor Alexander LLC
russ.garrett@jordanramis.com, patricia.repp@jordanramis.com;litparalegal@jordanramis.com

RUSSELL D GARRETT on behalf of Creditor Christiana LLC
russ.garrett@jordanramis.com, patricia.repp@jordanramis.com;litparalegal@jordanramis.com

RUSSELL D GARRETT on behalf of Creditor Cornell Rd LLC
russ.garrett@jordanramis.com, patricia.repp@jordanramis.com;litparalegal@jordanramis.com

RUSSELL D GARRETT on behalf of Creditor Lillian Logan
russ.garrett@jordanramis.com, patricia.repp@jordanramis.com;litparalegal@jordanramis.com

NICHOLAS J HENDERSON on behalf of Debtor 15005 NW Cornell LLC
nhenderson@portlaw.com,
tsexton@portlaw.com;mperry@portlaw.com;hendersonnr86571@notify.bestcase.com

NICHOLAS J HENDERSON on behalf of Debtor Vahan M. Dinihanian, Jr.
nhenderson@portlaw.com,
tsexton@portlaw.com;mperry@portlaw.com;hendersonnr86571@notify.bestcase.com

NICHOLAS J HENDERSON on behalf of Defendant Vahan M. Dinihanian, Jr.
nhenderson@portlaw.com,
tsexton@portlaw.com;mperry@portlaw.com;hendersonnr86571@notify.bestcase.com

CERTIFICATE OF SERVICE
TEHERA-B1\00615844.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 517    Filed 12/16/21

NICHOLAS J HENDERSON on behalf of Jointly Administered Debtor Vahan M. Dinihanian, Jr.
nhenderson@portlaw.com,
tsexton@portlaw.com;mperry@portlaw.com;hendersonnr86571@notify.bestcase.com

GREGORY J MINER on behalf of Creditor Bateman Seidel
gminer@batemanseidel.com, bsixberry@batemanseidel.com

BRUCE H ORR on behalf of Defendant Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11
bho@wysekadish.com, tn@wysekadish.com;drw@wysekadish.com

BRUCE H ORR on behalf of Interested Party Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11
bho@wysekadish.com, tn@wysekadish.com;drw@wysekadish.com

BRUCE H ORR on behalf of Plaintiff Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11
bho@wysekadish.com, tn@wysekadish.com;drw@wysekadish.com

ERICH M PAETSCH on behalf of Creditor Columbia State Bank
epaetsch@sglaw.com, ktate@sglaw.com

DOUGLAS R PAHL on behalf of Debtor 15005 NW Cornell LLC
dpahl@perkinscoie.com, nlesage@perkinscoie.com;docketpor@perkinscoie.com

DOUGLAS R PAHL on behalf of Defendant 15005 NW Cornell LLC
dpahl@perkinscoie.com, nlesage@perkinscoie.com;docketpor@perkinscoie.com

DOUGLAS R PAHL on behalf of Interested Party 15005 NW Cornell LLC
dpahl@perkinscoie.com, nlesage@perkinscoie.com;docketpor@perkinscoie.com

DOUGLAS R PAHL on behalf of Plaintiff 15005 NW Cornell LLC
dpahl@perkinscoie.com, nlesage@perkinscoie.com;docketpor@perkinscoie.com

TROY SEXTON on behalf of Debtor Vahan M. Dinihanian, Jr.
tsexton@portlaw.com, nhenderson@portlaw.com,mperry@portlaw.com,troy-sexton-4772@ecf.pacerpro.com

TROY SEXTON on behalf of Jointly Administered Debtor Vahan M. Dinihanian, Jr.
tsexton@portlaw.com, nhenderson@portlaw.com,mperry@portlaw.com,troy-sexton-4772@ecf.pacerpro.com

DANIEL L STEINBERG on behalf of Creditor Alexander LLC
Daniel.Steinberg@jordanramis.com, Litparalegal@jordanramis.com

DANIEL L STEINBERG on behalf of Creditor Christiana LLC
Daniel.Steinberg@jordanramis.com, Litparalegal@jordanramis.com

DANIEL L STEINBERG on behalf of Creditor Cornell Rd LLC
Daniel.Steinberg@jordanramis.com, Litparalegal@jordanramis.com

DANIEL L STEINBERG on behalf of Creditor Lillian Logan
Daniel.Steinberg@jordanramis.com, Litparalegal@jordanramis.com

CERTIFICATE OF SERVICE
TEHERA-B1\00615844.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 517    Filed 12/16/21

US Trustee, Portland
USTPRegion18.PL.ECF@usdoj.gov

DATED: December 16, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, OSB #073755
(503) 894-9900
edubay@tomasilegal.com
Of Attorneys for Tasha Teherani-Ami

CERTIFICATE OF SERVICE
TEHERA-B1\00615844.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 19-31883-dwh11    Doc 517    Filed 12/16/21