**Russell D. Garrett**, OSB #882111
russell.garrett@jordanramis.com
**Daniel L. Steinberg**, OSB #993690
daniel.steinberg@jordanramis.com
JORDAN RAMIS PC
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070
Facsimile: (503) 598-7373

Attorneys for Lillian Logan, Cornell Rd LLC,
Christiana LLC, and Alexander LLC

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>15005 NW Cornell LLC; and<br>Vahan M. Dinihanian, Jr.,<br><br>       Debtors. | Bankruptcy Case Nos.:<br><br>19-31883-dwh11 (Lead Case)<br><br>19-31886-dwh11<br><br>Jointly Administered Under<br>Case No. 19-31883-dwh11<br><br>CREDITORS AND INTERESTED PARTIES LILLIAN LOGAN, CORNELL RD LLC, CHRISTIANA LLC AND ALEXANDER LLC'S OBJECTION TO MOTION TO APPROVE COMPROMISE AND DISMISS JOINTLY ADMINISTERED BANKRUPTCY CASES |

Creditors and interested parties, Lillian Logan, Cornell Rd LLC, Christiana LLC and

Alexander LLC (collectively the "Logan Parties") by and through their attorneys Jordan Ramis

PC, hereby object to Debtors' Motion to Approve Compromise and Dismiss Jointly

Administered Bankruptcy Cases (the "Motion") [Dkt 671 and Dkt 135[1]]. Because the proposed

---

[1] This case is administratively consolidated with Vahan Dinihanian Jr.'s Ch. 11, Case no. 19-

Page 1 – LOGAN PARTIES' OBJECTION TO MOTION
      TO APPROVE COMPROMISE AND DISMISS
      JOINTLY ADMINISTERED BANKRUPTCY
      CASES

JORDAN RAMIS PC
Attorneys at Law
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070 Fax: (503) 598-7373

53110-77700 4872-3027-7712.1

Case 19-31883-dwh11    Doc 675    Filed 03/01/23

compromise and dismissal provides for payment of some only administrative expenses, but ignores the administrative expenses of the Logan Parties, this court should deny the Motion. This objection is supported by the court file and the Declaration of Daniel Steinberg filed herewith.

<u>RELEVANT BACKGROUND</u>

This court has presided over this case for quite some time, and is familiar with the general background. For purposes of responding to the Motion only, the following additional facts need be highlighted.

Debtor 15005 NW Cornell LLC ("15005") filed an adversary proceeding on or about February 2, 2022 against the Logan Parties and Tasha L. Teherani-Ami as trustee of the Sonja Dinihanian GST Trust DTS 1/1/11 (the "Sonja Trust"), Adversary Proceeding Case No. 22-03017 (the "Adversary Proceeding"), seeking relief under 11 U.S.C. § 363(h) for authorization to seek a sale of not only 15005's interest in what has been commonly referred to as the Cornell Property, but also the interest of the defendants in that case who are co-owners in that property. .

In the Adversary Proceeding, the Logan Parties filed an Answer with Counterclaims including a counterclaim requesting that the court find that the Tenancy in Common Agreement amongst the owners of the Cornell Property (the "TIC") could not be rejected under 11 U.S.C. § 365 and that before 15005 could seek a sale under 11 U.S.C. § 363, it would be required to first comply with the provisions of the TIC. *See generally*, [Adversary Proceeding Dkt. 1, 4, and 13].

The Logan Parties moved for partial summary judgment on their claims and the court granted summary judgment in part finding that the TIC cannot be rejected as an executory

---

31886-dwh11.

Page 2 –   LOGAN PARTIES' OBJECTION TO MOTION
            TO APPROVE COMPROMISE AND DISMISS
            JOINTLY ADMINISTERED BANKRUPTCY
            CASES

JORDAN RAMIS PC
Attorneys at Law
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070 Fax: (503) 598-7373

53110-77700 4872-3027-7712.1

contract in this bankruptcy and that, before 15005 could proceed with a sale of any interest in the Cornell Property, 15005 is required to comply with the provisions of the TIC. [Adversary Proceeding Dkt. 42]. The TIC contains an attorney fee provision providing that:

> "d.    <u>Attorney's Fees</u>. If a suite, action, arbitration, or other proceeding of any nature (including any proceeding under the U.S. Bankruptcy Code) is instituted in connection with any controversy arising out of this Agreement or to interpret or enforce any rights hereunder, the prevailing party shall be entitled to recover its attorneys' fees and all other fees, costs, and expenses incurred and reasonably necessary in connection therewith, as determined by the court at trial or on any appeal or review, in addition to all other amounts provided by law."

*Steinberg Dec*. Ex. 1 pg. 5.

Shortly after, this court granted the Logan Parties' Motion for Partial Summary Judgment, the Logan Parties and 15005 began negotiating for entry of a judgment and to find the most efficient way to deal with the right to attorney's fees that was being claimed by the Logan Parties. *Steinberg Dec*. ¶ 4. Unbeknownst to the Logan Parties, at that time, the Debtors, including Vahan Dinihanian, Jr. ("Dinihanian") was negotiating with their own counsel on a settlement of administrative expense claims arising from the Debtors' attorneys' fees. *Steinberg Dec.* ¶ 7.

On October 28, 2022, the Logan Parties and 15005 reached an agreement for how to proceed which was memorialized by the parties' respective attorneys. *See Steinberg Dec.*, Ex. 2. Shortly thereafter, the Debtors, represented by independent counsel, participated in a settlement conference and reached the negotiated settlement that is set forth in the Motion.

As indicated in the Declaration of Daniel Steinberg, 15005 knew that the Logan Parties were claiming administrative expenses for the attorney's fees incurred from the Debtors' failed attempt to breach the TIC. *Steinberg Dec.*, ¶ 6. Despite that knowledge, the Debtors did not

Page 3 –  LOGAN PARTIES' OBJECTION TO MOTION
         TO APPROVE COMPROMISE AND DISMISS
         JOINTLY ADMINISTERED BANKRUPTCY
         CASES

JORDAN RAMIS PC
Attorneys at Law
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070 Fax: (503) 598-7373

53110-77700 4872-3027-7712.1

consult with or invite comment from the Logan Partis regarding any proposed settlement of administrative expense fees, nor does the Motion make any provision for such fees. *Id.* at ¶ 7.

<u>POINTS AND AUTHORITIES</u>

The proposed dismissal and compromise are not in the best interest of the estate because it treats certain administrative expense creditors better than others. As noted by the Debtors, a bankruptcy court should approve a proposed settlement only if the court finds the settlement "fair and equitable." *Martin v. Cane*, (*In re A & C Props.*), 784 F.2d 1377, 1381 (9th Cir. 1986). *See also* the Motion, pg. 10. The Debtors' proposed compromise is not in the "best interest" of the estate as it is not reasonable given the circumstances of the case. *See Goodwin v. Mickey Thompson Entn't Grp. Inc.* (*In re Mickey Thompson Entn't Grp, Inc.*), 292 BR 415, 420 (B.A.P. 9th Cir. 2003). While the Motion may be fair and equitable as between the Debtors and the Debtors' attorneys, it is not fair and equitable to the estate as it fails to provide any payment, pre or post dismissal, for the Logan Parties' administrative expense claims, nor does the Motion provide any explanation for the failure to do so.

/ / /

/ / /

/ / /

/ / /

/ /

/ / /

/ / /

/ / /

/ / /

Page 4 –   LOGAN PARTIES' OBJECTION TO MOTION
TO APPROVE COMPROMISE AND DISMISS
JOINTLY ADMINISTERED BANKRUPTCY
CASES

JORDAN RAMIS PC
Attorneys at Law
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070 Fax: (503) 598-7373

53110-77700 4872-3027-7712.1

CONCLUSION

The court should deny the Motion until such time as the Logan Parties' administrative expense claim is liquidated and provided for in comparable fashion to that of the Debtors' attorneys. In the alternative, the court should convert 15005's case to one under Chapter 7.

DATED this 1st day of March, 2023.

JORDAN RAMIS PC

By: _/s/ Daniel L. Steinberg_
    Russell D. Garrett, OSB #882111
    Russell.garrett@jordanramis.com
    Daniel L. Steinberg, OSB #993690
    Daniel.steinberg@jordanramis.com
    Attorneys for Lillian Logan, Cornell Rd LLC,
    Christiana LLC, and Alexander LLC

JORDAN RAMIS PC
Attorneys at Law
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070 Fax: (503) 598-7373

53110-77700 4872-3027-7712.1

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I electronically filed the

foregoing **LOGAN PARTIES' OBJECTION TO MOTION TO APPROVE**

**COMPROMISE AND DISMISS JOINTLY ADMINISTERED BANKRUPTCY CASES**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

Nicholas J. Henderson
Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Tel: (503) 417-0500
Email: nhenderson@portlaw.com
     Attorneys for Debtor and Debtor-in-
     Possession Vahan M. Dinihanian, Jr.

U.S. Trustee
US Trustee, Portland
620 SW Main Street, #213
Portland, OR 97205

Joseph A Field
Field Jerger LLP
621 SW Morrison St Ste 510
Portland OR  97205
Email: joe@fieldjerger.com,
jenny@fieldjerger.com

Douglas R. Pahl
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Tel: (503) 727-2000
Email: dpahl@perkinscoie.com
     Attorneys for Debtor and Debtor-in-
     Possession 15005 NW Cornell LLC

Stephen P Arnot
DOJ-UST
620 SW Main Street, Suite 213
Portland, OR 97205
Tel: (503) 326-4004
Email: steve.arnot@usdoj.gov
     Attorney for U.S. Trustee

Christopher N Coyle
Vanden Bos & Chapman LLP
319 SW Washington St Ste 520
Portland OR  97204
Email:chris@vbcattorneys.com,
ecfmail@vbcattorneys.com

Page 1 –  CERTIFICATE OF SERVICE

JORDAN RAMIS PC
Attorneys at Law
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77700 4872-3027-7712.1

Eleanor A. DuBay
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, OR 97204
  Attorneys for Interested Party Tasha L.
  Teherani-Ami

Gregory J Miner
1610 SW College St
Portland OR 97201
Email: gminer@batemanseidel.com,
bsixberry@batemanseidel.com

Travis W Hall
Bateman Seidel et al
1000 SW Broadway Ste 1910
Portland OR 97205
Email: thall@batemanseidel.com,
bsixberry@batemanseidel.com

Bruce H Orr
Wyse Kadish LLP
900 SW Fifth Ave Ste 2000
Portland OR 97204
Email: bho@wysekadish.com,
sat@wysekadish.com;drw@wysekadish.com

Erich M Paetsch
Saalfeld Griggs PC
250 Church St SE Ste 200
PO Box 470
Salem OR 97308
Email epaetsch@sglaw.com, ktate@sglaw.com

Troy G Sexton
Motschenbacher & Blattner LLP
117 SW Taylor St Ste 300
Portland OR 97204
Email: tsexton@portlaw.com,

DATED: March 1, 2023.

/s/ Daniel L. Steinberg
Daniel L. Steinberg, OSB #993690
daniel.steinberg@jordanramis.com

JORDAN RAMIS PC
Attorneys at Law
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77700 4872-3027-7712.1

**Russell D. Garrett**, OSB #882111
russell.garrett@jordanramis.com
**Daniel L. Steinberg**, OSB #993690
daniel.steinberg@jordanramis.com
JORDAN RAMIS PC
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070
Facsimile: (503) 598-7373

Attorneys for Lillian Logan, Cornell Rd LLC,
Christiana LLC, and Alexander LLC

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>15005 NW Cornell LLC; and<br>Vahan M. Dinihanian, Jr.,<br><br>        Debtors. | Bankruptcy Case Nos.:<br><br>19-31883-dwh11 (Lead Case)<br><br>19-31886-dwh11<br><br>Jointly Administered Under<br>Case No. 19-31883-dwh11<br><br>DECLARATION OF DANIEL STEINBERG IN SUPPORT OF CREDITORS AND INTERESTED PARTIES LILLIAN LOGAN, CORNELL RD LLC, CHRISTIANA LLC AND ALEXANDER LLC'S OBJECTION TO MOTION TO APPROVE COMPROMISE AND DISMISS JOINTLY ADMINISTERED BANKRUPTCY CASES |

I, Daniel Steinberg, hereby declare the following:

1.    I am the Declarant and make all of the statements herein of my personal knowledge,

except as to those matters stated on information and belief, and as to those matters, believe them

to be true, and if called as a witness, could and would testify competently thereto.

Page 1 –   DECLARATION OF DANIEL STEINBERG IN
SUPPORT OF LOGAN PARTIES' OBJECTION
TO MOTION TO APPROVE COMPROMISE
AND DISMISS JOINTLY ADMINISTERED
BANKRUPTCY CASES

JORDAN RAMIS PC
Attorneys at Law
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070 Fax: (503) 598-7373

53110-77700 4889-0571-5028.1

Case 19-31883-dwh11    Doc 675    Filed 03/01/23

2. I am a shareholder at the law firm of Jordan Ramis PC, counsel for creditors and interested parties, Lillian Logan, Cornell Rd LLC, Christiana LLC and Alexander LLC (collectively the "Logan Parties") in this matter.

3. Attached hereto as Exhibit 1 is a copy of the Tenancy in Common Agreement (the "TIC") which contains the attorney's fee provision which is the basis for the Logan Parties' administrative expense fees arising out of the decision in their favor on their Motion for Partial Summary Judgment in the adversary proceeding, Case No. 22-03017 (the "Adversary Proceeding") and the negotiated agreement between the Logan Parties and debtor 15005 NW Cornell LLC ("15005").

4. Shortly after this court delivered its decision on the motion for partial summary judgment filed by the Logan Parties in the Adversary Proceeding, I began discussions with Douglas Pahl, attorney for 15005, regarding the best way to close the adversary proceeding in light of the attorney fee provision in the TIC.

5. On October 28, 2022, the parties reached an agreement which was memorialized in an e-mail. Attached hereto as Exhibit 2 is a copy of that email in which Douglas Pahl confirms that the adversary proceeding filed by the Debtor will be dismissed, the court's ruling on the Logan Parties' Motion for Partial Summary Judgment will be incorporated as part of a judgment, and that the attorney's fees award, if any, arising out of the dispute over the meaning of the TIC and enforceability of the TIC would be handled through the claims process.

6. As part of those ongoing discussions, I indicated that the Logan Parties would file a motion to allow administrative expenses given the attorney's fees that arose post-petition as a

JORDAN RAMIS PC
Attorneys at Law
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070 Fax: (503) 598-7373

53110-77700 4889-0571-5028.1

result of the Debtor's attempted breach of the TIC.

7.   At no time were the Logan Parties invited to participate in any mediation or settlement of the administrative expenses of the bankruptcy estate or the bankruptcy estate of Vahan Dinihanian, Jr.

8.   On February 28, 2023, the Logan Parties have filed a Motion to Re-Open the Adversary Proceeding to have the judgment entered as the parties in the Adversary Proceeding have agreed.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: March 1, 2023.

By:   */s/Daniel L. Steinberg*   _____

Page 3 –   DECLARATION OF DANIEL STEINBERG IN
SUPPORT OF LOGAN PARTIES' OBJECTION
TO MOTION TO APPROVE COMPROMISE
AND DISMISS JOINTLY ADMINISTERED
BANKRUPTCY CASES

JORDAN RAMIS PC
Attorneys at Law
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070 Fax: (503) 598-7373

53110-77700 4889-0571-5028.1

Case 19-31883-dwh11     Doc 675     Filed 03/01/23

# TENANCY IN COMMON AGREEMENT

DATED:    May 25, 2006

AMONG:    15005 NW Cornell LLC, an Oregon limited liability
company    ("15005 NW Cornell")

Cornell Rd LLC, an Oregon limited liability company    ("Cornell Rd")

Christiana LLC, an Oregon limited liability company    ("Christiana")

AND    Alexander LLC, an Oregon limited liability company    ("Alexander")

## RECITALS

15005 NW Cornell, Cornell Rd, Christiana and Alexander (each an "Owner" and collectively the "Owners") own the real property described in the attached Exhibit A (the "Property") as tenants in common. Each of the Owners is a single-member limited liability company. The Owners desire to enter into this Tenancy In Common Agreement (the "Agreement") to establish their respective rights and obligations with respect to the ownership and operation of the Property.

## AGREEMENTS

THEREFORE, in consideration of the foregoing and the mutual covenants set forth in this Agreement, the Owners agree as follows:

1.     Establishment of Tenancy in Common. The Owners' relationship with each other is as tenants in common as owners of the Property. The Owners are not partners or members of any entity in connection with their ownership of the Property and nothing in this Agreement shall be construed as establishing a partnership, joint venture, association taxable as a corporation, or any other entity. Title to the Property as a whole shall not be held by any entity and the Owners shall not conduct business under a common name. The co-ownership shall not file a partnership or corporate tax return or execute any agreement identifying any or all of the Owners as members of a business entity or otherwise hold itself out as a partnership or other form of business entity, nor shall the Owners do so.

2.     Ownership Interests. The percentage undivided interests of the Owners in the Property are as follows (the "Property Interests"):

| Owner | Percentage Interest |
|---|---|
| 15005 NW Cornell | 50.0000% |
| Cornell Rd | 23.8710% |
| Christiana | 13.0645% |
| Alexander | 13.0645% |

3. **Term.** The term of this Agreement shall commence on the date first set forth above and shall continue for so long as the original Owners or one or more permitted transferees own the Property as tenants in common.

4. **Costs; Capital Expenditures.**

a. **Costs.** Each Owner shall share in and pay all costs associated with the Property in proportion to its respective undivided interest in the Property. If additional funds are necessary to pay any costs, each Owner shall pay its share of the costs within 10 days after receiving a notice of the amount due.

b. **Capital Expenditures.** If capital improvements are required in connection with the Property, each Owner shall pay its share of the cost of the capital improvements in proportion to its respective undivided interest in the Property within 30 days after receiving a notice of the amount due.

c. **No Loans.** Neither the other Owners nor any Property manager or operator shall advance or loan funds to an Owner to meet costs or expenses associated with the Owner's Property Interest, unless the advance or loan is made on a recourse basis to the other Owner (or if the other Owner is a disregarded entity, to the owner of the Owner) and is not for a period exceeding 31 days.

5. **Profits and Losses.** Each Owner shall share in all profits and losses generated by the Property in proportion to its undivided interest in the Property. The Property manager (if any) shall distribute net revenues from the Property to the Owners from time to time, not to exceed three months from the date of receipt of those revenues. If the Property is sold, any mortgage or other blanket lien on the Property must be satisfied from the proceeds of the sale, and any remaining proceeds shall be distributed to the Owners in proportion to their undivided interests in the Property.

6. **Management.** The Owners shall manage and operate the Property based upon decisions of the Owners made pursuant to Section 12, but the activities of each Owner shall be limited to those customarily performed in connection with the maintenance and repair of rental real property. The Owners may from time to time engage a property manager or operator to perform the daily functions of managing and operating the Property. The management or operating agreement shall not be for a period of more than one year and shall be renewable. Except as otherwise unanimously agreed by the Owners, no Owner shall receive compensation for services performed by it in connection with the Property.

7. **Books and Records; Financial Statements.** The Owners shall keep, or cause to be kept by any Property manager, full and complete books and records with respect to the Property on a calendar year basis. Statements shall be prepared and delivered to each Owner by March 15 of the following year reporting all revenue and costs associated with the Property, including all information necessary for the Owners to prepare their respective tax returns. Each Owner shall have access to books and records maintained by a non-Owner at any reasonable time during normal business hours.

2

Exhibit 1
Page 2 of 7

8.      Encumbrances. Each Owner shall have the right to encumber its undivided interest in the Property without the approval of any person and shall discharge the obligation secured by the encumbrance in accordance with its terms.

9.      Right of Partition. Each Owner shall have the right to partition the Property; provided, however, no Owner shall file a suit to partition the Property without first offering the other Owners the right to buy the Owner's interest in the Property at fair market value, determined as provided in Section 11.

10.      Sale of Property Interest.

a.      Transfer Restrictions. Each Owner shall have the right to sell its undivided interest in the Property subject to Section 10(b).

b.      Right of First Refusal. If an Owner ("Selling Owner") desires to sell or transfer its Property Interest, the Selling Owner shall give written notice (the "Offering Notice") to the other Owners (the "Non-Selling Owners") specifying the nature of the transfer. The Offering Notice shall be deemed an offer by the Selling Owner to sell the Selling Owner's Property Interest to the Non-Selling Owners for cash at a price equal to the fair market value of the Selling Owner's undivided interest in the Property, determined as provided in Section 11. Each of the Non-Selling Owners may accept the Selling Owner's offer by written notice given to the Selling Owner within 30 days after receiving the Offering Notice. If less than all of the Non-Selling Owners elect to buy the Selling Owner's Property Interest, those electing to do so shall acquire the Selling Owner's Property Interest in proportion to their respective Property Interests. The Selling Owner and the Non-Selling Owners shall consummate the sale on the terms and conditions set forth in the Offering Notice on the date designated by the buyer(s) which shall be not more than 60 days after the later of the date they receive the Offering Notice or the date the price has been determined. If none of the Non-Selling Owners accept the offer, the Selling Owner may sell or transfer its Property Interest to a third party provided that: (i) the transfer shall be at a price equal to or greater than the fair market value of the Selling Owner's undivided interest in the Property determined as provided in Section 11; (ii) the transfer shall be completed within 60 days after the expiration of the 30 day period for acceptance by the Non Selling Owners; and (iii) the transferee shall execute a counterpart copy of this Agreement, pursuant to which the transferee agrees to be bound by the provisions of this Agreement. If the transfer is not completed within the 60 day period as required by the preceding sentence, the provisions of this Section 10(b) shall apply again and the Selling Owner must deliver a new Offering Notice to the other Owners before selling its Property Interest.

c.      Exempt Transfers. If an Owner is an entity, a transfer by that Owner of its Property Interest to an equity interest holder in that Owner shall be permitted without complying with Section 10(b). If an Owner is a natural person, a transfer by that person to a limited liability company of which the transferor is the only member shall be permitted without compliance with Section 10(b). This Section 10(c) shall be effective as to any exempt transfer only if the transferee executes a counterpart copy of this Agreement agreeing to be bound by this Agreement.

3

Exhibit 1
Page 3 of 7

d.   Void Transfers; Remedies. Any attempt by an Owner to transfer its Property Interest in violation of the provisions of this Section 10 shall be void and of no effect. If any Owner at any time attempts to transfer all or a portion of its Property Interest in violation of the provisions of this Section 10, the other Owners shall, in addition to all rights and remedies available at law or in equity, be entitled to a decree or order restraining and enjoining such transfer or encumbrance and the Owner attempting to make such transfer or encumbrance shall not plead in defense thereto that there is an adequate remedy at law. The Owners expressly agree that the injury and damage resulting from the breach could not be adequately compensated by monetary damages.

11.   Fair Market Value. If the parties involved cannot agree as to the fair market value of the Property or any Property Interest, then the fair market value shall be determined by appraisal in accordance with this Section 11. For purposes of the appraisal, the fair market value of an undivided interest in the Property is equal to the Owner's percentage interest in the Property multiplied by the fair market value of the Property as a whole. The appraisal shall be made by a qualified real estate broker or appraiser active in the sale or appraisal of property located in Washington County, Oregon. The appraiser shall be selected by the Selling Owner from a list of three qualified persons designated by the Non Selling Owners. The determination of the appraiser shall be conclusive and binding on the parties.

12.   Voting. The approval of all Owners shall be required for the hiring of any manager or operator of the Property, the sale or other disposition of the Property as a whole, any leases or operating agreements or the creation of a lien on the Property as a whole. For all other actions, the Owners shall be bound by the vote of those holding more than fifty percent (50%) of the undivided interests in the Property. If it is necessary to provide a Property manager with a power of attorney to take any action approved by the Owners pursuant to this Section, the Owners shall provide a power of attorney specific to the approved action and which shall not empower the manager to take any other action or make any other decision on behalf of the Owners.

13.   Termination. Any termination of this Agreement shall not affect the rights or obligations of each of the Owners that have accrued during or that are attributable to the period prior to the effective date of termination.

14.   General Provisions.

a.   Binding Effect. The provisions of this Agreement shall be binding upon and inure to the benefit of the Owners hereto and their respective heirs, personal representatives, administrators, successors and permitted assigns.

b.   Integration. This Agreement contains the entire agreement and understanding of the Owners with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements between them with respect to its subject matter.

c.   Waiver. Failure of any Owner at any time to require performance of any provision of this Agreement shall not limit such Owner's right to enforce such provision, nor shall any waiver of any breach of any provision of this Agreement

4

Exhibit 1
Page 4 of 7

Case 19-31883-dwh11    Doc 675    Filed 03/01/23

constitute a waiver of any succeeding breach of the provision or a waiver of the provision itself. No attempted or purported waiver of any provision of this Agreement shall be effective unless set forth in writing and signed by the Owners to be bound.

      d.     Attorneys' Fees. If a suit, action, arbitration, or other proceeding of any nature (including any proceeding under the U.S. Bankruptcy Code) is instituted in connection with any controversy arising out of this Agreement or to interpret or enforce any rights hereunder, the prevailing party shall be entitled to recover its attorneys' fees and all other fees, costs, and expenses incurred and reasonably necessary in connection therewith, as determined by the court at trial or on any appeal or review, in addition to all other amounts provided by law.

      e.     Counterparts. This Agreement may be executed in any number of counterparts, all of which together shall constitute one and the same agreement.

      f.     Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Oregon.

      g.     Amendment. This Agreement may be amended only by the mutual written consent of all the Owners.

      h.     Memorandum of Agreement. Upon request by any Owner, all of the Owners shall execute, acknowledge, and record against the Property a memorandum of this Agreement in order to give record notice of the existence hereof.

      i.     Notice. Any notice to be given to any Owner pursuant to this Agreement shall be in writing and delivered by certified mail, return receipt requested, overnight courier or personal delivery to the address for the Owner set forth below. Any Owner may designate a new address for notice by written notice thereof to the other Owners.

The Owners have executed this Agreement as of the date first set forth above.

*[signatures on following page]*

Exhibit 1
Page 5 of 7

Case 19-31883-dwh11   Doc 675   Filed 03/01/23

| 15005 NW Cornell LLC, an Oregon limited liability company | Cornell Rd LLC, an Oregon limited liability company |
|---|---|
| By: _~Vahan M. Dinihanian, Jr., Manager_ | By: _Lillian R. Logan, Manager_ |
| Christiana LLC, an Oregon limited liability company | Alexander LLC, an Oregon limited liability company |
| By: _Lillian R. Logan, Manager_ | By: _Lillian R. Logan, Manager_ |

As an exempt transferee from 15005 NW Cornell LLC, pursuant to paragraph 10. c. above, Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 01/01/11, agrees, but solely in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 01/01/11, to be bound by the terms of this Agreement.

_Tasha Teherani-Ami_
Tasha Teherani-Ami in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 01/01/11
January _1 5_, 2022.

6

Exhibit 1
Page 6 of 7

# EXHIBIT A
## TO
## TENANCY IN COMMON AGREEMENT

TRACT 1: Beginning at a point in the center of the County Road 1162.85 feet West and 869.11 feet South of the Northeast corner of Section 32 T1N, R1W W.M.; thence North 1485.4 feet; thence East 182.85 feet; thence South 655 feet; thence Easterly 661.8 feet; thence South 1100 feet to the center of the County Road; thence Northwesterly along the center of the County Road 173.5 feet; thence Northwesterly along the center of the County Road 240 feet; thence South-westerly along said County Road 551.35 feet to the point of beginning.

TRACT 2: Beginning in the center of the County Road 1748.41 feet West and 875.55 feet South of the Northeast corner of Section 32, T1N, R1W, W.M.; thence North 1490.7 feet; thence Easterly 585.56 feet; thence South 1485.4 feet to the center of the County Road; thence Westerly along the center of the County Road 585.56 feet to the point of beginning.

TRACT 3: A part of Section 32, T. 1 N., R. 1 W. of the W.M., more particularly described as follows: All that portion of the following described tract lying West of the West line of the Bonneville Transmission Line right-of-way: Beginning at the corner of Sections 28, 29, 32 ad 33, in T. 1 N., R. 1 W., W.M.; thence West 318.2 feet; thence South 1100 feet to the center of the County Road; thence Southeasterly along the center of the County Road 426.5 feet; thence Easterly 375.5 feet to a point 10 feet West of and 4 feet North of intersection of County Roads; thence North on County Road 1350 feet; thence West 422.5 feet to the place of beginning, containing 21.33 acres more or less, except 1.33 acres from Northeast corner for school purposes.

008030\00001\697443 V001

Exhibit 1
Page 7 of 7

| From: | Pahl, Douglas (POR) <DPahl@perkinscoie.com> |
|---|---|
| Sent: | Friday, October 28, 2022 3:50 PM |
| To: | Daniel L. Steinberg |
| Cc: | Melissa Pedersen; Lydia J. Paterson; Russell D. Garrett; Nicholas Henderson (NHenderson@portlaw.com) |
| Subject: | RE: Dismissal of Adversary |

Confirmed.  And we will.

Doug

**Douglas Pahl** | **Perkins Coie LLP**
PARTNER
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2087
F. +1.503.346.2087
E. DPahl@perkinscoie.com

---

**From:** Daniel L. Steinberg <Daniel.Steinberg@jordanramis.com>
**Sent:** Friday, October 28, 2022 3:49 PM
**To:** Pahl, Douglas (POR) <DPahl@perkinscoie.com>
**Cc:** Melissa Pedersen <Melissa.Pedersen@jordanramis.com>; Lydia J. Paterson <Lydia.Paterson@jordanramis.com>; Russell D. Garrett <Russell.Garrett@jordanramis.com>; Nicholas Henderson (NHenderson@portlaw.com) <NHenderson@portlaw.com>
**Subject:** Dismissal of Adversary

Doug,

As we discussed on the phone, the Logan parties have agreed to a dismissal of the pending adversary proceeding based on the following stipulations: 1.  the summary judgment ruling in the Logan Parties favor will be incorporated into the final judgment in the adversary; 2. The parties stipulate that the Logan Parties' attorney fee claim will be resolved through the claims process; and the remaining claims will be dismissed.

Please prepare a proposed stipulated final judgment with those provisions.

Thank you.


**Daniel L. Steinberg** | Attorney
Direct: (503) 598-5549

jordanramis.com  |  (888) 598-7070
Portland Metro  |  Bend  |  Vancouver WA



Exhibit 2
Page 1 of 2



**DISCLAIMER:** This e-mail is for the sole use of the intended recipient(s). It contains information that is confidential and/or legally privileged. If you believe that it has been sent to you in error, please notify the sender by reply e-mail and delete the message. Any disclosure, copying, distribution or use of this information by someone other than the intended recipient is prohibited.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

Exhibit 2
Page 2 of 2

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I electronically filed the

foregoing **DECLARATION OF DANIEL STEINBERG IN SUPPORT OF LOGAN**

**PARTIES' OBJECTION TO MOTION TO APPROVE COMPROMISE AND DISMISS**

**JOINTLY ADMINISTERED BANKRUPTCY CASES** with the Clerk of the Court using the

CM/ECF system which will send notification of such filing to the following:

Nicholas J. Henderson
Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Tel: (503) 417-0500
Email: nhenderson@portlaw.com
      Attorneys for Debtor and Debtor-in-
      Possession Vahan M. Dinihanian, Jr.

U.S. Trustee
US Trustee, Portland
620 SW Main Street, #213
Portland, OR 97205

Joseph A Field
Field Jerger LLP
621 SW Morrison St Ste 510
Portland OR 97205
Email: joe@fieldjerger.com,
jenny@fieldjerger.com

Douglas R. Pahl
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Tel: (503) 727-2000
Email: dpahl@perkinscoie.com
      Attorneys for Debtor and Debtor-in-
      Possession 15005 NW Cornell LLC

Stephen P Arnot
DOJ-UST
620 SW Main Street, Suite 213
Portland, OR 97205
Tel: (503) 326-4004
Email: steve.arnot@usdoj.gov
      Attorney for U.S. Trustee

Christopher N Coyle
Vanden Bos & Chapman LLP
319 SW Washington St Ste 520
Portland OR 97204
Email:chris@vbcattorneys.com,
ecfmail@vbcattorneys.com

JORDAN RAMIS PC
Attorneys at Law
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77700 4889-0571-5028.1

Eleanor A. DuBay
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, OR 97204
    Attorneys for Interested Party Tasha L.
    Teherani-Ami

Gregory J Miner
1610 SW College St
Portland OR 97201
Email: gminer@batemanseidel.com,
bsixberry@batemanseidel.com

Travis W Hall
Bateman Seidel et al
1000 SW Broadway Ste 1910
Portland OR 97205
Email: thall@batemanseidel.com,
bsixberry@batemanseidel.com

Bruce H Orr
Wyse Kadish LLP
900 SW Fifth Ave Ste 2000
Portland OR 97204
Email: bho@wysekadish.com,
sat@wysekadish.com;drw@wysekadish.com

Erich M Paetsch
Saalfeld Griggs PC
250 Church St SE Ste 200
PO Box 470
Salem OR 97308
Email epaetsch@sglaw.com, ktate@sglaw.com

Troy G Sexton
Motschenbacher & Blattner LLP
117 SW Taylor St Ste 300
Portland OR 97204
Email: tsexton@portlaw.com,

DATED: March 1, 2023.

/s/ Daniel L. Steinberg
Daniel L. Steinberg, OSB #993690
daniel.steinberg@jordanramis.com

JORDAN RAMIS PC
Attorneys at Law
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77700 4889-0571-5028.1